**Adam R.F. Gustafson**
Principal Deputy Assistant Attorney General

**Bradley Craigmyle**
Deputy Assistant Attorney General

**Mark Widerschein**
**Michelle Nkeng**
**Katharine Laubach**
Trial Attorneys
Natural Resources Section
Energy & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Mark.Widerschein@usdoj.gov
Michelle.Nkeng@usdoj.gov
Katharine.Laubach@usdoj.gov
(202) 532-5803 (Widerschein)
(202) 598-6660 (Nkeng)
(202) 353-5765 (Laubach)
*Counsel for the United States*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| In re: the General Adjudication of Rights to the Use of Water in the Snake River Basin Water System, Case No. 39576<br><br>**Subcase No. 34-10901** | Case No. 1:26-cv-00546<br><br>**UNITED STATES' NOTICE OF REMOVAL**<br><br>28 U.S.C. §§ 1442(a)(1) and 1446(B) |

TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO AND ALL PARTIES:

The United States of America, on its own behalf and on behalf of the Department of Energy ("DOE") and the Department of the Navy ("Navy"), hereby gives notice of the removal to this Court of a Motion for Declaratory Judgment in the above-captioned civil action pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446(b) from Idaho's Fifth Judicial District in and for the County

of Twin Falls, sitting as the Snake River Basin Adjudication ("SRBA") Court. The removed Motion was filed in Case No. 39576, Subcase No. 34-10901. The grounds for removal are set forth below.

<u>**UNITED STATES' GROUNDS FOR REMOVAL**</u>

**1. Introduction**

On July 24, 2026, the State of Idaho ("State") filed a motion for declaratory judgment ("Motion") in SRBA Subcase No. 34-10901. *See* Ex. 1 at 7-9. The Motion was filed pursuant to Idaho Rule of Civil Procedure 57 and Idaho's declaratory judgment statutes, I.C. §§ 10-1201–1217. The State's motion seeks "declaratory judgment that ground water right 34-10901 . . . is subject to administration by the Director of the Idaho Department of Water Resources in accordance with Idaho law, including, but not limited to, an order from the Director requiring DOE to either curtail diversions or provide mitigation[.]" Motion at 2. The State has not filed a complaint. Instead, it filed its Motion in a subcase to which it was never a party, and which closed twenty-three years ago. The order that the State seeks from the SRBA Court implicates issues of federal, rather than state, law, including federal sovereign immunity, the Supremacy Clause, and the Property Clause. The United States is therefore removing this case to defend itself in a federal forum.

Removal is appropriate, as the Motion constitutes a civil action as defined in Section 1442. Civil action includes "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." 28 U.S.C. § 1442(d)(1). The Motion seeks a judicial order directed to the United States, its agencies, and federal officers. The United States seeks only removal of the Motion, and not the completed proceedings in Subcase No. 34-10901, which were

ongoing between January 15, 1998, and June 20, 2003.

A motion that seeks a "judicial order" against a federal officer or agency constitutes a "civil action" and is thus removable under 28 U.S.C. § 1442(a). *See, e.g., In re Klamath Irrigation Dist.,* 69 F.4th 934, 937 (9th Cir. 2023) (denying writ of mandamus to remand United States' removal of motion for preliminary injunction); *Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1250 (9th Cir. 2017) (holding that a "motion to expunge [a] lien is a proceeding in which 'a judicial order . . . is sought,'" and therefore removable under 28 U.S.C. § 1442(a)(1)); *see also Hammer v. U.S. Dept. of Health & Human Servs*., 905 F.3d 517, 527-530 (7th Cir. 2018) (holding that a motion seeking declaratory relief against a federal agency in a state proceeding is removable).

Removal is also timely. Section 1446(b) sets a 30-day period "after the receipt by the defendant, through service or otherwise." The State filed and served the Motion on July 24, 2026. Accordingly, this notice of removal is due August 24, 2026.[1]

**2. Background**

The Motion concerns a water right appropriated under federal law by the United States, on behalf of the DOE, at the Idaho National Laboratory ("INL"). The United States and the State entered a Water Rights Agreement in 1990 agreeing to the elements of the water right. *See* Ex. 3. The water right authorizes the annual use of 35,000 acre-feet of groundwater, with a priority of April 7, 1950. *Id.* at 7. The Water Rights Agreement was lodged with the Idaho Department of Water Resources ("IDWR") and the SRBA Court on July 26, 1990, in lieu of an adjudication claim. *See* Ex. 4 at 1 (Order of Partial Decree). No objections were filed. *Id.* A partial decree was

[1] The deadline would be Sunday, August 23, 2026. By operation of Federal Rule of Civil Procedure 6(a)(1)(C), it continues to run until August 24, 2026.

issued on January 15, 1998 (*nunc pro tunc* from June 20, 2003). *Id.* at 1-2. The partial decree and Water Rights Agreement were then incorporated into the SRBA Final Unified Decree on August 26, 2014. *See* Ex. 5 at 10-11 (SRBA Final Unified Decree).

The Water Rights Agreement specifically reserved the question of what entity has the authority to administer the water right, if any, for future litigation, in a court to be determined. It states:

> 6.1. Administration. The parties are unable to agree upon whether the issue of administration is ripe or otherwise appropriate for decision in the SRBA, and if so, whether and to what extent the Director has authority to administer federal water rights. Accordingly, this Agreement does not address this issue except as expressly provided in Article 6.2. Each party reserves the right to litigate the issue of administration, if and when the need arises.

Ex. 3 at 8. The DOE water right was never subject to priority administration, until 2026.[2] On May 14, 2026, the Director of IDWR entered a Final Order Curtailing Ground Water Rights Junior to October 11, 1900. *See* Ex. 6. DOE's water right was included on the list of water rights to be curtailed to zero. *Id.*, Attach. A, at 20.

On May 28, 2026, DOE filed a Petition for Reconsideration and Request for Hearing regarding the Director's Order asserting (among other things) that the Director, as a state regulator, lacks the authority to regulate DOE's water use. DOE amended the Petition for Reconsideration on June 3, 2026, to correct certain technical errors. *See* Ex. 7 (Petition, as amended). IDWR did not act on the petition, which was deemed denied by operation of state law. On July 24, 2026, IDWR entered an Order Rescinding 2026 Curtailment of DOE Water Right 34-10901 and an Order Denying Request for Hearing. *See* Ex. 8. The rescission order

---

[2] Under IDWR's methodology, DOE's water right should have been curtailed in 2025. On July 25, 2025, the Director of IDWR entered a Final Order Curtailing Ground Water Rights Junior to October 11, 1900. DOE's water right is junior to October 11, 1900. However, it was not included in IDWR's list of rights to be curtailed. IDWR has never explained the discrepancy.

provides that DOE's water right was no longer subject to curtailment, as DOE had joined a mitigation district for water year 2026. *Id.* at 1. It further asserts that DOE's arguments in its petition "are more appropriately raised before the SRBA District Court." *Id.* at 3. On the same day, the State filed the Motion subject to the instant Notice of Removal.

The SRBA Court has set a schedule whereby the United States' response is due September 15, 2026, the State's reply is due October 15, 2026, and a hearing on the Motion will be held November 17, 2026. *See* Ex. 2.

**3. Reasons for Removal**

The federal officer removal statute is "an incident of federal supremacy." *Willingham v. Morgan*, 395 U.S. 402, 405 (1969). The statute's purpose is to protect the United States from state court interference with federal operations. *Watson v. Philip Morris Cos*., 551 U.S. 142, 150 (2007). To this end, the statute aims to protect against a state court that might "administer not only the laws of the State, but equally Federal law, in such a manner as to paralyze the operations of the government." *Tennessee v. Davis*, 100 U.S. 257, 263 (1879).

While the general removal statute is construed narrowly, the federal officer removal statute must be "liberally construed to give full effect to the purposes for which they were enacted." *Colorado v. Symes*, 286 U.S. 510, 517 (1932); *see also In re Commonwealth's Motion to Appoint Counsel*, 790 F.3d 457, 466–67 (3d Cir. 2015) (must "be broadly construed in favor of a federal forum") (internal citation omitted)). The Supreme Court confirmed this rule of construction earlier this year, when it broadly construed Section 1442(a)(1)'s phrase "relating to" in favor of removing state court lawsuits against energy companies for crude oil production during World War II. *Chevron USA Inc. v. Plaquemines Parish, La*., 146 S. Ct. 1052, 1060–62 (2026). This Court's inquiry is whether the United States is "threatened," one way or another,

"with the state's coercive power." *Nationwide Invs. v. Miller*, 793 F.2d 1044, 1046 (9th Cir. 1986). And where, as here, "the essential nature and effect of the proceeding" is to "interfere with the public administration," then the suit is against the sovereign for purposes of the federal officer removal statute. *Land v. Dollar*, 330 U.S. 731, 738 (1947) (internal quotations omitted).

*The Motion is directed to the United States.* The State does not hide that the Motion is "directed to" the United States. It seeks an order confirming that the United States and its agencies must comply with "an order from the Director requiring DOE to either curtail diversions or provide mitigation." Ex. 1 at 2. And it seeks declaratory judgment – which is uncontestably a proceeding in which "a judicial order . . . is sought or issued." 28 U.S.C. § 1442(d)(1). Accordingly, the Motion is properly removed to this Court pursuant to 28 U.S.C. § 1442(a)(1).

*The United States has strong federal law arguments.* The Motion implicates federal law, and this reinforces that the Motion is properly removed. In response to the State's Motion, the United States will assert its federal sovereign immunity and the Supremacy Clause of the United States Constitution. It is black-letter constitutional law that the United States Constitution and federal laws "shall be the supreme Law of the Land." U.S. Const. art. VI, cl. 2. As the Supreme Court has explained, "[t]he Constitution guarantees 'the entire independence of the General Government from any control by the respective states.'" *Trump v. Vance*, 591 U.S. 786, 800 (2020) (quoting *Farmers and Mechanics Sav. Bank of Minneapolis v. Minnesota*, 232 U.S. 516, 521 (1914)). "It is well settled that the activities of federal installations are shielded by the Supremacy Clause from direct state regulation unless Congress provides clear and unambiguous authorization for such regulation." *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 176 (1988) (internal quotation omitted). Congress has not provided a clear and unambiguous authorization

for IDWR to administratively curtail or otherwise attempt to manage water rights held by the United States through administrative orders. Instead, Congress waived sovereign immunity for "any *suit* (1) for the adjudication of rights to the use of water of a river system or other source, or (2) for the administration of such rights." 43 U.S.C. § 666 (emphasis added). An administrative proceeding before a state agency is not such a suit – nor is this Motion. *See United States v. Oregon*., 44 F.3d 758, 767 (9th Cir. 1994). Accordingly, this matter belongs in federal, rather than state, court.[3]

**<u>THE UNITED STATES HAS MET ALL PROCEDURAL REQUIREMENTS FOR REMOVAL</u>**

1. **Removal to this Court is proper.** Because the Motion was filed in Idaho's Fifth Judicial District, removal is proper to this Court, which encompasses the location in which the Motion was initially pending in state court. *See* 28 U.S.C. § 1442(a).

2. **Notice is being provided.** Pursuant to 28 U.S.C. § 1446(d), the United States will promptly provide written notice to the State and file a copy of this Notice with the clerk of the SRBA Court.

3. **All required filings are attached.** Pursuant to 28 U.S.C. § 1446(a), copies of all state court filings associated with the Motion are attached as Exhibit 1. All orders of the SRBA Court

[3] In *Mesa v. California*, 489 U.S. 121 (1989), the Supreme Court read a colorable-federal-defense requirement into Section 1442. That requirement does not apply when the United States or its agencies are themselves removing an action. *See, e.g.*, *City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 389 (6th Cir. 2007) (explaining that "the text and legislative history of § 1442(a)(1) demonstrate that any federal agency sued can always remove under § 1442(a)(1) because the 'sued' clause in that provision applies only to federal officers"); *Jax Leasing, LLC v. Xiulu Ruan*, 359 F. Supp. 3d 1129, 1135 (S.D. Ala. 2019) (reasoning that "the colorable-federal-defense requirement is tied to the act-under-color-of-such-office requirement," and that, since the "latter requirement" does not apply "to the United States and its agencies," "neither applies"). Regardless, the arguments we just described would easily satisfy this requirement.

and the Register of Actions are attached as Exhibit 2. *See* Local Rule Civ 81.1(a)(1).

4. **Reservation of rights.** The United States reserves the right to amend or supplement this Notice of Removal.

* * *

Respectfully submitted this 24th day of August, 2026,

Adam R.F. Gustafson
Principal Deputy Assistant Attorney General

Bradley Craigmyle
Deputy Assistant Attorney General

***/s/ Mark Widerschein***
Mark Widerschein
Michelle Nkeng
Katharine Laubach
Trial Attorneys
Natural Resources Section
Energy & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
*Counsel for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing was made through the Court's electronic filing and notice system (CM/ECF), with courtesy copies to the addresses identified below.

Dated: August 24, 2026

***/s/ Mark Widerschein***
Mark Widerschein, Trial Attorney

**Copies Via U.S. Mail and E-Mail:**

Joy M. Vega
Deputy Attorney General
Chief, Energy and Natural Resources Division
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Joy.Vega@ag.idaho.gov

Michael C. Orr
Deputy Attorney General
Energy and Natural Resources Division
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Michael.Orr@ag.idaho.gov