DISTRICT COURT - SRBA
Fifth Judicial District
County of Twin Falls - State of Idaho

JUL 24 2026

By ______________________
Clerk
______________________
Deputy Clerk

RAÚL R. LABRADOR
ATTORNEY GENERAL

JOY M. VEGA, ISB No. 7887
Deputy Attorney General
Chief, Energy and Natural Resources Division

MICHAEL C. ORR, ISB No. 6720
Deputy Attorney General
Energy and Natural Resources Division
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8072
Email: joy.vega@ag.idaho.gov
michael.orr@ag.idaho.gov

*Attorneys for the State of Idaho*

**IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS**

| | |
|---|---|
| IN RE: SRBA<br><br>Case No. 39576 | **Subcase No. 34-10901**<br><br>**NOTICE OF APPEARANCE OF MICHAEL C. ORR** |

NOTICE IS HEREBY GIVEN that Michael C. Orr, Deputy Attorney General, Energy and Natural Resources Division, Office of the Attorney General of the State of Idaho, enters appearance as counsel of record for the State of Idaho in the above-

captioned matter. All filings and correspondence should be delivered to Mr. Orr at the address above:

Michael C. Orr
Deputy Attorney General
Energy and Natural Resources Division
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8072
Email: michael.orr@ag.idaho.gov

Respectfully submitted this 24th day of July, 2026.

MICHAEL C. ORR
Deputy Attorney General
Energy and Natural Resources Division
Office of the Attorney General
State of Idaho

*Attorney for the State of Idaho*

## CERTIFICATE OF FILING & SERVICE

The undersigned hereby certifies that on July 24, 2026, the original of foregoing was filed with the Court, and copies and served on the parties, by the methods indicated below:

1. ORIGINAL – filed by hand:

   Clerk of the Court
   Snake River Basin Adjudication
   253 Third Avenue North
   P.O. Box
   Twin Falls, ID 83303-2707

2. COPIES – served by U.S. mail:

   a. United States of America
      Department of Energy
      785 DOE Place
      Idaho Falls, ID 83402

   b. United States Department of Justice
      Environment and Natural Resources Division
      P.O. Box 7611
      Ben Franklin Station
      Washington, D.C. 20044-7611

   c. Tanner F. Crowther
      Chief Counsel
      Office of the Chief Counsel
      U.S. Department of Energy – Idaho Operations Office
      1955 Fremont Ave.
      Idaho Falls, ID 83402
      Mailstop 1209
      *Additional copy sent via email to:* crowthtf@id.doe.gov

   d. IDWR Document Depository
      P.O. Box 83720
      Boise, ID 83720-0098

Michael C. Orr
Deputy Attorney General
Energy and Natural Resources Division
Office of the Attorney General, State of Idaho

DISTRICT COURT - SRBA
Fifth Judicial District
County of Twin Falls - State of Idaho

JUL 24 2026

By ______________________ Clerk
______________________ Deputy Clerk

RAÚL R. LABRADOR
ATTORNEY GENERAL

JOY M. VEGA, ISB No. 7887
Deputy Attorney General
Chief, Energy and Natural Resources Division

MICHAEL C. ORR, ISB No. 6720
Deputy Attorney General
Energy and Natural Resources Division
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8072
Email: joy.vega@ag.idaho.gov
michael.orr@ag.idaho.gov

*Attorneys for the State of Idaho*

**IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS**

| | |
|---|---|
| IN RE: SRBA<br><br>Case No. 39576 | **Subcase No. 34-10901**<br><br>**NOTICE OF APPEARANCE OF JOY M. VEGA** |

NOTICE IS HEREBY GIVEN that Joy M. Vega, Deputy Attorney General, Chief of the Energy and Natural Resources Division, Office of the Attorney General of the State of Idaho, enters appearance as counsel of record for the State of Idaho in

the above-captioned matter. All filings and correspondence should be delivered to Ms. Vega at the address above:

Joy M. Vega
Deputy Attorney General
Chief, Energy and Natural Resources Division
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8072
Email: joy.vega@ag.idaho.gov

Respectfully submitted this 24th day of July, 2026.

FOR

JOY M. VEGA
Deputy Attorney General
Chief, Energy and Natural Resources Division
Office of the Attorney General
State of Idaho

*Attorney for the State of Idaho*

## CERTIFICATE OF FILING & SERVICE

The undersigned hereby certifies that on July 24, 2026, the original of foregoing was filed with the Court, and copies and served on the parties, by the methods indicated below:

1. ORIGINAL – filed by hand:

   Clerk of the Court
   Snake River Basin Adjudication
   253 Third Avenue North
   P.O. Box
   Twin Falls, ID 83303-2707

2. COPIES – served by U.S. mail:

   a. United States of America
      Department of Energy
      785 DOE Place
      Idaho Falls, ID 83402

   b. United States Department of Justice
      Environment and Natural Resources Division
      P.O. Box 7611
      Ben Franklin Station
      Washington, D.C. 20044-7611

   c. Tanner F. Crowther
      Chief Counsel
      Office of the Chief Counsel
      U.S. Department of Energy – Idaho Operations Office
      1955 Fremont Ave.
      Idaho Falls, ID 83402
      Mailstop 1209
      *Additional copy sent via email to:* crowthtf@id.doe.gov

   d. IDWR Document Depository
      P.O. Box 83720
      Boise, ID 83720-0098

Michael C. Orr
Deputy Attorney General
Energy and Natural Resources Division
Office of the Attorney General, State of Idaho

DISTRICT COURT - SRBA
Fifth Judicial District
County of Twin Falls - State of Idaho

JUL 24 2026

By ______________ Clerk
______________ Deputy Clerk

RAÚL R. LABRADOR
ATTORNEY GENERAL

JOY M. VEGA, ISB No. 7887
Deputy Attorney General
Chief, Energy and Natural Resources Division

MICHAEL C. ORR, ISB No. 6720
Deputy Attorney General
Energy and Natural Resources Division
700 W. State St, 2nd Floor
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8072
Email: joy.vega@ag.idaho.gov
michael.orr@ag.idaho.gov

*Attorneys for the State of Idaho*

**IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS**

| | |
|---|---|
| IN RE: SRBA<br><br>Case No. 39576 | **Subcase No. 34-10901**<br>(Fee Exempt: Idaho Code § 67-2301)<br><br>**STATE OF IDAHO'S MOTION FOR DECLARATORY JUDGMENT RE ADMINISTRATION OF WATER RIGHT 34-10901** |

The State of Idaho ("State"), by and through its counsel of record, and pursuant to Snake River Basin Adjudication Administrative Order 1 §§ 1 & 6, Rules 7(b) and

57(a) of the Idaho Rules of Civil Procedure, and Idaho Code §§ 10-1201—10-1217, hereby moves this Court for declaratory judgment that ground water right 34-10901, which this Court decreed in this proceeding in the name of the United States of America, Department of Energy ("DOE"), is subject to administration by the Director of the Idaho Department of Water Resources in accordance with Idaho law, including, but not limited to, an order from the Director requiring DOE to either curtail diversions or provide mitigation as necessary to prevent or remedy material injury to decreed senior-priority water rights.

This motion is supported by the *Declaration of Counsel in Support of the State of Idaho's Motion for Declaratory Judgment re Administration of Water Right 34-10901* and the *Memorandum in Support of State of Idaho's Motion for Declaratory Judgment re Administration of Water Right 34-10901*, filed herewith. The State requests that this Court set this motion for briefing and hearing in accordance with "Docket Sheet Procedure," Administrative Order 1 § 6.

Respectfully submitted this 24th day of July, 2026.

RAÚL R. LABRADOR
ATTORNEY GENERAL

Michael C. Orr

JOY M. VEGA
MICHAEL C. ORR
Deputy Attorneys General,
Office of the Attorney General,
Energy and Natural Resources Division

*Attorneys for the State of Idaho*

## CERTIFICATE OF FILING & SERVICE

The undersigned hereby certifies that on July 24, 2026, the original of foregoing was filed with the Court, and copies and served on the parties, by the methods indicated below:

1. ORIGINAL – filed by hand:

   Clerk of the Court
   Snake River Basin Adjudication
   253 Third Avenue North
   P.O. Box
   Twin Falls, ID 83303-2707

2. COPIES – served by U.S. mail:

   a. United States of America
      Department of Energy
      785 DOE Place
      Idaho Falls, ID 83402

   b. United States Department of Justice
      Environment and Natural Resources Division
      P.O. Box 7611
      Ben Franklin Station
      Washington, D.C. 20044-7611

   c. Tanner F. Crowther
      Chief Counsel
      Office of the Chief Counsel
      U.S. Department of Energy – Idaho Operations Office
      1955 Fremont Ave.
      Idaho Falls, ID 83402
      Mailstop 1209
      *Additional copy sent via email to:* crowthtf@id.doe.gov

   d. IDWR Document Depository
      P.O. Box 83720
      Boise, ID 83720-0098

Michael C. Orr
Deputy Attorney General
Energy and Natural Resources Division
Office of the Attorney General, State of Idaho

DISTRICT COURT - SRBA
Fifth Judicial District
County of Twin Falls - State of Idaho

JUL 24 2026

By ______________ Clerk
______________ Deputy Clerk

RAÚL R. LABRADOR
ATTORNEY GENERAL

JOY M. VEGA, ISB No. 7887
Deputy Attorney General
Chief, Energy and Natural Resources Division

MICHAEL C. ORR, ISB No. 6720
Deputy Attorney General
Energy and Natural Resources Division
700 W. State St, 2nd Floor
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8072
Email: joy.vega@ag.idaho.gov
michael.orr@ag.idaho.gov

*Attorneys for the State of Idaho*

**IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS**

| | |
|---|---|
| IN RE: SRBA<br><br>Case No. 39576 | **Subcase No. 34-10901**<br><br>**MEMORANDUM IN SUPPORT OF STATE OF IDAHO'S MOTION FOR DECLARATORY JUDGMENT RE ADMINISTRATION OF WATER RIGHT 34-10901** |

The State of Idaho ("State"), by and through its counsel of record, and pursuant to Snake River Basin Adjudication ("SRBA") Administrative Order 1 §§ 1 & 6, Rules

7(b) and 57(a) of the Idaho Rules of Civil Procedure, and Idaho Code §§ 10-1201—10-1217, hereby submits this memorandum in support of the State of Idaho's Motion for Declaratory Judgment re Administration of Water Right 34-10901 ("*Motion*"), filed herewith. For the reasons discussed herein, this Court should grant the *Motion* and issue an order declaring that decreed ground water right 34-10901 is subject to administration by the Director of the Idaho Department of Water Resources ("Director") in accordance with Idaho law, including, but not limited to, an order from the Director requiring the United States Department of Energy ("DOE") to either curtail diversions or provide mitigation as necessary to prevent or remedy material injury to decreed senior-priority water rights.

## INTRODUCTION

Water right 34-10901 is a federal reserved water right for ground water use at the DOE's Idaho National Laboratory ("INL") in southeastern Idaho. In 2003, this Court decreed water right 34-10901 in the name of the DOE, with a priority date of April 7, 1950, Exhibit A ("*Partial Decree*"),[1] pursuant to the 1990 "Water Rights Agreement" between the State and the DOE ("Agreement"). Exhibit B.[2] In the Agreement, the parties stipulated they were "unable to agree upon whether the issue of administration is ripe or otherwise appropriate for decision in the SRBA," and if so, "whether and to what extent the Director has authority to administer federal

[1] Exhibit A is a copy of the *Partial Decree Pursuant to I.R.C.P. 54(b) for Water Right 34-10901* (Jun. 20, 2003) ("*Partial Decree*"), and is attached to the *Declaration of Counsel in Support of the State of Idaho's Motion for Declaratory Judgment re Administration of Water Right 34-10901* (*Counsel Dec.*"), filed herewith. All exhibits cited in this memorandum are attached to the *Counsel Dec.* Page citations are to the internal pagination of the cited Exhibit.

[2] Exhibit B to the *Counsel Dec.* is a copy of the body of the Agreement.

water rights." *Id.* at 8 ¶ 6.1. Each of the parties "reserve[d] the right to litigate the issue of administration, if and when the need arises." *Id.*

The reserved issue of the Director's authority to administer DOE's water right under Idaho law is now "ripe" and the "need" to litigate it has arisen. *Id.*

The DOE has challenged and refused to accept the Director's authority to administer water right 34-10901 ("DOE's water right") according to its decreed priority in the Surface Water Coalition delivery call proceedings pending before the Idaho Department of Water Resources ("IDWR"). The DOE's challenge to the Director's authority is appropriate for decision in the SRBA and should be addressed by this Court because: (1) the *Partial Decree* reserved this question for future litigation; and (2) it falls within this Court's retained jurisdiction over SRBA proceedings "related" to the *Final Unified Decree*.

The State views the DOE's arguments as a grave threat to the finality of the *Final Unified Decree* and the State's sovereign authority to apply its own legal code and procedures for the administration of water rights. *See United States v. United States Bd. of Water Commissioners*, 893 F.3d 578, 595 (9th Cir. 2018) ("there is no federal water law. Fundamental principles of federalism vest control of water rights in the states"); *California v. United States*, 438 U.S. 645, 653 (1978) (referring to "the consistent thread of purposeful and continued deference to state water law by Congress"). Under both State and federal law, the Director is authorized to administer the DOE's water right according to its decreed priority, and this Court should grant the State's *Motion*.

## BACKGROUND

### I. THE SRBA PROCEEDINGS.

The SRBA commenced in 1987 pursuant to a "Petition" the State filed in this Court. *In Re SRBA Case No. 39576, Subcase No. 37-00864*, 164 Idaho 241, 244, 429 P.3d 129, 132 (2018).[3] The Petition requested an order commencing a general adjudication to determine all water rights in the Snake River Basin, and to also make "*all determinations necessary and proper for the administration of the water rights determined in the general adjudication.*" Exhibit C at 13 (italics added); *see also* Exhibit E at 1 ("*Final Unified Decree*") (same).[4] The *Final Unified Decree* conclusively determined that the SRBA is "a general stream adjudication" of all water rights "arising under state *or federal* law" for use of surface and ground waters of the Snake River Basin, "*and for the administration of such rights.*" Exhibit E at 6 (italics added).

The State's Petition and this Court's Commencement Order specifically identified "the United States" as one of the "Defendants," Exhibit C at 1; Exhibit D at 1,[5] and the United States was joined to the SRBA as a party pursuant to 43 U.S.C. § 666, the "McCarran Amendment." Exhibit E at 4, 7. As this Court is aware, the United States filed SRBA claims for many thousands of water rights and filed thousands of "objections" and "responses" to water right claims filed by others. The

---

[3] Excerpted pages of the State's "Petition" and this Court's "Commencement Order" are attached to the *Counsel Dec.* as Exhibit C and Exhibit D.

[4] Exhibit E to the *Counsel Dec.* is a copy the *Final Unified Decree* that this Court issued in 2014, excluding the voluminous "Attachments."

[5] The SRBA is an "in rem" action, *United States v. Black Canyon Irrigation Dist.*, 163 Idaho 54, 60–61, 408 P.3d 52, 58–59 (2017), and "all claimants" of water rights in the Snake River Basin water system are "defendants." Exhibit D at 1.

United States has been decreed thousands of water rights in the SRBA, some based on state law and some on federal law ("federal reserved rights"), and has been an active participant in many important SRBA proceedings.[6]

In 1990, the State and DOE submitted the Agreement to this Court "in lieu" of requiring DOE to file a "notice of claim" for a federal reserved right at INL, as then authorized under Idaho Code § 42-1409(3).[7] Exhibit B at 1 ¶ 1.2. The Agreement set forth the agreed-upon "elements" of the DOE's water right. *Id.* at 1, 7-8. With respect to "Administration" of the DOE water right, however, the State and DOE were "unable to agree upon whether the issue of administration is ripe or otherwise appropriate for decision in the SRBA, and if so, whether and to what extent the Director has authority to administer federal water rights." *Id.* at 8. The Agreement specifically "d[id] not address this issue," and each party "reserve[d] the right to litigate the issue of administration, if and when the need arises." *Id.*; *see also id.* at 14 ¶ 9.7.6 ("Nothing in the Agreement shall be construed or interpreted ... To limit in any way the rights of the parties or any person to litigate any issue or question not resolved by this Agreement.").

In 2003, this Court entered a partial decree *nunc pro tunc* defining the elements of DOE's water right consistent with the Agreement. Exhibit A. The "Other Provisions" section of the *Partial Decree* states "[t]his water right is a federal reserved

---

[6] Including, but not limited to, SRBA proceedings on the United States' claims for federal reserved water rights. *See, e.g., In Re SRBA Case No. 39576, United States v. State*, 131 Idaho 468, 959 P.2d 499 (1998); *In Re SRBA Case No. 39576, Potlatch Corp. v. United States*, 134 Idaho 916, 12 P.3d 1260 (2000); *In Re SRBA Case No. 39576, State v. United States*, 134 Idaho 940, 12 P.3d 1284 (2000).

[7] This statute was amended in 1994 and no longer authorizes such agreements. 1994 Idaho Sess. L. 1459.

water right" that "incorporates and is subject to the terms of the [Agreement]." *Id.* In 2014, this Court incorporated the *Partial Decree* into the *Final Unified Decree* and included the Agreement in "Attachment 4." Exhibit E at 10 ¶ 2; *id* at 13 ¶ 15). This Court also expressly "retain[ed] jurisdiction of this proceeding to ... resolve any issues related to the Final Unified Decree that are not reviewable under the Idaho Administrative Procedures Act and/or the rules of the Idaho Department of Water Resources[.]" *Id.* at 13 ¶ 17.

## II. THE DELIVERY CALL PROCEEDINGS.

In 2005, the Surface Water Coalition ("SWC")[8] filed a "delivery call" under IDWR's "Rules for Conjunctive Management of Surface and Ground Water Resources," IDAPA 37.03.11.000-.050 ("CM Rules"), seeking curtailment of junior-priority ground water rights diverting from the Eastern Snake Plain Aquifer ("ESPA"). *In the Matter of Distribution of Water to Various Water Rts. Held By or For Ben. of A & B Irrigation Dist., et al.*, 155 Idaho 640, 643, 315 P.3d 828, 831 (2013).[9] Since then, the Director has regularly issued orders in the delivery call proceedings that quantify material injury to the senior-priority surface water rights held by the members of SWC. The Director has also frequently issued curtailment orders requiring holders of the junior-priority ground water rights causing material injury

---

[8] The SWC is comprised of A&B Irrigation District, American Falls Reservoir District #2, Burley Irrigation District, Milner Irrigation District, Minidoka Irrigation District, North Side Canal Company, and Twin Falls Canal Company.

[9] The SWC's delivery call is pending before the Director of IDWR under IDWR Docket No. CM-DC-2010-001. Copies of the Director's orders and the parties' filings in the SWC delivery call proceedings are available to the public on IDWR's website, https://idwr.idaho.gov/delivery-call-action/swc-2010/. This Court may take judicial notice of these orders and filings. I.R.C.P. 44(a); I.R.E. 201(b)-(c).

to either curtail their diversions or provide mitigation.

Holders of both senior-priority surface water rights and junior-priority ground water rights have often sought administrative hearings before IDWR on the Director's orders, and often challenged them in judicial review proceedings in this Court, several of which have been appealed to the Idaho Supreme Court. Some of this Court's and the Idaho Supreme Court's most consequential water law decisions have been issued in these judicial review proceedings and appeals. *See, e.g., In the Matter of Distribution of Water to Various Water Rts.*, 155 Idaho at 650, 315 P.3d at 838 ("This case illustrates the tension between the first in time and beneficial use aspects of the prior appropriation doctrine."). While the DOE has had many opportunities over the past twenty years to participate in the administrative contested cases and judicial review proceedings challenging the Director's orders in the SWC delivery call, it has never done so.

This spring, the Director issued an order that predicted the SWC's senior-priority surface water rights would suffer a shortfall of 181,600 acre-feet due to diversions by junior-priority ground water rights. Exhibit F at 4-5.[10] The order also determined that addressing this injury would require holders of consumptive water rights with priority dates junior to October 11, 1900, to either provide mitigation to the SWC or curtail their diversions. *Id.* at 5-7. The DOE did not challenge or request a hearing on this order. The DOE also did not request a hearing on the Director's

[10] Exhibit F to the *Counsel Dec.* is a copy of the Director's *Final Order Regarding April 2026 Forecast Supply (Methodology Steps 1-3)* (IDWR Docket no. CM-DC-2010-001) (Apr. 16. 2026).

earlier order adopting the overall "methodology" used to determine which junior ground water rights must be curtailed, although other junior-priority ground water right holders did. Exhibit G at 1 n.1.[11]

On May 14th, the Director ordered the holders of ground water rights junior to October 11, 1900—including the DOE—to "curtail/refrain from diversion and use of ground water" under those rights, unless they were covered by an approved mitigation plan. Exhibit G at 3-4 & Attachment A at 20 of 21 ("*May Curtailment Order*"). The Director provided a fifteen-day grace period to holders of certain junior ground water rights that had not previously been curtailed—including the DOE—so they could join an existing mitigation plan and avoid curtailment. *Id.* at 4.

## III. THE DEPARTMENT OF ENERGY'S "PETITION."

The DOE responded to the *May Curtailment Order* on May 28th by filing a "Petition for Reconsideration and Request for Hearing" with IDWR, and filed an amended petition a few days later, on June 3rd. Exhibit H ("*Amended DOE Petition*").[12] The *Amended DOE Petition* asserted DOE was making a "special appearance" in the SWC delivery call proceeding "for the limited purpose of contesting IDWR's ability to exercise jurisdiction over DOE," but was also "seeking reconsideration" of the *May Curtailment Order* pursuant to Idaho Code § 67-5264(4)

---

[11] Exhibit G to the *Counsel Dec.* is a copy of the Director's *Final Order Curtailing Ground Water Rights Junior to October 11, 1900* (IDWR Docket no. CM-DC-2010-001) (May 14, 2026) ("*May Curtailment Order*").

[12] Exhibit H to the *Counsel Dec.* is a copy of the *Amended DOE Petition*, excluding its "exhibits." Two of the three "exhibits" (the Agreement and the *Final Unified Decree*) are already part of the SRBA record and are separately attached to the *Counsel Dec.*, as Exhibit B and Exhibit E. The third DOE "exhibit" is a copy of the Director's curtailment order of July 25, 2025, which is available for viewing on IDWR's website. https://idwr.idaho.gov/delivery-call-action/swc-2010/.

and IDWR's Rules of Procedure. Exhibit H at 1.

The DOE conceded it was properly joined to the SRBA under the McCarran Amendment, 43 U.S.C. § 666, and that the *Final Unified Decree* is valid. Exhibit H at 7. The DOE nonetheless asserted IDWR has no authority to curtail the DOE's decreed water right, because the Agreement "does not confer upon [IDWR] any right to curtail or otherwise administer DOE's adjudicated water rights." *Id.* at 2. The DOE further asserted that the Agreement—not the *Partial Decree*—is the "conclusive" definition of the DOE's water right, *id.* at 2-9, and of "paramount importance" in determining any question of the nature, extent, and administration of the DOE's water right. *Id.* at 8.

The DOE argued that IDWR's administration of decreed water rights falls outside the McCarran Amendment's waiver of sovereign immunity, because it only applies to "suits," while "the delivery call process is purely administrative and not an integrated 'suit.'" Exhibit H at 4-5. The DOE asserted the United States' waiver of sovereign immunity in the SRBA under the McCarran Amendment does not include consent "to routine state curtailment or administration" of the United States' decreed water rights, *id.* at 5, and IDWR's administrative authority "yields in this instance to the United States' sovereign immunity[.]" *Id.* at 8.

Despite asserting it was only making a "special appearance" in the SWC's delivery call proceeding for the "limited" purpose of disputing IDWR's "jurisdiction" to administer the DOE's water right, Exhibit H at 1, the DOE also disputed the substance of the *May Curtailment Order*. *Id.* at 9-16. The substance of that order is

not at issue here, however. The State's *Motion* does not address or put at issue the DOE's substantive challenges to the *May Curtailment Order*.[13]

The DOE informed IDWR on July 14 that it had "voluntarily elected" to join the Big Lost River Ground Water District for purposes of mitigation "only for the 2026 water year." Exhibit I.[14] The DOE "expressly preserve[d]" its legal positions and arguments "related to federal reserved water rights, sovereign immunity, federal preemption, and the limits of state administrative authority." The DOE also emphasized it "ha[d] not withdrawn its petition" and specifically retained its ability "to challenge IDWR curtailment authority in any forum." *Id.*

On July 24, the Director rescinded the *May Curtailment Order* to the extent it applied to the DOE's water right because the DOE had joined the Big Lost River Ground Water District for purposes of mitigation during the 2026 water year. Exhibit J at 3.[15] The Director also determined the DOE's request for reconsideration of the *May Curtailment Order* had been denied by operation of law and denied the DOE's request for a hearing on the *May Curtailment Order*. *Id.* at 2. With respect to the DOE's arguments that the Director lacks authority to administer the DOE's water right, the Director concluded that the *Partial Decree* had "reserved the issue of administration for future determination," and therefore "the issues raised by the

---

[13] The State disagrees with the DOE's substantive challenges to the *May Curtailment Order*, however, and reserves its right to respond to them, if and when the need arises.

[14] Exhibit I to the *Counsel Dec.* is a copy of an email sent by DOE Chief Counsel Tanner Crowther to Deputy Attorneys General Garrick Baxter and Joy Vega, dated July 14, 2026.

[15] Exhibit J to the Counsel Dec. is a copy of the Director's *Order Rescinding 2026 Curtailment of DOE Water Right No. 34-10901; Order Denying Request for Hearing* (Jul. 24, 2026).

DOE are more appropriately raised before the SRBA District Court." *Id.* at 2-3.

## ARGUMENT

In the pending SWC delivery call proceedings, the Director ordered that the DOE must either curtail diversions under the DOE's junior-priority ground water right or participate in an approved mitigation plan to protect senior-priority surface water rights. Exhibit G at 3-4 & Attachment A at 20 of 21. The DOE responded by arguing that the State, acting through the Director and IDWR, lacks authority to administer the DOE's water right according to its decreed priority. Exhibit H at 1-10.

The State completely disagrees. Further, the DOE's sovereign immunity arguments undermine the finality of the *Final Unified Decree* and imperil the State's sovereign authority to apply its own legal code and procedures for the administration of water rights. *See Black Canyon Irrigation Dist.*, 163 Idaho at 64, 408 P.3d at 62 ("Finality is for good reason, especially in water law; otherwise, the approximate $94 million the State expended in judicial and administrative costs during the SRBA would be jeopardized as mere wasteful expenditures."); *United States Bd. of Water Commissioners*, 893 F.3d at 595 ("there is no federal water law. Fundamental principles of federalism vest control of water rights in the states"); *California*, 438 U.S. at 653 (discussing "the need to observe state water law").

Thus, the reserved "issue of administration" of DOE's water right is now "ripe" and there is a "need" to "litigate" it. Exhibit B at 8 ¶ 6.1. This issue is "appropriate for decision in the SRBA," *id.*, through declaratory judgment proceedings. This Court should grant the State's *Motion* because under both state and federal law, the

Director has authority to administer the DOE's water right in accordance with Idaho law, including but not limited to the authority to issue orders requiring DOE to either curtail diversions or provide mitigation as necessary to prevent or remedy material injury to decreed senior-priority water rights.

## I. THIS COURT CAN RESOLVE THE "ISSUE OF ADMINISTRATION" OF DOE'S WATER RIGHT THROUGH DECLARATORY JUDGMENT PROCEEDINGS.

The Idaho Declaratory Judgment Act ("IDJA") empowers this Court "to declare rights, status, and other legal relations, whether or not further relief is or could be claimed." Idaho Code § 10-1201. "The purpose of the IDJA is remedial." *Lingnaw v. Lumpkin*, 167 Idaho 600, 605, 474 P.3d 274, 279 (2020). The IDJA must be "'liberally construed and administered'" to serve this purpose, and "'to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations[.]'" *Id.* (quoting Idaho Code § 10-1212).

Declaratory relief is appropriate when the controversy is "definite and concrete, touching the legal relations of parties having adverse legal interests." *Id.* The controversy must be "real and substantial" and "admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* A district court's decision to grant or deny declaratory relief is reviewed for abuse of discretion. *Farmers Ins. Exch. v. Tucker*, 142 Idaho 191, 193-95, 125 P.3d 1067, 1069-71 (2005).

### A. THERE IS A DEFINITE AND CONCRETE CONTROVERSY OVER THE ADMINISTRATION OF THE DOE'S WATER RIGHT.

Clearly, there is a "definite and concrete" controversy between the State and

DOE over administration of the DOE's decreed water right. *Lingnaw*, 167 Idaho at 605, 474 P.3d at 279. The Director ordered that the DOE must either curtail diversions under the DOE's junior-priority ground water right or participate in an approved mitigation plan. Exhibit G at 3-4 & Attachment A at 20 of 21. The DOE responded by directly challenging the Director's authority to administer the DOE's water right pursuant to Idaho law. *See* Exhibit H at 2 ("IDWR Has No Authority to Curtail DOE's Adjudicated Water Rights."). Further, the DOE joined a mitigation plan "only for the 2026 water year" and "expressly preserved" its legal positions, arguments, and "ability to challenge IDWR curtailment authority in any forum." Exhibit I.

The DOE concedes IDWR's "general authority" to administer decreed water rights in accordance with Idaho's prior appropriation doctrine but insists "this general authority does not extend to DOE's adjudicated water rights." Exhibit H at 3. The DOE supports this assertion with two arguments: (1) "IDWR's administrative process falls outside the limited waiver of sovereign immunity granted by the McCarran Amendment"; and (2) "the United States did not consent [in the Agreement] to routine state curtailment or administration of its quantified rights." *Id.*

Under Idaho law, however, "the Director has a 'clear legal duty' to distribute water according to decreed water rights." *City of Blackfoot v. Spackman*, 162 Idaho 302, 309, 396 P.3d 1184, 1191 (2017) (quoting *In Re SRBA*, 157 Idaho 385, 393, 336 P.3d 792, 800 (2014)); *see also* Idaho Code § 42-1413(2) ("Upon entry of a final decree,

the director shall administer the water rights by distributing water in accordance with the final decree and with title 42, Idaho Code."). Idaho law requires junior-priority water rights to be curtailed "during times of water scarcity, in order to supply the prior rights of others." Idaho Code § 42-607. Thus, in a delivery call proceeding under the CM Rules, the Director "must either: (1) curtail junior-priority ground water pumping to satisfy the senior's right, or (2) '[a]llow out-of-priority diversion of water by junior-priority ground water users pursuant to a mitigation plan that has been approved by the Director.'" *Rangen, Inc. v. IDWR*, 160 Idaho 251, 256, 371 P.3d 305, 310 (2016) (quoting IDAPA 37.03.11.040.01) (brackets in *Rangen*), *abrogated in part on other grounds by 3G AG LLC v. IDWR*, 170 Idaho 251, 509 P.3d 1180 (2022).

The Director is a State officer and acts pursuant to State law. Idaho Code § 42-1701(1)-(2); *see also Nettleton v. Higginson*, 98 Idaho 87, 91, 558 P.2d 1048, 1052 (1977) ("The governmental function in enacting not only I.C. s 42-607, but the entire water distribution system under Title 42 of the Idaho Code is to further the state policy of securing the maximum use and benefit of its water resources."). The DOE's refusal to recognize the Director's authority to administer the DOE's decreed water right interferes with the Director's clear legal duty to administer decreed water rights pursuant to Idaho law.

Thus, the "issue of administration" that the State and DOE reserved for future litigation in 1990—"whether and to what extent the Director has authority to administer" the DOE's water right—is clearly "ripe," Exhibit B at 8 ¶ 6.1, and must

now be resolved.[16] This issue presents a "definite and concrete" dispute "touching the legal relations of parties having adverse legal interests." *Lingnaw*, 167 Idaho at 605, 474 P.3d at 279. It is primarily if not entirely a legal dispute, and well-suited for resolution via declaratory judgment proceedings.

### B. The Dispute Over Whether The Director has Authority to Administer the DOE's Decreed Water Right is an SRBA Issue.

The question of whether the Director has authority to administer the DOE's decreed water right in accordance with Idaho law is "appropriate for decision in the SRBA." Exhibit B at 8 ¶ 6.1. This Court acquired exclusive jurisdiction over this question upon commencement of the SRBA and retained jurisdiction over it in the *Final Unified Decree.*

The SRBA is a "general stream adjudication" to resolve all claims for water rights in the Snake River Basin within Idaho "arising under state or *federal* law … *and for the administration of such rights*." Exhibit E at 6 (italics added); *see also id.* at 1 (same). Thus, upon commencement of the SRBA, this Court acquired jurisdiction over the "adjudication" and "administration" of *all* claimed water rights, including those arising under federal law. *Id.* at 1, 6. This jurisdiction is "exclusive" as a matter of law. See *State Engineer of State of Nevada v. S. Fork Band of Te-Moak Tribe of Shoshone Indians of Nevada*, 339 F.3d 804, 809-10 (9th Cir. 2003) (explaining the doctrine of "prior exclusive jurisdiction").

Further, this Court "retains jurisdiction" to resolve "any issues related to the

---

[16] In the State's view, the "issue of administration" was already "ripe" for resolution in the SRBA at the time of Agreement. *See* Exhibit B at 8 ¶ 6.1 ("The parties are unable to agree upon whether the issue of administration is ripe or otherwise appropriate for decision in the SRBA").

Final Unified Decree" that fall outside IDWR's administrative authority. Exhibit E at 13 ¶ 17. The question of whether the Director has authority to administer the DOE's water right according to its decreed priority clearly is "related" to the *Final Unified Decree*, because: (1) the SRBA is a proceeding for both the "adjudication" of "all water rights" and "for the administration of such rights," *id.* at 6 ¶ 1; and (2) the *Final Unified Decree* reserved the "issue of administration" of the DOE's water right for future "litigation," Exhibit B at 8 ¶ 6.1, by "incorporat[ing]" the *Partial Decree* and the Agreement. *Id.* at 10 ¶ 2, 13 ¶ 15; *see* Exhibit A ("This water right incorporates and is subject to the terms of the [Agreement]").

It follows that the "reserved" issue of "whether and to what extent" the Director has authority to administer the DOE's decreed water right according to Idaho law is "appropriate for decision in the SRBA." Exhibit B at 8 ¶ 6.1. The SRBA was specifically intended and expressly defined to address such issues of administration, and this Court retained exclusive jurisdiction over the "issue of administration" reserved in the *Partial Decree.* The DOE is incorrect in suggesting that IDWR can resolve this reserved SRBA issue in a delivery call proceeding under the CM Rules. Exhibit H. It must be decided in the SRBA, by this Court. *See also* Exhibit J at 3 ("Because the SRBA District Court reserved the administration issue for future determination, the issues raised by the DOE are more appropriately raised before the SRBA District Court.").

The DOE further claims that *all* the United States' decreed water rights are immune from IDWR's authority to administer water rights decreed in the SRBA. *See*

*id.* at 8 ("the United States did not consent to routine state curtailment or administration of its quantified rights"). This claim should be decided by this Court because it directly challenges this Court's determinations that: (1) the SRBA is an action to adjudicate all claimed water rights in the Snake River Basin "*and for the administration of such rights,*" Exhibit E at 1, 6 (italics added); and (2) that the United States was properly joined as a party pursuant to the McCarran Amendment's waiver of sovereign immunity. *Id.* at 4 ¶ 1; *id.* at 7 ¶ 4. Clearly, the DOE's belated assertion of sovereign immunity raises an issue "related" to the *Final Unified Decree. Id.* at 13 ¶ 17.

The DOE tries to avoid this conclusion by incorrectly asserting the Agreement is the "conclusive" definition of "the nature and extent of Water Right 34-10901." Exhibit H at 2-3. But under Idaho law the *Partial Decree* as incorporated into the *Final Unified Decree* is the conclusive definition of the nature and extent of the DOE's water right. *See First Sec. Corp. v. Belle Ranch, LLC*, 165 Idaho 733, 741, 451 P.3d 446, 454 (2019) ("Those partial decrees were final adjudications of all the claims"); *see also Whittaker v. IDWR,* 174 Idaho 60, 71–72, 551 P.3d 729, 740–41 (2024) ("The SRBA Final Unified Decree is conclusive as to the nature and extent of all water rights within the Snake River Basin within the State of Idaho with a priority date prior to November 19, 1987 and is binding against all persons.") (internal quotation marks omitted).

Further, the Agreement expressly "does not address" the issue of

administration but simply "reserves" it. Exhibit B at 8 ¶ 6.1.[17] The SRBA was always intended to address issues of the administration of water rights claimed and decreed in the SRBA, including federal reserved rights. *See* Exhibit E at 6 ¶ 1 ("All water rights arising under state or federal law ... and for the administration of such rights").

In sum, this Court can and should address, in SRBA proceedings, the issue the DOE has raised in the pending delivery call proceedings. This issue was reserved for future litigation in the SRBA, and this Court retains "prior exclusive jurisdiction" over the reserved issue. *Te-Moak*, 339 F.3d 804, 809-10. The "issue of administration" the DOE has raised is not only "appropriate" for resolution in the SRBA, Exhibit B at 8 ¶ 6.1, it *must* be resolved in the SRBA.[18]

## II. THE DOE'S WATER RIGHT IS SUBJECT TO THE DIRECTOR'S AUTHORITY TO ADMINISTER WATER RIGHTS IN ACCORDANCE WITH IDAHO LAW.

The DOE asserts the Director lacks authority to administer the DOE's water right because "IDWR's administrative process falls outside the limited waiver of sovereign immunity granted by the McCarran Amendment." Exhibit H at 3. This is so, the DOE argues, because the McCarran Amendment's waiver of sovereign immunity is limited to "'suit[s] ... for the administration of such rights,'" *id.* (quoting 43 U.S.C. § 666(a)), while "the delivery call process is purely administrative and not an integrated 'suit.'" *Id.* at 5. These arguments are legally flawed and contrary to the

---

[17] The DOE's assertion that the Agreement "does not confer" upon IDWR authority to administer the water right, Exhibit H at 2, is therefore misleading: it implies that the Agreement addressed an issue that it specifically did not, but rather expressly reserved for future litigation.

[18] The State acknowledges that any decision this Court makes in SRBA proceedings regarding the administration of DOE's water right is subject to review by the Idaho Supreme Court and the United Staes Supreme Court.

record.

Even more troubling, these sovereign immunity arguments are not limited to the DOE's water right or to federal reserved rights: they necessarily imply that *all* the United States' decreed water rights are immune from administration pursuant to Idaho water law. If these arguments are accepted they would gravely undermine a principal objective of the SRBA and the McCarran Amendment: to make the United States "subject to the judgments, orders, and decrees" of this Court "in the same manner and to the same extent as a private individual under like circumstances." 43 U.S.C. § 666(a).

### A. The *Final Unified Decree* Authorizes the Director to Administer the United States' Decreed Water Rights in Accordance with State law.

The DOE's sovereign immunity arguments completely ignore the fact that the SRBA itself is a suit "for the administration" of the water rights. Exhibit E at 1, 6 ¶ 1. The *Final Unified Decree* squarely addresses administration of water rights decreed in the SRBA: "The decreed water rights shall be administered in the Snake River Basin water system in accordance with this Final Unified Decree and applicable federal, *state* and tribal law, including the administrative provisions set forth in the federal reserved water right settlement agreements in Attachment 4." *Id.* at 13 ¶ 15 (italics added). Like the decree at issue in *United States Bd. of Water Commissioners*, 893 F.3d at 595, the *Final Unified Decree* "presupposes state law in its entirety as to both substance and procedure." *Id.*

The DOE "does not dispute" that United States was properly joined as a party to the SRBA pursuant to the McCarran Amendment. Exhibit H at 7. Thus, it is

undisputed that the United States waived sovereign immunity in a unified "suit" for the "adjudication" of all claimed water rights in the Snake River Basin "*and for the administration of such rights*," Exhibit E at 1, 6 ¶ 1—the exact language of the McCarran Amendment. 43 U.S.C. § 666(a). The United States has thus "waived any right to plead that the State laws are inapplicable or that the United States is not amenable thereto by reason of its sovereignty," and is "subject to the judgments, orders, and decrees of [this Court], and may obtain review thereof, in the same manner and to the same extent as a private individual under like circumstances." *Id.* Under the plain language of the McCarran Amendment and the *Final Unified Decree*, the United States' decreed water rights are subject to administration by the Director in accordance with Idaho water law.

The DOE's characterization of the pending delivery call proceeding as a "purely administrative" proceeding, Exhibit H at 4-5, ignores the fact that the SRBA itself is a suit "for the administration of [decreed] rights," Exhibit E at 1, 6 ¶ 1, and the *Final Unified Decree* expressly requires that decreed water rights be administered "in accordance Federal, *state*, and tribal law." *Id.* at 13 ¶ 15 (italics added). Under *Idaho* law, the Director has the authority and the clear legal duty to administer decreed water rights according to their decreed priorities, *City of Blackfoot*, 162 Idaho at 309, 396 P.3d at 1191, and *must* apply the CM Rules in administering junior priority ground water rights pursuant to the SWC's delivery call. *See S. Valley Ground Water Dist. v. IDWR*, 173 Idaho 762, 777, 548 P.3d 734, 749 (2024) ("'The rules *prescribe procedures for responding to a delivery call made by*

*the holder of a senior-priority surface or ground water right* against the holder of a junior-priority ground water right'") (quoting CM Rule 1) (italics in *S. Valley*).

Thus, when the Director determines in a CM Rules delivery call proceeding that a junior-priority ground water right holder is causing material injury to a senior-priority water right, the Director *must* order that the junior-priority ground water right be curtailed, unless its out-of-priority diversions are covered by a mitigation plan approved by the Director. *Rangen*, 160 Idaho at 256, 371 P.3d at 310. Under the plain language of the McCarran Amendment and the *Final Unified Decree*, these principles of Idaho water law apply to administration of the DOE's decreed water right.

The DOE's sovereign immunity arguments are also foreclosed by the preclusive effect of the *Final Unified Decree*. *See Black Canyon Irrigation Dist.*, 163 Idaho at 60, 408 P.3d at 58 (explaining the preclusive effect of a general adjudication). The *Final Unified Decree* conclusively determined that the SRBA is an action for the adjudication and administration of all water rights in the Snake River Basin, and that the United States had been properly joined as a party pursuant to the McCarran Amendment. The United States did not appeal these determinations, or any other part of the *Final Unified Decree*. The DOE's argument that the United States did *not* waive sovereign immunity to the *administration* of decreed water rights in accordance with Idaho law is barred by *res judicata*, *Black Canyon*, 163 Idaho at 59, 408 P.3d at 57, and amounts to "an impermissible collateral attack" in the *Final Unified Decree*. *City of Blackfoot*, 162 Idaho at 307, 396 P.3d at 1189.

**B. The McCarran Amendment Was Intended to Make the United States' Water Rights Subject to Administration Under State Law.**

The DOE's assertion that the United States' decreed water rights are immune from administration by the Director is also contrary to the purpose and intent of the McCarran Amendment. The Supreme Court has recognized "the consistent thread of purposeful and continued deference to state water law by Congress," *California*, 438 U.S. at 653, and that the McCarran Amendment was intended to ensure that "each and every" water right holder, "including the United States," would "be amenable to the law of the State" so there could be "a proper administration of the water law as it has developed over the years." *Id.* at 678–79 (quoting S.Rep.No. 755, 82d Cong., 1st Sess., 3, 6 (1951)).

The McCarran Amendment must be understood as making the United States subject "to the entire body of water law administration procedures of each state, regardless of the forms in which they may exist." *Fed. Youth Ctr. v. Dist. Ct. In & For Jefferson Cnty.*, 575 P.2d 395, 400 (Colo. 1978). Any other interpretation would "allow the United States to take advantage of each state's water law system and acquire adjudicated water rights, without being limited by subsequent state actions attempting to assure the orderly use of those rights." *Id.* at 399. This is one of "'the evils'" Congress specifically intended to correct via the McCarran Amendment. *Id.* (quoting Senate Report No. 755, 82d Congress, 1st Session (1951)). As this Court determined upon commencement of the SRBA, "[t]he purpose of the McCarran amendment was to obtain jurisdiction over the federal government *in order that states may manage waters in an efficient and practical manner.*" Exhibit K at 30

(italics added).[19]

Thus, recognizing the Director's authority to administer the United States' decreed water rights in accordance with Idaho law is entirely consistent with the policy and purpose of the McCarran Amendment. It is also consistent with historic practice. State administration of the United States' decreed water rights under state law procedures has been the norm. *See, e.g., United States Bd. of Water Commissioners*, 893 F.3d at 595 ("Decreed rights are administered under applicable state law."); *United States v. Alpine Land & Reservoir Co.*, 697 F.2d 851, 858 (9th Cir. 1983) ("state law will control the distribution of water rights to the extent that there is no preempting federal directive").

The DOE's arguments to the contrary rely on an impermissibly narrow interpretation of the McCarran Amendment. While DOE is correct that the general rule is waivers of sovereign immunity should be narrowly construed, Exhibit H at 4, the Supreme Court has stated that "the McCarran Amendment is a virtually unique federal statute" and its application should not be guided "by general propositions." *Arizona v. San Carlos Apache Tribe of Arizona*, 463 U.S. 545, 571 (1983). The Supreme Court has also cautioned that courts should not "assume the authority to narrow" an "unequivocally expressed" waiver of sovereign immunity. *United States v. Idaho*, 508 U.S. 1, 6-7 (1993); *see also United States v. Dist. Ct. In & For Eagle Cnty., Colo.*, 401 U.S. 520, 525 (1971) ("We think that argument is extremely

---

[19] Exhibit K to the *Counsel Dec.* consists of copies of two pages excerpted from this Court's *Memorandum Opinion on Commencement of Adjudication* (Oct. 15, 1987).

technical; and we decline to confine 43 U.S.C. s 666 so narrowly.").

The McCarran Amendment "unequivocally" waives sovereign immunity and the scope of the waiver "can only be ascertained by reference to underlying congressional policy" and "indicia of Congressional intent." *United States v. State of Or.*, 44 F.3d 758, 766 (9th Cir. 1994). As the Supreme Court has made clear, "congressional policy" and "indicia of congressional intent" require the McCarran Amendment's waiver to be understood as making the United States "amenable to the law of the State" so there can be "a proper administration of the water law as it has developed over the years." *California*, 438 U.S. at 678–79. The United States waived sovereign immunity in the SRBA, and therefore the United States' decreed water rights are subject to administration in accordance with applicable Idaho law, as ordered in the *Final Unified Decree*. Exhibit E at 13 ¶ 15.

### C. The DOE's Federal Reserved Water Right is Subject to Priority Administration by the Director in Delivery Call Proceedings.

Federal reserved rights are not based on "beneficial use" under state law, but rather on express or implied reservations of water by Congress. *See generally United States v. State*, 131 Idaho 468, 469–71, 959 P.2d 449, 450–52 (1998) (discussing express and implied reservations).[20] Nonetheless, the McCarran Amendment requires the United States to claim its federal reserved water rights in state water right adjudications, and the resulting decrees are binding on the United States as to

---

[20] DOE's reliance on this decision, Exhibit H at 6, is misplaced because "PWR 107" *expressly* reserved *water*. *See United States v. State*, 131 Idaho at 471, 959 P.2d at 452 ("we conclude that PWR 107 evidences an express intention by Congress that reserves a water right in the United States"). The DOE's water right, in contrast, is an *implied* water right based on federal reservations of *land*. Exhibit B at 3-4.

the nature and extent of the water rights. *See Dist. Ct. In & For Eagle Cnty,* 401 U.S. at 524 ("s 666(a)(1) has no exceptions and ... as we read it, includes appropriate rights, riparian rights, and reserved rights").

In Idaho and most other western states, federal reserved water rights are decreed with a priority date, just like any other water right. *See* Exhibit A ("Priority Date: 04/07/1950"). "Priority in time is an essential part of western water law and to diminish one's priority works an undeniable injury to that water right holder." *Clear Springs Foods, Inc. v. Spackman*, 150 Idaho 790, 797–98, 252 P.3d 71, 78–79 (2011).

The priority date defines the water right's "place in line" when water is short and junior-priority water rights must be curtailed to protect senior-priority water rights. *See, e.g.,* Id. const. art. XV § 3 ("Priority of appropriation shall give the better right as between those using the water"); Idaho Code § 42-106 ("first in time is first in right"). One of the overarching purposes of the SRBA was to "fashion a unified decree" that "would allow for the creation of an accurate schedule of water rights to assure the proper delivery of water in times of shortage." *In Re SRBA Case No. 39576 Subcase No. 37-00864*, 164 Idaho 241, 244, 429 P.3d 129, 132 (2018).

Decreed federal reserved water rights are generally subject to priority administration and curtailment in accordance with state law. *See, e.g., United States v. Bell*, 724 P.2d 631, 644 (Colo. 1986) ("The United States must submit its quantified reserved water rights for administration by state officials"); *see also United States v. Orr Water Ditch Co.*, 309 F. Supp. 2d 1245, 1253 (D. Nev. 2004) ("the [Tribe's federal reserved water] rights are subject to other state law requirements governing

procedural and substantive administration of water rights on the Truckee River."), *aff'd sub nom. United States v. Truckee-Carson Irrigation Dist.*, 429 F.3d 902 (9th Cir. 2005); *United States v. City & Cnty. of Denver, By & Through Bd. of Water Comm'rs*, 656 P.2d 1, 35 (Colo. 1982) (stating the United States agreed "that [federal reserved] water rights ultimately adjudicated to it are subject to administration by the State Engineer.").

Administering federal reserved water rights according to their decreed priorities does not undermine federal law, because federal reserved rights can only reserve *unappropriated* water—water that is not already subject to senior-priority water rights. *See Cappaert v. United States*, 426 U.S. 128, 138 (1976) ("when the Federal Government withdraws its land from the public domain and reserves it for a federal purpose, the Government, by implication, *reserves appurtenant water then unappropriated* to the extent needed to accomplish the purpose of the reservation.") (italics added). Thus, while decreed federal reserved rights are "superior to the rights of *future* appropriators," *id.* (italics added), they are inferior to the rights of *prior* appropriators. Decreed senior-priority water rights are property rights that vested prior to the federal reservation and cannot be taken without compensation. *See Clear Springs Foods, Inc.*, 150 Idaho at 797, 252 P.3d at 78 ("When one has legally acquired a water right, he has a property right therein that cannot be taken from him for public or private use except by due process of law and upon just compensation being paid therefor.").

In short, federal reserved water rights can be curtailed in accordance with

state law as necessary to protect senior-priority water rights. The Director therefore has authority to order the DOE to either curtail diversions under its junior-priority federal reserved water right or mitigate for those diversions, as required by Idaho law. The DOE's argument that the Director lacks authority to administer the DOE's water right in priority simply because it is a *federal reserved water right* is contrary to well-established state and federal law.

## CONCLUSION

For the reasons set forth above, the State of Idaho respectfully requests that this Court grant the State of Idaho's Motion for Declaratory Judgment re Administration of Water Right 34-10901, and issue an order declaring that Water Right 34-10901 is subject to administration by the Director of the Idaho Department of Water Resources in accordance with Idaho law, including, but not limited to, an order from the Director orders requiring DOE to either curtail diversions or provide mitigation as necessary to prevent or remedy material injury to decreed senior-priority water rights.

Respectfully submitted this 24th day of July, 2026.

RAÚL R. LABRADOR
ATTORNEY GENERAL

JOY M. VEGA
MICHAEL C. ORR
Deputy Attorneys General,
Office of the Attorney General,
Energy and Natural Resources Division

*Attorneys for the State of Idaho*

## CERTIFICATE OF FILING & SERVICE

The undersigned hereby certifies that on July 24, 2026, the original of the foregoing was filed with the Court, and copies and served on the parties, by the methods indicated below:

1. ORIGINAL – filed by hand:

   Clerk of the Court
   Snake River Basin Adjudication
   253 Third Avenue North
   Twin Falls, ID 83303-2707

2. COPIES – served by U.S. Mail:

   a. United States of America
      Department of Energy
      785 DOE Place
      Idaho Falls, ID 83402

   b. United States Department of Justice
      Environment and Natural Resources Division
      P.O. Box 7611
      Ben Franklin Station
      Washington, D.C. 20044-7611

   c. Tanner F. Crowther
      Chief Counsel
      Office of the Chief Counsel
      U.S. Department of Energy – Idaho Operations Office
      1955 Fremont Ave.
      Idaho Falls, ID 83402
      Mailstop 1209
      *Additional copy sent via email to:* crowthtf@id.doe.gov

   d. IDWR Document Depository
      P.O. Box 83720
      Boise, ID 83720-0098

Michael C. Orr
Deputy Attorney General
Energy and Natural Resources Division
Office of the Attorney General, State of Idaho

DISTRICT COURT - SRBA
Fifth Judicial District
County of Twin Falls - State of Idaho

JUL 24 2026

By ______________ Clerk
______________ Deputy Clerk

RAÚL R. LABRADOR
ATTORNEY GENERAL

JOY M. VEGA, ISB No. 7887
Deputy Attorney General
Chief, Energy and Natural Resources Division

MICHAEL C. ORR, ISB No. 6720
Deputy Attorney General
Energy and Natural Resources Division
700 W. State St, 2nd Floor
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8072
Email: joy.vega@ag.idaho.gov
michael.orr@ag.idaho.gov

*Attorneys for the State of Idaho*

**IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS**

| | |
|---|---|
| IN RE: SRBA<br><br>Case No. 39576 | **Subcase No. 34-10901**<br><br>**DECLARATION OF COUNSEL IN SUPPORT OF STATE OF IDAHO'S MOTION FOR DECLARATORY JUDGMENT RE ADMINISTRATION OF WATER RIGHT 34-10901** |

I, Michael C. Orr, declare and state as follows:

1. My name is Michael C. Orr. I am over eighteen years of age and the following statements are based on my personal knowledge.

2. I am a licensed attorney admitted to practice law before this court and all courts of the State of Idaho. I am a Deputy Attorney General in the Office of the Attorney General for the State of Idaho. I am one of the attorneys of record in this matter for the State of Idaho ("State").

3. Attached hereto as **Exhibit A** is a true and correct copy of the *Partial Decree Pursuant to I.R.C.P. 54(b) for Water Right 34-10901* that this Court issued *nunc pro tunc* in the above-captioned matter on June 20, 2003;

4. Attached hereto as **Exhibit B** is a true and correct copy of the "Water Rights Agreement Between the State of Idaho and the United State, for the United States Department of Energy," excluding the attached Notices of Claims to Water Right Nos. A25-07263, A35-12693, A36-13983 and A86-10673, as included in "Attachment 4" of the *Final Unified Decree* that this Court issued in the above-captioned matter on August 26, 2014 (*see Exhibit E hereto*);

5. Attached hereto as **Exhibit C** are true and correct copies of pages 1 and 13 of the *Petition* to commence the Snake River Basin Adjudication ("SRBA") that the State of Idaho *ex rel.* A. Kenneth Dunn in his official capacity as Director of the Idaho Department of Water Resources, filed in the above-captioned matter on June 19, 1987;

6. Attached hereto as **Exhibit D** are true and correct copies of pages 1 and 8 of the *Commencement Order* that this Court issued in the above-captioned matter on November 19, 1987;

7. Attached hereto as **Exhibit E** is a true and correct copy of the *Final Unified Decree* that this Court issued in the above-captioned matter on August 26, 2014, excluding the voluminous attachments thereto;

8. Attached hereto as **Exhibit F** is a true and correct copy of the *Final Order Regarding April 2026 Forecast Supply (Methodology Steps 1-3)*, including attachments, that Mathew Weaver, Director of the Idaho Department of Water Resources ("Director") issued on April 16, 2026, in the administrative matter pending before the Idaho Department of Water Resources under Docket No. CM-DC-2010-001;

9. Attached hereto as **Exhibit G** is a true and correct copy of the *Final Order Curtailing Ground Water Rights Junior to October 11, 1900*, including attachments, that the Director issued on May 14, 2026, in the administrative matter pending before the Idaho Department of Water Resources under Docket No. CM-DC-2010-001;

10. Attached hereto as **Exhibit H** is a true and correct copy of the *U.S. Department of Energy Amended Petition for Reconsideration and Request for Hearing* that the United States Department of Energy filed with the Idaho Department of Water Resources under Docket No. CM-DC-2010-001 on June 3, 2026, excluding the attached "Exhibits";

11. Attached hereto as **Exhibit I** is a true and correct copy of a copy of an email that DOE Chief Counsel Tanner Crowther sent to Deputy Attorneys General Garrick Baxter and Joy Vega, dated July 14, 2026;

12. Attached hereto as **Exhibit J** is a true and correct copy of the *Order Rescinding 2026 Curtailment of DOE Water Right No. 34-10901; Order Denying Request for Hearing* that the Director issued on July 24, 2026, in the administrative matter pending before the Idaho Department of Water Resources under Docket No. CM-DC-2010-001, excluding the attachments to the Order;

13. Attached hereto as **Exhibit K** are true and correct copies of pages 1 and 30 of the *Memorandum Opinion on Commencement of Adjudication* that this Court issued in the above-captioned matter on October 15, 1987.

I certify under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct.

Dated this 24th day of July, 2026.

MICHAEL C. ORR
Deputy Attorney General
Office of the Attorney General
State of Idaho

## CERTIFICATE OF FILING & SERVICE

The undersigned hereby certifies that on July 24, 2026, the original of foregoing was filed with the Court, and copies and served on the parties, by the methods indicated below:

1. ORIGINAL – filed by hand:

   Clerk of the Court
   Snake River Basin Adjudication
   253 Third Avenue North
   P.O. Box
   Twin Falls, ID 83303-2707

2. COPIES – served by U.S. mail:

   a. United States of America
      Department of Energy
      785 DOE Place
      Idaho Falls, ID 83402

   b. United States Department of Justice
      Environment and Natural Resources Division
      P.O. Box 7611
      Ben Franklin Station
      Washington, D.C. 20044-7611

   c. Tanner F. Crowther
      Chief Counsel
      Office of the Chief Counsel
      U.S. Department of Energy – Idaho Operations Office
      1955 Fremont Ave.
      Idaho Falls, ID 83402
      Mailstop 1209
      *Additional copy sent via email to:* crowthtf@id.doe.gov

   d. IDWR Document Depository
      P.O. Box 83720
      Boise, ID 83720-0098

Michael C. Orr
Deputy Attorney General
Energy and Natural Resources Division
Office of the Attorney General, State of Idaho

# EXHIBIT A

**Declaration of Counsel in Support of the State of Idaho's Motion for Declaratory Judgment re Administration of Water Right 34-10901**

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

DISTRICT COURT-SRBA
TWIN FALLS CO., IDAHO
FILED

2003 JUN 20 PM 3 26

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 34-10901 |

NAME AND ADDRESS: UNITED STATES OF AMERICA
DEPARTMENT OF ENERGY
785 DOE PLACE
IDAHO FALLS, ID 83402

SOURCE: GROUNDWATER

THE MAXIMUM RATE OF DIVERSION FROM ANY AND ALL WELLS SHALL NOT EXCEED 80.0 CFS, AND THE MAXIMUM ANNUAL DIVERSION SHALL NOT EXCEED 35,000 ACRE-FEET PER YEAR.

PRIORITY DATE: 04/07/1950

POINT OF DIVERSION:

ANY POINT WITHIN THE BOUNDARIES OF THE IDAHO NATIONAL ENGINEERING AND ENERGY LABORATORY ("INEEL") (FORMERLY IDAHO NATIONAL ENGINEERING LABORATORY OR "INEL"), AS DEFINED IN "PLACE OF USE."

PURPOSE AND
PERIOD OF USE:

| PURPOSE OF USE | PERIOD OF USE | QUANTITY |
|---|---|---|
| | 01-01 TO 12-31 | |

THE PRIMARY PURPOSES AUTHORIZED BY CONGRESS FOR INEEL.

PLACE OF USE:

ANY PLACE WITHIN THE BOUNDARIES OF THE INEEL, AN AREA OF LAND APPROXIMATELY 890 SQUARE MILES WHICH WAS ACQUIRED OR RESERVED IN THE FOLLOWING PUBLIC LAND ORDERS OR CONDEMNATION CASES:
PUBLIC LAND ORDER 318, DATED MAY 13, 1946
PUBLIC LAND ORDER 545, DATED JANUARY 7, 1949
PUBLIC LAND ORDER 637, DATED APRIL 7, 1950
PUBLIC LAND ORDER 691, DATED DECEMBER 5, 1950
PUBLIC LAND ORDER 1770, DATED DECEMBER 19, 1958
UNITED STATES V. 18,217.58 ACRES OF LAND, MORE OR LESS, IN BUTTE AND JEFFERSON COUNTIES, IDAHO, NO. 1227E (D.IDAHO OCTOBER 29, 1945) (PRELIMINARY ORDER OF CONDEMNATION)
UNITED STATES V. 15,357.16 ACRES OF LAND, MORE OR LESS, IN BUTTE, BINGHAM AND JEFFERSON COUNTIES, STATE OF IDAHO, NO. 1624 (D.IDAHO SEPTEMBER 19, 1951)(FINAL ORDER OF CONDEMNATION)
UNITED STATES V. 8,617.87 ACRES OF LAND, MORE OR LESS, IN THE COUNTIES OF CLARK, BUTTE, JEFFERSON, BONNEVILLE, AND BINGHAM, STATE OF IDAHO, NO. 2160 (D.IDAHO APRIL 27, 1959) (JUDGMENT)

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

THIS WATER RIGHT IS A FEDERAL RESERVED WATER RIGHT. THIS WATER RIGHT INCORPORATES AND IS SUBJECT TO THE TERMS OF THE WATER RIGHTS AGREEMENT BETWEEN THE STATE OF IDAHO AND THE UNITED STATES FOR THE UNITED STATES DEPARTMENT OF ENERGY, DATED JULY 20, 1990 ("AGREEMENT").

THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE ENTRY OF A FINAL UNIFIED DECREE. I.C. SECTION 42-1412(6).

SRBA Partial Decree Pursuant to I.R.C.P. 54(b) (continued)

RULE 54(b) CERTIFICATE

With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a final judgment and that the court has and does hereby direct that the above judgment or order shall be a final judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

Roger Burdick

Roger Burdick
Presiding Judge of the
Snake River Basin Adjudication

# EXHIBIT B

**Declaration of Counsel in Support of the State of Idaho's Motion for Declaratory Judgment re Administration of Water Right 34-10901**

# WATER RIGHTS AGREEMENT

* * * *

Between The State Of Idaho

And The United States,

For The United States

Department of Energy

# WATER RIGHTS AGREEMENT
# BETWEEN THE STATE OF IDAHO AND
# THE UNITED STATES,
# FOR THE UNITED STATES DEPARTMENT OF ENERGY

## Table Of Contents

Page(s)

1. PREAMBLE....1
2. DEFINITIONS....1
3. SCOPE OF AGREEMENT....5
4. PARTIES AND AUTHORITY....6
5. WATER RIGHT OF THE UNITED STATES....6
6. ADMINISTRATION OF WATER RIGHTS....8
7. WATER TRANSFER....10
8. FINALITY OF SETTLEMENT AGREEMENT....11
9. DISCLAIMERS AND RESERVATION OF RIGHTS....12
10. SEVERABILITY....15
11. SUCCESSORS....15
12. ENTIRE AGREEMENT....15
13. EFFECT OF HEADINGS....16
14. MULTIPLE ORIGINALS....16
15. EFFECTIVE DATE....16

APPENDIX

Notice of Claim to Water Right No. A25-07263
Notice of Claim to Water Right No. A35-12693
Notice of Claim to Water Right No. A36-13983
Notice of Claim to Water Right No. A86-10673

# WATER RIGHTS AGREEMENT BETWEEN THE STATE OF IDAHO AND THE UNITED STATES, FOR THE UNITED STATES DEPARTMENT OF ENERGY

The State of Idaho and the United States agree as follows:

## 1. Preamble

1.1 The State of Idaho, pursuant to Idaho Code § 42-1406A (Supp. 1989) has commenced a general adjudication of the rights to the use of the water from that portion of the Snake River Basin located in the State of Idaho.

1.2 Idaho Code § 42-1409(3) (Supp. 1989) provides that a claimant of a water right reserved under federal law may submit a negotiated agreement between the State of Idaho and the claimant in lieu of a notice of claim.

1.3 Executive Order Nos. 85-9 and 87-9 provide that it is in the interest of the State of Idaho to quantify Federal Reserved Water Rights through negotiations.

1.4 The State of Idaho and the United States desire to exercise the right to submit a negotiated agreement quantifying, in part, the rights of the United States to the use of water, pursuant to both federal and Idaho law for the Department of Energy within the Snake River Basin in Idaho.

## 2. Definitions

2.1 The following definitions apply for the purpose of this Agreement:

.1 "Acre foot" or "AF" means the amount of water necessary to cover one acre of land to a depth of one

foot and is equivalent to 43,560 cubic feet or 325,851 gallons.

.2 "Acre feet per year" or "AFY" means the number of acre feet of water used in a calendar year commencing January 1 and ending December 31.

.3 "Aquifer" means a geologic formation, group of formations, or part of a formation or other body of earth material capable of transmitting water at a rate sufficient for water supply purposes.

.4 "Cubic feet per second" or "CFS" is a unit expressing the rate of discharge. One CFS is equivalent to 448.83 gallons per minute.

.5 "Consumptive use" means the amount of water that is used by any action or process and is not returned to the water system.

.6 "Director" means the Director of the Idaho Department of Water Resources and his successors.

.7 "Diversion" means the removal of water from its natural course or location by means of a ditch, canal, flume, bypass, pipeline, conduit, well, pump, or other act of man, or the impoundment of water in a reservoir.

.8 "Department of Energy" means the United States Department of Energy, which was created by the Department of Energy Organization Act of August 4, 1977, Pub. L. 95-91, 91 Stat. 565, and its successors.

.9 "IDWR" means the Idaho Department of Water Resources and its successors.

.10 "Idaho National Engineering Laboratory" or "INEL" refers to an area of land approximately 890 square miles in size and 50 miles west of Idaho Falls, which was originally acquired or reserved in the following public land orders or condemnation cases:

.i Public Land Order 318 dated May 13, 1946, withdrew and reserved public lands for the use of the Department of Navy as part of a Naval Proving Ground. The public and nonpublic lands aggregate 156,832.75 acres.

.ii Public Land Order 545 dated January 7, 1949. This public land order withdrew and reserved 640 acres of public lands for the use of the Department of Navy as part of a Naval Proving Ground.

.iii Public Land Order 637 dated April 7, 1950, withdrew and reserved public lands for the use of the United States Atomic Energy Commission as a Reactor Testing Station. The public and nonpublic lands aggregate 259,549.8 acres.

.iv Public Land Order 691 dated December 5, 1950, transferred from the Department of Navy to the Atomic Energy Commission the lands reserved by

Public Land Order Nos. 318 and 545 for use in the atomic-energy program.

.v Public Land Order 1770 dated December 19, 1958, withdrew and reserved 123,648 acres of public lands for use of the Atomic Energy Commission in connection with the National Reactor Testing Station in the vicinity of Arco, Idaho.

.vi United States v. 18,217.58 Acres of Land, More or Less, in Butte and Jefferson Counties, Idaho, No. 1227E (D. Idaho October 29, 1945) (preliminary order of condemnation).

.vii United States v. 15,357.16 Acres of Land in Butte, Bingham, and Jefferson Counties, State of Idaho, No. 1624 (D. Idaho September 19, 1951) (final order of condemnation).

.viii United States v. 8617.87 Acres of Land, More or Less, in the Counties of Clark, Butte, Jefferson, Bonneville, and Bingham, State of Idaho, No. 2160 (D. Idaho April 27, 1959) (judgment).

.11 "Parties" means the United States and the State of Idaho.

.12 "Person" means an individual, a partnership, a trust, an estate, a corporation, a municipal corporation, the State of Idaho or any political subdivision, the United States, an Indian tribe, or any other public or

private entity. Idaho Code § 42-1401A(8) (Supp. 1989).

.13 "Snake River Basin Adjudication" or "SRBA" means Civil Case No. 39576 filed in the Fifth Judicial District Court of the State of Idaho in and for Twin Falls County on June 17, 1987, entitled In Re the General Adjudication of Rights to the Use of Water from the Snake River Basin Water System, which was commenced pursuant to Idaho Code § 42-1406A (Supp. 1989).

.14 "State" means the State of Idaho.

## 3. Scope of Agreement

3.1 The purpose of this Agreement is to quantify all existing water rights and claims to water rights of the United States under state and federal law for the use by the Department of Energy in the Snake River Basin in the State, except for the following claims to water rights: Claim Nos. A25-07263, A35-12693, A36-13983 and A86-10673, which have been lodged in the SRBA. Copies of the claims are attached hereto and incorporated herein by reference.

3.2 This Agreement relates to all waters on, under, adjacent to, or otherwise appurtenant to the Department of Energy facilities or lands in the State, except as noted in Article 3.1.

## 4. Parties and Authority

4.1 The Governor has authority to negotiate and execute this Agreement pursuant to Idaho Code § 67-802 (1989) and 1990 Idaho Sess. L., ch. 259.

4.2 The Idaho Water Resource Board has authority to negotiate and execute this Agreement pursuant to Idaho Constitution, art. XV, § 7, Idaho Code § 42-1734(3) (Supp. 1989) and Executive Order Nos. 85-9 and 87-9.

4.3 The Idaho Attorney General has authority to negotiate and execute this Agreement pursuant to his authority to settle litigation as provided for in Idaho Constitution, art. IV, § 1, and Idaho Code § 67-1401 (Supp. 1989) and 1990 Idaho Sess. L., ch. 259.

4.4 The United States Attorney General and any duly designated official of the Department of Justice have authority to execute this Agreement pursuant to the authority to settle litigation contained in 28 U.S.C. § 516-517.

4.5 The Secretary of the Department of Energy and any duly designated official of the Department of Energy have authority to execute this Agreement pursuant to The Department of Energy Organization Act of August 4, 1977, Pub. L. 95-91, 91 Stat. 565.

## 5. Water Right of the United States

5.1 The name and address of the claimant for the water right negotiated and settled by this Agreement is as follows:

United States of America
c/o Department of Energy
Idaho Operations Office
785 DOE Place
Idaho Falls, Idaho 83402

5.2 Water right for consumptive use at the INEL:

.1 Right No. A34-10901

.i Source: Ground water

.ii Amount of Water: The maximum rate of diversion from any and all wells shall not exceed 80 CFS, and the maximum annual diversion shall not exceed 35,000 AFY.

.iii Date of Priority: April 7, 1950

.iv Points of Diversion: Any point within the boundaries of the INEL. Existing and new points of diversion will be reported as described in Article 6.2.

.v Purpose of Use: The primary purposes authorized by Congress for INEL.

.vi Period of Use: January 1 - December 31.

.vii Annual Volume of Consumptive Use: Not to exceed 35,000 AFY.

.viii Place of Use/Legal Description of Reservation: Any place within the boundaries of the INEL.

.ix Basis of Right: Federal Reserved Water Right.

.x Comments: None.

5.3 The United States may also divert water for fire suppression at INEL in accordance with the following

paragraph proposed to be included in the final decree in this matter:

"The use of water for fire suppression benefits the public. Water diverted for fire suppression may be taken randomly, without a definition of the specific elements of a recordable water right, and if so diverted for fire suppression, existing water rights shall not be diminished."

5.4 The right described in this Agreement is a Federal Reserved Water Right with all the characteristics appertaining thereto. Non-use of all or any part of the Federal Reserved Water Right shall not constitute a relinquishment, forfeiture or abandonment of the right.

## 6. Administration of Water Rights

6.1 Administration. The parties are unable to agree upon whether the issue of administration is ripe or otherwise appropriate for decision in the SRBA, and if so, whether and to what extent the Director has authority to administer federal water rights. Accordingly, this Agreement does not address this issue except as expressly provided in Article 6.2. Each party reserves the right to litigate the issue of administration, if and when the need arises.

6.2 Access to and Monitoring of Measuring Devices

.1 The State and the United States mutually assure and agree to provide access and cooperation for

installation and utilization of measuring devices needed for management of the water resources on INEL; provided, however, that access to the INEL will be in accordance with all federal laws and regulations governing access to the INEL.

.2 The Department of Energy voluntarily agrees to provide the State with a comprehensive inventory of all wells (monitoring, production and disposal) at or relating to activities at the INEL. This inventory will include information on the total depth of each well and depth to water, detailed well construction information, well logs, usage information, including detailed information on quantity and quality of fluids discharged, and dates of installation and retooling. Department of Energy will update such information to reflect any plans to construct and actual construction of new wells. As long as paragraph C.4. of Attachment A of the Environmental Oversight and Monitoring Agreement between the Department of Energy and the State of Idaho dated May 21, 1990 remains in effect as originally written, the report provided to the State pursuant to that paragraph will constitute compliance with this paragraph. If paragraph C.4. of Attachment A of the Environmental Oversight and Monitoring Agreement is amended or no longer effective, then the

Department of Energy will separately comply with this paragraph unless otherwise mutually agreed.

.3 The Department of Energy will continue to maintain the water measuring devices it has installed on each existing well used to deliver its water right described in Article 5. The Department of Energy may develop new points of diversion for the water right described in Article 5 and agrees to install a water measuring device on each new point of diversion. The Department of Energy shall monitor each measuring device used to deliver the water right described in Article 5 and report the results each year to the IDWR by March 1st of the year after the reporting year or at such other time as requested, upon reasonable notice. Results reported to IDWR shall include annual volume of water diverted, maximum and average diversion rates and pumping level (water depth).

.4 IDWR shall provide the Department of Energy, at its request, any water district or water measurement report prepared by or for IDWR and any other requested nonprivileged public information in the possession of the State concerning the use of water by other persons.

**7. Water Transfer**

7.1 The United States shall not transfer the Federal Reserved Water Right described in Article 5.2.1.

## 8. Finality of Settlement Agreement

8.1 The parties understand that this Agreement will be submitted to the Director in lieu of a notice of claim in the SRBA, that the Director will submit this Agreement and an abstract of the Agreement to the Fifth Judicial District Court of the State of Idaho in and for the County of Twin Falls as part of a Director's Report, and that state law allows other persons not signatory to this Agreement to file objections to the approval of this Agreement by the Fifth Judicial District Court of the State of Idaho in and for the County of Twin Falls.

8.2 The United States agrees that License Nos. 34-2292 [old no. 21253] and 34-2278 [old no. 19993] will be superseded by the water right identified herein, only upon completion of all judicial proceedings, including appeals if any, together with entry of a final decree containing the water right described in this Agreement. The parties agree that water right claim nos. A25-07263, A35-12693, A36-13983, and A86-10673 shall not be affected by the execution of this Agreement and that water right claim nos. A25-07263, A35-12693, A36-13983, and A86-10673 will be adjudicated in accordance with Chapter 14 of Title 42 of Idaho Code to the extent it is applicable.

8.3 The parties agree to jointly support and defend this Agreement against any and all objections or other

challenges that may arise in any phase of the SRBA, including any appeals, and in securing any necessary ratification of the Agreement.

8.4 The United States' water right for the INEL confirmed in Article 5 shall be final and conclusive as to all parties to the SRBA upon the completion of all judicial proceedings, including any appeals, relative to this Agreement.

## 9. Disclaimers and Reservation of Rights

9.1 This Agreement contains a complete statement of all water rights held by the United States on behalf of the Department of Energy. The United States claims no other existing water rights, under either state or federal law, to the use of water for the Department of Energy within the Snake River Basin in Idaho.

9.2 The United States on behalf of the Department of Energy disclaims any right to seek the maintenance of any specific pumping level for the water right described in Article 5.2.

9.3 The United States on behalf of the Department of Energy disclaims any interest in or claim to water for the Department of Energy from the Snake River Basin Water System as defined in the SRBA other than as expressly set forth in this Agreement.

9.4 This Agreement represents a settlement of a water right that is unique to the INEL. The parties are unable to

agree on whether the Federal Reserved Water Rights doctrine extends to ground water. In order to avoid litigation, however, this Agreement recognizes a Federal Reserved Water Right, as described in Article 5. Because this Agreement is a resolution of a disputed claim, it is not and shall not be used as precedent for any other Federal Reserved Water Right claim in the SRBA.

9.5 This Agreement has been reached in the process of good faith negotiations for the purpose of resolving legal disputes, including pending litigation, and all parties agree that no offers and/or compromises made in the course thereof shall be construed as admissions against interest or be used in any legal proceeding other than one for approval, confirmation, interpretation, or enforcement of this Agreement.

9.6 Entry of judgment as set forth above has been consented to by the parties without trial or adjudication of fact or law herein and without the judgment constituting evidence or an admission by any party, with respect to any such issue, which is, will be, or could be litigated in any proceeding other than the SRBA. *See* McShan v. Omega Louis Brandt et Frere, S.A., 536 F.2d 516, 519 (2d Cir. 1976). Once this Agreement becomes effective as provided by Article 15.1, the water right described in Article 5 of this Agreement shall be binding upon all parties to the SRBA, whether signatory to the Agreement or not.

9.7 Nothing in this Agreement shall be construed or interpreted:

.1 To establish any standard to be used for the quantification of Federal Reserved Water Rights in any judicial or administrative proceeding;

.2 To restrict the acquisition by the United States of any appropriative water right under State law; provided, however, that prior to applying for a permit to appropriate water for use at the INEL, the United States must demonstrate that the water right described in Article 5 is fully used at the time the application is made;

.3 To restrict the United States' power to reserve land or water rights in the future, in accordance with applicable law;

.4 To restrict the United States' power to acquire land in the future, in accordance with applicable law;

.5 To determine the relative rights <u>inter sese</u> of persons using water under the authority of the State or to authorize the taking of a water right which is vested under state or federal law;

.6 To limit in any way the rights of the parties or any person to litigate any issue or question not resolved by this Agreement;

.7 To limit the authority of the United States to manage its lands or water rights in accordance with the

Constitution, statutes, regulations, and procedures of the United States;

.8 To preclude the State or the United States from exercising whatever authority each sovereign government may have to regulate water quality;

.9 To apply to any water rights of the United States other than its water rights for use by the Department of Energy in Idaho;

.10 To commit or obligate the United States to expend funds that have not been appropriated and budgeted;

.11 To restrict, enlarge, or otherwise determine the jurisdiction of any court, state or federal; and

.12 To constitute an admission by the State of the validity of Water Right Claim Nos. A25-07263, A35-12693, A36-13983 and A86-10673.

**10. Severability**

10.1 This Agreement is not severable.

**11. Successors**

11.1 This Agreement shall bind and inure to the benefit of the respective successors of the parties.

**12. Entire Agreement**

12.1 This Agreement sets forth all the covenants, promises, provisions, agreements, conditions, and understandings between the parties and there are no covenants, provisions, promises, agreements, conditions, or understandings, either

oral or written between them other than are herein set forth.

## 13. Effect of Headings

13.1 Headings appearing in this Agreement are inserted for convenience and reference and shall not be construed as interpretations of the text.

## 14. Multiple Originals

14.1 This Agreement is executed in quadruplicate. Each of the four (4) Agreements with an original signature of each party shall be an original.

## 15. Effective Date

15.1 This Agreement shall be effective when all of the following events have occurred:

.1 This Agreement is executed; and

.2 The right described in Article 5 of this Agreement has been confirmed in a decree in the SRBA and such decree has become final and nonappealable.

The parties have executed this Agreement the date following their respective signatures.

**Cecil Andrus**
Governor, State of Idaho

Date

**Augustine Pitrolo**
Manager, Idaho Operations Office
U.S. Department of Energy

JUL 1 9 1990
Date

**Jim Jones**
Attorney General,
State of Idaho

Date

for **Richard B. Stewart**
Assistant Attorney General
Land and Natural Resources Division
U.S. Department of Justice

7/20/90
Date

**Gene Gray**, Chair
Idaho Water Resource Board

Date

# EXHIBIT C

**Declaration of Counsel in Support of the State of Idaho's Motion for Declaratory Judgment re Administration of Water Right 34-10901**

JIM JONES
ATTORNEY GENERAL
STATE OF IDAHO
Statehouse Room 210
Boise, Idaho 83720
(208) 334-2400

Copies of documents filed with the court in this matter should be served on the above address and on the Director of the Idaho Department of Water Resources, Statehouse Mail, Boise, Idaho 83720

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO IN AND FOR THE COUNTY OF TWIN FALLS

| | |
|---|---|
| In Re the General Adjudication of Rights to the Use of Water from the Snake River Basin Water System | Case No. 39576 |
| | PETITION |
| The State of Idaho, ex rel. A. Kenneth Dunn in his official capacity as director of the Idaho Department of Water Resources, Petitioner, | Category: A-1<br>Fee: Exempt |
| vs. | **Supreme Court No. 99143** |
| the United States; the State of Idaho; and all claimants to the use of water from the Snake River Basin Water System, Defendants. | FILED - ORIGINAL<br>JUN 19 1987<br>Supreme Court ✓ Court of Appeals<br>Entered on ATS by: |

The State of Idaho, ex rel. A. Kenneth Dunn in his official capacity as Director of the Idaho Department of Water Resources,

on or prior to the date of entry of the commencement order, to file a notice of claim or a negotiated agreement with the director as provided in Idaho Code § 42-1409 (Supp. 1986);

f. Approves the method of ascertaining and serving claimants not disclosed following the completion of the service required by Idaho Code § 42-1408A(2) (a)-(d) (Supp. 1986) as set forth in paragraph 26;

g. Authorizes the director to investigate all uses of water from the system in accordance with Idaho Code § 42-1410 (Supp. 1986) and to file a report in accordance with Idaho Code § 42-1411 (Supp. 1986); and

h. Contains a statement that the district court files will contain affidavits of service and other documents stating the persons served with a copy of the notice of commencement order.

2. To determine all rights to the use of water within the water system, including those of the United States.

3. To make all determinations necessary and proper for the administration of the water rights determined in the general adjudication.

4. For such other and further relief as the court deems just and proper.

DATED this 17th day of June, 1987.

JIM JONES
Attorney General
State of Idaho

State of Idaho,
County of Twin Falls, } ss.
I hereby certify the foregoing to be a full, true and correct copy of the original on file in the above entitled action. RICHARD A. PENCE

Clerk of the District Court

Deputy

# EXHIBIT D

**Declaration of Counsel in Support of the State of Idaho's Motion for Declaratory Judgment re Administration of Water Right 34-10901**

DISTRICT COURT
TWIN FALLS CO. IDAHO
Lodged

'87 NOV 19 AM 11 24 '87 NOV 5 AM 9 23

BY____ DEPUTY CLERK BY____ DEPUTY CLERK

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

In Re the General Adjudication of Rights to the Use of Water from the Snake River Basin Water System ) Case No. 39576

The State of Idaho, ex rel. R. Keith Higginson in his official capacity as director of the Idaho Department of Water Resources,

Petitioner,

vs.

United States; State of Idaho; and all claimants to the use of water from the Snake River Basin Water System,

Defendants.

COMMENCEMENT ORDER

The State of Idaho, ex rel. R. Keith Higginson having initiated the above-entitled cause by the filing of a petition on June 17, 1987, the commencement hearing having come on regularly for hearing on September 8, 1987, the Court having issued a Memorandum Opinion on Commencement of Adjudication, the Court makes the following findings of fact and conclusions of law based on the record of the commencement hearing and enters its Order as follows:

order commencing the adjudication. The affidavits shall contain the address used for service for each person served.

12. The Clerk of the District Court shall send a certified copy of this order to the director, and shall send a conformed copy to all persons appearing before the Court at the commencement hearing in accordance with the Idaho Rules of Civil Procedure.

DATED this 19 day of November, 1987.

DANIEL C. HURLBUTT, JR.
District Judge

# EXHIBIT E

**Declaration of Counsel in Support of the State of Idaho's Motion for Declaratory Judgment re Administration of Water Right 34-10901**

ORIGINAL

IDWR Document Depository
PO Box 83720
Boise, ID 83720-0098

Chief Natural Resources Division
Office of the Attorney General
PO Box 44449
Boise, ID 83711-4449

United States Department of Justice
Environment & Natural Resources Div.
550 West Fort Street, MSC 033
Boise, ID 83724

DISTRICT COURT - SRBA
Fifth Judicial District
County of Twin Falls - State of Idaho
AUG 26 2014
By ______________________
Clerk
______________________
Deputy Clerk

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | |
| | ) | |
| | ) | FINAL UNIFIED DECREE |
| Case No. 39576 | ) | |
| | ) | |
| | ) | |

## I. PROCEDURE

On June 17, 1987, the State of Idaho, ex rel. A. Kenneth Dunn in his official capacity as Director of the Idaho Department of Water Resources, filed a petition in the above-entitled Court seeking commencement of a "general adjudication inter se of all rights arising under state or federal law to the use of surface and ground waters from the Snake River basin water system and for the administration of such rights." *Petition* at 2. On November 19, 1987, this Court issued its *Commencement Order* thereby initiating the above-entitled general stream adjudication of all rights to the use of the waters of the Snake River Basin within the State of

Idaho pursuant to Idaho Code § 42-1406A (Supp. 1987).[1] The *Commencement Order* adopted by reference this Court's October 14, 1987, *Memorandum Opinion on Commencement of Adjudication* as "further findings of fact and further conclusions of law as permitted by I.R.C.P. 52(a)." *Commencement Order* at 4.

As set forth in the *Memorandum Opinion on Commencement of Adjudication*, Idaho Code § 42-1406A (Supp. 1987) required that the adjudication be commenced within the terms of the McCarran Amendment, 43 U.S.C. § 666. This Court determined that for the adjudication to come within the terms of the McCarran Amendment the entire Snake River Basin water system within the State of Idaho had to be adjudicated. This Court defined the entire Snake River Basin water system within Idaho as follows:

> Beginning at the point where the southern boundary line of the state of Idaho meets the western boundary line of the state of Idaho, then following the western boundary of the state north to the northern boundary of the Clearwater Basin, in Idaho, in section 36, T. 36 N., R. 6 W., B.M., then following the northern watershed divide of the Clearwater River Basin north and east to the eastern boundary of the state of Idaho in section 4, T. 42 N., R. 11 E., B.M., then following the eastern boundary of the state southeast to the northern boundary of the Bear River Basin in section 35, T. 10 S., R. 46 E., B.M., then following the northern watershed divide of the Bear River Basin, in Idaho, southwest to the southern boundary of the state of Idaho in section 26, T. 16 S., R. 28 E., B.M., then following the southern boundary line of the state of Idaho west to the point of beginning.

*Commencement Order* at 5. A map showing the boundaries of the Snake River Basin water system is attached for illustrative purposes as Attachment 1, as required by Idaho Code § 42-1413 (2003). The following counties are wholly located within the boundaries of the Snake River Basin water system:

| | | | |
|---|---|---|---|
| Ada | Canyon | Idaho | Owyhee |
| Adams | Clark | Jefferson | Payette |

[1] Idaho Code § 42-1406A was added by section 1 of chapter 18, 1985 Idaho Sess. L. at 28. Section 42-1406A was subsequently amended by section 11 of chapter 454, 1994 Idaho Sess. L. at 1452-53, and now appears as an uncodified law in the 1994 Idaho Session Laws.

| | | | |
|---|---|---|---|
| Bingham | Clearwater | Jerome | Teton |
| Blaine | Custer | Lemhi | Twin Falls |
| Boise | Elmore | Lewis | Valley |
| Bonneville | Fremont | Lincoln | Washington |
| Butte | Gem | Madison | |
| Camas | Gooding | Minidoka | |

*Commencement Order* at 5. The following counties are partly located within the boundaries of the Snake River Basin water system:

| | |
|---|---|
| Bannock | Nez Perce |
| Caribou | Oneida |
| Cassia | Power |
| Latah | Shoshone |

*Id.* at 6.

The *Commencement Order* also determined that "all classes of water uses . . . within the water system [must] be adjudicated as part of the Snake River Basin adjudication." *Id.* At 6. On January 17, 1989, however, this Court entered its *Findings of Fact, Conclusions of Law, and Order Establishing Procedures for Adjudication of Domestic and Stock Water Uses* that allowed claimants of *de minimis* domestic and stock water rights, as defined in Idaho Code § 42-1401A(5) and (12) (Supp. 1988), to elect to defer adjudication of their claims; provided, all such claimants "shall be joined as parties in this proceeding and will be bound by all decrees entered in this case, including the final decree." *Findings of Fact* at 3.

The *Commencement Order* directed the Director of the Idaho Department of Water Resources ("Director"): 1) to investigate the water system as provided in Idaho Code § 42-1410 (Supp. 1987); 2) to prepare the notice of order commencing a general adjudication containing that information required by Idaho Code § 42-1408A(1) (Supp. 1987); 3) to serve notice of the order commencing a general adjudication in accordance with chapter 14, title 42, Idaho Code; and 4) to file with this Court affidavits and other documents stating the

persons served with a notice of order commencing the adjudication. *Commencement Order* at 7-8.

Based upon the claims submitted; the files and records of the Idaho Department of Water Resources and the Court; the examination of the ditches, diversions, lands irrigated, and other uses of water within the water system; the Director's Reports and evidence herein, this Court enters the following findings of fact and conclusions of law:

## II. FINDINGS OF FACT

1. All requirements for joinder of the United States as a party under state and federal law, including but not limited to 43 U.S.C. § 666, have been satisfied.

2. The Nez Perce Tribe participated in this proceeding by filing notices of claim for water rights reserved under federal law and by filing a general notice of appearance with the Court. *Notice of Claim to a Water Right Reserved Under Federal Law* (filed with Dept. of Water Res. March 25, 1993); *Notice of Appearance* (March 18, 1993).

3. The Northwestern Band of the Shoshoni Nation participated in this proceeding by filing notices of claim for water rights reserved under federal law and by filing a general notice of appearance with the Court. *Partial Protective Filing by the Northwestern Band of the Shoshoni Nation of Notices of Claim for Water Rights Reserved Under Federal Law* (filed with Dept. of Water Res. March 25, 1993); *Notice of Appearance on Behalf of the Northwestern Band of the Shoshoni Nation* (March 22, 1993).

4. The Shoshone-Bannock Tribes sought and were granted intervention in this proceeding. *Order Granting Permissive Intervention by the Shoshone-Bannock Tribes* (April 12, 1993).

5. The Shoshone-Paiute Tribes of the Duck Valley Indian Reservation sought and were granted intervention in this proceeding. *Motion to Intervene and Request for Expedited Hearing* (SRBA Consolidated Subcase No. 51-12756, Jan. 12, 1999); *Order Granting Tribes' Motion to Intervene, Order Requiring Written Status Reports and Order for Scheduling Conference Reports* (SRBA Subcases Nos. 51-12756 et al., Dec. 6, 1999).

6. The Director served notice of the commencement of the Snake River Basin Adjudication ("SRBA") in accordance with chapter 14, title 42, Idaho Code and the orders of this Court. This included service of the notice of commencement on the State of Idaho and the United States; service of the notice of commencement on all other persons by publication; service of the notice of commencement by posting in each county courthouse, county recorder's office and county assessor's office in which any part of the water system is located; service of the notice of commencement by mail on each person listed as owning real property on the real property assessment roll within the boundaries of the Snake River Basin water system; and filing of a copy of the notice of commencement in the office of the county recorder in each county in which any part of the water system is located.

7. In addition to the steps taken in paragraph 6, the Idaho Department of Water Resources also served notices of commencement on persons who may have used water within the water system, but were not listed as owners of real property. The sources of information the Idaho Department of Water Resources reviewed for this purpose were: 1) water right records of the Idaho Department of Water Resources for each basin wholly or partly within the water system; 2) cooperating farm/ranch operator records of the United States Department of Agriculture, Agricultural Stabilization and Conservation Service for each basin wholly or partly within the water system; and 3) mining claim records on federal

land of the United States Department of Interior, Bureau of Land Management for each basin wholly or partly within the water system.

8. The Director has completed an examination of the Snake River Basin water system and submitted Director's Reports to this Court in conformance with the requirements of chapter 14, title 42, Idaho Code and the orders of this Court.

9. As required by title 42, chapter 14, Idaho Code and this Court's orders, claims to water rights arising under state or federal law to the use of the surface and ground waters from the Snake River Basin water system have been adjudicated resulting in the issuance of partial decrees that have been certified as final pursuant to I.R.C.P. 54(b).[2]

10. Idaho Code § 42-1412(8) (2003) provides that: "Upon resolution of all objections to water rights acquired under state law, to water rights established under federal law, and to general provisions, and after entry of partial decree(s), the district court shall combine all partial decrees and the general provisions into a final decree." The Court finds that the conditions of Idaho Code § 42-1412(8) (2003) have been met with respect to the water rights identified in Attachments 2, 4, 5 and 6 and the general provisions in Attachment 3, enabling the Court to issue this Final Unified Decree.

## III. CONCLUSIONS OF LAW

1. The SRBA is a general stream adjudication *inter se* of all water rights arising under state or federal law to the use of surface and ground waters from the Snake River Basin water system and for the administration of such rights.

2. The State of Idaho is a party to this proceeding.

[2] At the time of entry of this Final Unified Decree there are a total of 103 subcases pending final resolution. A separate *Order Regarding Subcases Pending Upon Entry of Final Unified Decree* is being entered contemporaneously herewith, which provides for the continued processing of the subcases listed therein.

3. The Director was withdrawn as a party to this proceeding in 1994. Idaho Code § 42-1401B (2003); *State of Idaho, ex rel. Higginson v. United States*, 128 Idaho 246, 256-57, 912 P.2d 614, 624-25 (1995).

4. The United States is a party to this proceeding under 43 U.S.C. § 666.

5. This Final Unified Decree is conclusive as to the nature and extent of all rights of the United States to the use of the waters of the Snake River Basin water system within the State of Idaho with a priority date before November 19, 1987, including, but not limited to, water rights held by the United States in trust for any Indian tribe, except for those water rights expressly exempted by Idaho Code § 42-1420 (2003) or by order of this Court.

6. The Nez Perce Tribe, the Northwestern Band of the Shoshoni Nation, the Shoshone-Bannock Tribes, and the Shoshone-Paiute Tribes of the Duck Valley Indian Reservation are parties to this proceeding.

7. The *Consent Decree Approving Entry of Partial Final Decrees Determining the Rights of the United States as Trustee for the Benefit of the Nez Perce Tribe and the Nez Perce Tribe to the Use of Water in the Snake River Basin within Idaho and Partial Final Decrees Determining Minimum Stream Flow Water Rights Held by the Idaho Water Resources Board* with its six attachments dated January 30, 2007 ("*Nez Perce Consent Decree*"), is included in Attachment 4 and is hereby incorporated into this Final Unified Decree by reference. The *Nez Perce Consent Decree* is conclusive as to the nature and extent of all rights of the Nez Perce Tribe to the use of the waters of the Snake River Basin water system within the State of Idaho with a priority date before November 19, 1987, except for those water rights expressly exempted by Idaho Code § 42-1420 (2003) or by order of this Court.

8. The *Revised Partial Final Consent Decree Determining the Rights of the Shoshone-Bannock Tribes to the Use of Water in the Upper Snake River Basin*, dated August 13, 2014 ("*Shoshone-Bannock Consent Decree*"), is included in Attachment 4 and is hereby incorporated into this Final Unified Decree by reference. The *Shoshone-Bannock Consent Decree* is conclusive as to the nature and extent of all rights of the Shoshone-Bannock Tribes to the use of the waters of the Snake River Basin water system within the State of Idaho with a priority date before November 19, 1987, except for those water rights expressly exempted by Idaho Code § 42-1420 (2003) or by order of this Court.

9. The *Revised Consent Decree Approving Entry of Partial Decrees Determining the Rights of the United States as Trustee for the benefit of the Shoshone-Paiute Tribes to the Use of Water in the Snake River Basin within Idaho* with its three attachments, dated December 12, 2006 ("*Shoshone-Paiute Consent Decree*"), is included in Attachment 4 and is hereby incorporated into this Final Unified Decree by reference. The *Shoshone-Paiute Consent Decree* is conclusive as to the nature and extent of all rights of the Shoshone-Paiute Tribes of the Duck Valley Indian Reservation to the use of the waters of the Snake River Basin water system within the State of Idaho with a priority date before November 19, 1987, except for those water rights expressly exempted by Idaho Code § 42-1420 (2003) or by order of this Court.

10. This Final Unified Decree is conclusive as to the nature and extent of all rights of the Northwestern Band of the Shoshoni Nation to the use of the waters of the Snake River Basin water system within the State of Idaho with a priority date before November 19, 1987, except for those water rights expressly exempted by Idaho Code § 42-1420 (2003) or by order of this Court.

11. Claimants in each of the SRBA basins received notice of the commencement of the SRBA in accordance with chapter 14, title 42, Idaho Code and orders of this Court. These notice procedures satisfy constitutional due process requirements. *LU Ranching Co. v. U.S.*, 138 Idaho 606 (2003).

## IV. ORDER

NOW THEREFORE this Court ORDERS, ADJUDGES AND DECREES as follows:

1. This Final Unified Decree is conclusive as to the nature and extent of all water rights within the Snake River Basin within the State of Idaho with a priority date prior to November 19, 1987, except the following described water rights shall not be lost by failure to file a notice of claim, as provided in Idaho Code § 42-1420 (2003):

a. Any domestic and stock water right, as defined in Idaho Code § 42-111 (1990), Idaho Code § 42-1401A(5) (1990), and Idaho Code § 42-1401A(12) (1990), the adjudication of which was deferred in accordance with this Court's June 28, 2012, *Order Governing Procedures in the SRBA for Adjudication of Deferred De Minimis Domestic and Stock Water Claims*;

b. A water right application for permit filed under chapters 2 or 15, title 42, Idaho Code;

c. A water right permit issued under chapters 2 or 15, title 42, Idaho Code, unless the Director required the permit holder to file a notice of claim in accordance with subsection (7) of section 42-1409, Idaho Code;

d. A water right license issued under chapters 2 or 15, title 42, Idaho Code, if proof of beneficial use was not filed with the Department of Water Resources

before November 19, 1987, unless the Director required the license holder to file a notice of claim in accordance with subsection (7) of section 42-1409, Idaho Code; and

e. A claim to a water right under federal law, if the priority of the right claimed is later than November 18, 1987.

All other water rights with a priority before November 19, 1987, not expressly set forth in this Final Unified Decree are hereby decreed as disallowed.[3] Any water rights with a priority date subsequent to November 18, 1987, were not required to be claimed in the SRBA, but to the extent any such water rights were claimed in the SRBA and a partial decree issued, the partial decree is conclusive as to the nature and extent of the right.

2. All partial decrees issued by this Court are set forth in Attachments 2 and 4 to this Final Unified Decree and are incorporated herein by reference.

3. Attachment 2 consists of a name index and a copy of all partial decrees issued by this Court.

4. General provisions decreed by this Court are set forth in Attachment 3 to this Final Unified Decree and are incorporated herein by reference.

5. Attachment 4 consists of the federal and tribal reserved water rights partially decreed and/or otherwise memorialized in a consent decree issued in conjunction with the approval of a federal reserved water right settlement, including all consent decrees and all attachments thereto; all partial decrees issued by this Court as part of the respective settlements; and all Federal, State and/or Tribal legislation necessary to enact and approve the water right settlements. In the case of any conflict between this Final Unified Decree and the partial

[3] Excepting those claim numbers listed in the *Order Regarding Subcases Pending Upon Entry of Final Unified Decree* entered contemporaneously herewith.

consent decrees approving reserved water right settlements, the partial consent decrees approving the reserved water right settlements as set forth in Attachment 4 shall control.

6. All claims to water rights filed in this proceeding that were decreed disallowed by this Court are set forth in Attachment 5 to this Final Unified Decree and are incorporated herein by reference.

7. The water right numbers for those water rights of record with the Idaho Department of Water Resources that were required to be claimed but were not claimed in this proceeding and therefore were decreed disallowed by this Court are set forth in Attachment 6 and are incorporated herein by reference. The portion of any disallowed water right that was deferrable pursuant to this Court's June 28, 2012, *Order Governing Procedures in the SRBA for Adjudication of Deferred De Minimis Domestic and Stock Water Claims* is not affected by this paragraph.

8. This Final Unified Decree is binding against all persons including any persons that deferred filing of domestic and/or stock water claims pursuant to this Court's June 28, 2012, *Order Governing Procedures in the SRBA for Adjudication of Deferred De Minimis Domestic and Stock Water Claims*, which is set forth in Attachment 7 to this Final Unified Decree and is incorporated herein by reference.

9. The adjudication of deferred domestic and stock water claims and the administration of such rights prior to their adjudication shall be governed by this Court's June 28, 2012, *Order Governing Procedures in the SRBA for Adjudication of Deferred De Minimis Domestic and Stock Water Claims* and applicable state law.

10. All water rights based on beneficial uses, licenses, permits, posted notices, and statutory claims required to be claimed in this proceeding are superseded by this Final

Unified Decree. Provided, however, this Final Unified Decree does not supercede the third-party beneficiary contractual rights conferred on certain classes of water rights pursuant to the "Contract to Implement Chapter 259, Sess. Law 1983" as authorized by 1983 Idaho Sess. Laws 689 and codified as Idaho Code § 61-540 (2002). The scope of third-party beneficiaries and contract rights are defined in this Court's *Order on State of Idaho's Motion for Partial Summary Judgment on Issue No. 2.* Subcase No. 00-91013 (Basin-Wide Issue 13) (July 12, 2011) included as Attachment 9.

11. All prior water right decrees and general provisions within the Snake River Basin water system are superseded by this Final Unified Decree except as expressly provided otherwise by partial decree or general provisions of this Court.

12. This Final Unified Decree shall not be construed to define, limit or otherwise affect the apportionment of benefits to lands within an irrigation district pursuant to chapter 7, title 43, Idaho Code.

13. This Final Unified Decree shall not be construed to supersede or affect otherwise the following: 1) any administrative changes to the elements of a water right completed after the entry of a partial decree but prior to the entry of this Final Unified Decree; or 2) elements of a water right defined by a license where, in accordance with Idaho Code § 42-1421(3) (2003), a partial decree was issued based on a permit prior to the issuance of the license.

14. The time period for determining forfeiture of a partial decree based upon state law shall be measured from the date of issuance of the partial decree by this Court and not from the date of this Final Unified Decree. State law regarding forfeiture does not apply to partial decrees based upon federal law.

15. The decreed water rights shall be administered in the Snake River Basin water system in accordance with this Final Unified Decree and applicable federal, state and tribal law, including the administrative provisions set forth in the federal reserved water right settlement agreements in Attachment 4.

16. Nothing in this Final Unified Decree shall be interpreted or construed as exempting the holder of a decreed water right based on state law from exercising or changing such right in compliance with applicable Idaho law.

17. This Court retains jurisdiction of this proceeding to: a) resolve any issues related to the Final Unified Decree that are not reviewable under the Idaho Administrative Procedures Act and/or the rules of the Idaho Department of Water Resources; b) adjudicate any domestic or stock water rights deferred under this Court's June 28, 2012, *Order Governing Procedures in the SRBA for Adjudication of Deferred De Minimis Domestic and Stock Water Claims*; and c) enter partial decrees, orders of disallowance, or other final determination for the pending subcases listed in the *Order Regarding Subcases Pending Upon Entry of Final Unified Decree* entered contemporaneously herewith. Any order amending or modifying this Final Unified Decree, including the attachments hereto, will be entered on the register of action for Civil Case No. 39576 in the District Court of the Fifth Judicial District of the State of Idaho, in and for the County of Twin Falls, and will be filed with the Idaho Department of Water Resources in lieu of issuing an Amended Final Unified Decree. Attachment 8 contains instructions on how to access any orders amending this Final Unified Decree.

18. The incorporation by reference of partial decrees and orders of this Court contained in the Attachments to this Final Unified Decree does not constitute a reissuance of such partial decrees and orders.

19. This Final Unified Decree, including the entirety of Attachments 1 through 10 listed below, shall be entered in the records of the clerk of the District Court for the Fifth Judicial District of the State of Idaho, in and for the County of Twin Falls.

| | |
|---|---|
| Attachment 1 | Snake River Basin Water System Map. |
| Attachment 2 | Partially Decreed Water Rights, including a name index, consisting of 770 pages. |
| Attachment 3 | General Provisions, consisting of 113 pages. |
| Attachment 4 | Federal and Tribal Reserved Water Right Settlements, including all Consent Decrees and all Attachments thereto, all Partial Decrees issued by this Court as part of the Respective Settlements, and all Federal, State and/or Tribal Legislation Necessary to Enact and Approve the Water Right Settlements consisting of 2,857 pages. |
| Attachment 5 | List of Water Right Numbers for Filed Water Right Claims Decreed as Disallowed consisting of 66 pages. |
| Attachment 6 | List of Water Right Numbers for Unclaimed Water Rights Decreed as Disallowed consisting of 24 pages. |
| Attachment 7 | June 28, 2012, *Order Governing Procedures in the SRBA for Adjudication of Deferred De Minimis Domestic and Stock Water Claims* consisting of 6 pages. |
| Attachment 8 | Instructions on Searching the Final Unified Decree consisting of 5 pages. |
| Attachment 9 | *Order on State of Idaho's Motion for Partial Summary Judgment on Issue No. 2.* Subcase No. 00-91013 (Basin-Wide Issue 13) (July 12, 2011). |
| Attachment 10 | *Register of Actions*, Twin Falls County Case No. 39576 (i.e., SRBA Main Case). |

20. A certified paper and electronic copy of the entire Final Unified Decree shall be provided to the Director. The Director shall record the Final Unified Decree excluding all

Attachments other than Attachments 7 and 8 in the office of the county recorder of each county in which the place of use or point of diversion of any individual decreed water right in the Final Unified Decree is located. The Director shall maintain a copy of the Final Unified Decree for public inspection.

DATED this 25th day of August, 2014.

Eric J. Wildman

ERIC J. WILDMAN
Presiding Judge
Snake River Basin Adjudication

# ATTACHMENT 1

SNAKE RIVER BASIN WATER SYSTEM MAP consisting of 1 page.

# ATTACHMENT 2

## PARTIALLY DECREED WATER RIGHTS, INCLUDING A NAME INDEX AND A WATER RIGHT NUMBER INDEX
(water right number index in electronic copy only).

TABLE OF CONTENTS


1. NAME INDEX Pages 1 to 770
2. WATER RIGHT NO. INDEX (electronic copy only)
3. PARTIAL DECREES Beginning Page 771

# ATTACHMENT 3

GENERAL PROVISIONS
consisting of 113 pages.

# ATTACHMENT 4

FEDERAL AND TRIBAL RESERVED WATER RIGHT SETTLEMENTS, INCLUDING ALL CONSENT DECREES AND ALL ATTACHMENTS THERETO, ALL PARTIAL DECREES ISSUED BY THIS COURT AS PART OF THE RESPECTIVE SETTLEMENTS, AND ALL FEDERAL, STATE AND/OR TRIBAL LEGISLATION NECESSARY TO ENACT AND APPROVE THE WATER RIGHT SETTLEMENTS CONSISTING OF 2,857 PAGES.

# TABLE OF CONTENTS FOR ATTACHMENT 4

| | Page |
|---|---|
| *Revised Partial Final Consent Decree Determining the Rights of the Shoshone-Bannock Tribes to the Use of Water in the Upper Snake River Basin*, dated August 13, 2014. | 1 |
| *The 1990 Fort Hall Indian Water Rights Agreement by and between the Shoshone Bannock Tribes of the Fort Hall Indian Reservation, the State of Idaho, the United States, and Certain Idaho Water Users,* dated July 5, 1990. | 211 |
| *Public Law 101-602, 104 Stat. 3059* (November 16, 1990). | 288 |
| *Chapter 228, 1991 Idaho Sess. L. 547.* | 293 |
| *H.C.R. No. 16, 1985 Idaho Sess. L. 745.* | 294 |
| *Resolutions of the Business Council of the Shoshone-Bannock Tribes*, dated June 15, 1990; July 5, 1990; and June 14, 1991. | 295 |
| *Revised Consent Decree Approving Entry of Partial Decrees Determining the Rights of the United States as Trustee for the Benefit of the Shoshone-Paiute Tribes to the Use of Water in the Snake River Basin within Idaho*, dated December 12, 2006. | 300 |
| *Consent Decree Approving Entry of Partial Final Decrees Determining the Rights of the United States as Trustee for the Benefit of the Nez Perce Tribe and the Nez Perce Tribe to the Use of Water in the Snake River Basin within Idaho and Partial Final Decrees Determining Minimum Stream Flow Water Rights Held by the Idaho Water Resources Board*, dated January 30, 2007. | 669 |
| *Snake River Water Rights Act of 2004, Pub. L. 108-447, Division J, Title X* (December 8, 2004). | 2523 |
| *Chapter 148, 2005 Idaho Sess. L. 461.* | 2534 |
| *Chapter 149, 2005 Idaho Sess. L. 462-465.* | 2535 |
| *Chapter 150, 2005 Idaho Sess. L. 465-466.* | 2539 |
| *Nez Perce Tribal Resolution No. 05-210* (March 29, 2005). | 2541 |

*Water Rights Agreement Between the State of Idaho and the United States for the Craters of the Moon National Monument* (May 13, 1992); *Orders of Partial Decree* entered Dec. 1, 1998 (Subcase Nos. 34-12383, 34-12384, 34-12385, 34-12386, 34-12387, 34-12388, and 34-12389). 2545

*Water Rights Agreement Between the State of Idaho and the United States for the United States Department of Energy* (July 20, 1990); *Order of Partial Decree* entered *nunc pro tunc* June 20, 2003 (Subcase No. 34-10901). 2600

*Order Approving Stipulation and Entry of Basin 79 Partial Decrees* (Subcase No. 79-13597, Hells Canyon National Recreation Area Act Claims, Nov. 16, 2004). 2643

*Order Approving Entry of Basin 78 Partial Decrees,* dated May 2, 2005 (Consolidated Subcase No. 79-13597 Hells Canyon National Recreation Area Act Claims (Encompassing Subcases 79-14054 through 79-14079 and Subcases 78-12200 through 78-12205). 2753

*Amended Order Approving Stipulation and Entry of Partial Decrees* (Consolidated Subcase No. 75-13316 (Wild & Scenic Rivers Act Claims, Nov. 17, 2004). 2781

*Order of Partial Decree on Uncontested Federal Water Right Claims,* dated February 28, 2012 (Water Rights Agreement Between the State of Idaho and the United States for Yellowstone National Park). 2822

# ATTACHMENT 5

## LIST OF WATER RIGHT NUMBERS FOR FILED WATER RIGHT CLAIMS DECREED AS DISALLOWED consisting of 66 pages.

The disallowed water right numbers listed in Attachment 5 fall into two categories: (1) water right numbers where the actual claimed use of water was adjudicated to be disallowed; and (2) water right numbers where the water right was split subsequent to the filing of the director's report, with the claimed use of water being decreed under the water right numbers for the "children" rights, and the number for the "parent" right having been decreed disallowed for purposes of closing the subcase number in the court's register of action. Please consult the Idaho Department of Water Resources for further inquiry regarding any of the disallowed water right numbers listed in Attachment 5.

# ATTACHMENT 6

LIST OF WATER RIGHT NUMBERS FOR UNCLAIMED WATER RIGHTS DECREED AS DISALLOWED consisting of

24 pages.

# ATTACHMENT 7

June 28, 2012, *Order Governing Procedures in the SRBA for Adjudication of Deferred De Minimis Domestic and Stock Water Claims* consisting of 6 pages.

# ATTACHMENT 8

INSTRUCTIONS ON SEARCHING THE FINAL UNIFIED DECREE consisting of 5 pages.

# ATTACHMENT 9

*Order on State of Idaho's Motion for Partial Summary Judgment on Issue No. 2.* Subcase No. 00-91013 (Basin-Wide Issue 13) (July 12, 2011)

# ATTACHMENT 10

*Register of Actions*, Twin Falls Case No. 39576 (i.e., SRBA Main Case)

# EXHIBIT F

Declaration of Counsel in Support of the State of Idaho's Motion for Declaratory Judgment re Administration of Water Right 34-10901

**BEFORE THE DEPARTMENT OF WATER RESOURCES**

**OF THE STATE OF IDAHO**

| | |
|---|---|
| IN THE MATTER OF DISTRIBUTION OF WATER TO VARIOUS WATER RIGHTS HELD BY OR FOR THE BENEFIT OF A&B IRRIGATION DISTRICT, AMERICAN FALLS RESERVOIR DISTRICT #2, BURLEY IRRIGATION DISTRICT, MILNER IRRIGATION DISTRICT, MINIDOKA IRRIGATION DISTRICT, NORTH SIDE CANAL COMPANY, AND TWIN FALLS CANAL COMPANY | Docket No. CM-DC-2010-001<br><br>**FINAL ORDER REGARDING APRIL 2026 FORECAST SUPPLY**<br><br>**(METHODOLOGY STEPS 1–3)** |

**FINDINGS OF FACT**

1. On July 19, 2023, the Idaho Department of Water Resources ("Department") issued its *Sixth Final Order Regarding Methodology for Determining Material Injury to Reasonable In-Season Demand and Reasonable Carryover* ("*Methodology Order*"). The *Methodology Order* established nine steps for determining material injury to members of the Surface Water Coalition ("SWC"). This order applies steps 1, 2, and 3 of the *Methodology Order*.[1]

**A. Step 1**

2. By April 1 of each year, Step 1 requires members of the SWC to submit to the Department electronic shapefiles delineating the total anticipated irrigated acres for the upcoming year "or confirm in writing that the existing electronic shape file submitted by SWC has not varied by more than five percent." *Methodology Order* ¶ 1, at 41.

3. On February 17, 2026, Minidoka Irrigation District ("Minidoka") submitted its electronic shapefile delineating its total irrigated acres to the Department.

4. On March 27, 2026, the Department received a letter from A&B Irrigation District ("A&B"), Burley Irrigation District ("BID"), Milner Irrigation District ("Milner"), North Side Canal Company ("NSCC"), and Twin Falls Canal Company ("TFCC"). In the letter, A&B, BID, Milner, and NSCC confirmed that their total number of irrigated acres for 2026 will not vary by more than five percent from the electronic shapefiles submitted in prior years. With the letter, TFCC submitted an electronic shapefile delineating its total irrigated acres.

[1] Shortly after the *Methodology Order* was issued, the City of Pocatello, the City of Idaho Falls, and the Coalition of Cities (collectively "Cities") and the Idaho Ground Water Appropriators, Inc. ("IGWA") filed petitions for judicial review in Ada County (Nos. CV01-23-13238 and CV01-23-13173). IGWA's petition for judicial review is stayed until December 31, 2027. The Idaho Supreme Court dismissed the Cities' petition for lack of jurisdiction, but the matter is still pending on a petition for rehearing. The filing of a petition for judicial review does not stay the effectiveness of an order. I.C. § 67-5274. No party to the judicial review proceedings has requested a stay of the *Methodology Order*. Accordingly, the Director will apply the *Methodology Order* in this order.

5. On April 8th, 2026, the Department received a letter from American Falls Reservoir District #2 ("AFRD2"), stating that its total number of irrigated acres has not varied by more than five percent.

6. Based on the information submitted by the SWC, the Department will use the following total irrigated acres:

| | Total Irrigated Acres[2] | Data Source |
|---|---|---|
| A&B | 14,749[3] | SRBA Partial Decree |
| AFRD2 | 62,361 | SRBA Partial Decree |
| BID | 46,035 | 2013 shapefile submitted by BID, reduced by the Department for overlapping acres and acres outside of service area. |
| Milner | 13,264 | 2010 service area shapefile, reduced by the Department for overlapping acres and acres outside of service area. |
| Minidoka | 73,825 | 2026 shapefile submitted by Minidoka, reduced by the Department for overlapping acres and acres outside of the service area. |
| NSCC | 154,067 | SRBA Partial Decree |
| TFCC | 193,638 | 2026 shapefile submitted by TFCC, reduced by the Department for overlapping acres and acres outside of service area.[4] |

**B. Step 2**

7. Step 2 states that, within fourteen days of the issuance of the joint forecast prepared by the United States Bureau of Reclamation ("USBR") and the United States Army Corps of Engineers ("USACE"), the Director "will issue a final order predicting the April [Forecast Supply] for the water year for each SWC entity. The Director will compare the April [Forecast Supply] for each SWC entity to the [Baseline Demand] for each SWC entity to determine if an in-season demand shortfall ("IDS") is anticipated for the upcoming irrigation season." *Methodology Order* ¶ 3, at 42.

[2] "The number of irrigated acres used in this methodology order is the number of reported acres unless that number is larger than the decreed irrigated acres, and if so, then the decreed acres are used." *Methodology Order* ¶ 22, at 11.

[3] The Department has modified the total A&B irrigated acreage count to 14,749 acres. Based on Judge Wildman's district court decision, the new acreage count removes A&B's enlargement acres. *Mem. Decision & Order*, at 8, *City of Idaho Falls v. Idaho Dep't of Water Res.*, No. CV01-23-13238 (Ada Cnty. Dist. Ct. Idaho May 31, 2024).

[4] On April 10, 2026, the Cities filed *Cities' Motion to Consider Information When Determining Surface Water Coalition's Irrigated Acres Under Methodology Step 1* ("*Motion*"). In that motion, they ask the Director to consider the information contained in a technical memorandum prepared by the Cities' consultants when determining TFCC's total irrigated acres in this order. *Motion*, at 2. The motion was filed only days before the deadline for this order, leaving the Department insufficient time to evaluate its merits. The Director may revisit, and if appropriate, modify TFCC's total irrigated acres in orders issued later this irrigation season.

8. On April 2, 2026, the USBR and USACE issued their joint forecast ("Joint Forecast"), predicting an unregulated inflow of 2,300,000 acre-feet at the Snake River near Heise gage for the period of April through July. The forecasted flow volume equates to 70% percent of the average.[5] The Joint Forecast "is generally as accurate a forecast as is possible using current data gathering and forecasting techniques." *Id.* ¶ 49, at 19 (citation omitted).

9. The April–July Heise natural flow data from the years 1990–2025 were data inputs for the development of regression equations for A&B and Milner to predict the natural flow supply.[6] Data greater or less than two standard deviations from the average were excluded from the regression development.

10. The April–July Heise natural flow data from the years 1990–2025 and Box Canyon November–March total discharge data for the period 1989–2025, were data inputs for the development of multiple linear regression equations to predict the natural flow supplies for AFRD2, BID, Minidoka, NSCC, and TFCC. *Methodology Order* ¶ 49, at 19. The U.S. Geological Survey measures and monitors the flow at the Box Canyon stream flow measurement gage. The Box Canyon November–March total discharge used by the Director in the 2026 regression models totaled 93,824 acre-feet.

11. The storage allocations were predicted for each SWC member. As of April 6, 2026, Water District No. 1's preliminary water right accounting indicates water rights for Jackson Lake 1906, Lake Walcott, Jackson Lake 1910, Palisades Winter Water Savings, Island Park 1921, American Falls Winter Water Savings, and Henrys Lake 1965 are satisfied. The remaining reservoir rights are 838,546 acre-feet short of satisfaction. Based on a comparison of the current Heise natural flow forecast to the analog years of 2002, 2004, 2013, and 2021, the Director anticipates the remaining reservoir water rights for Jackson Lake and Palisades will be 48-87% satisfied, and each SWC member will receive 90-100% of their allocation. The storage allocations are based on the anticipated allocations minus evaporation charges.

---

[5] The average is based on the years 1991–2020. The Joint Forecast relies on a "30-Year Climate Normal" to calculate an average April through July runoff volume.

[6] Attached hereto, as Attachment A, are the regression analyses for each SWC entity used to predict natural flow supply.

12. Based on the above, the Director projects the following shortfalls:

| | Predicted Natural Flow Supply | Predicted Storage Allocation | Minidoka Credit Adjustment | Total Forecast Supply | Baseline Demand (BLY 2018) | In-Season Demand Shortfall |
|---|---|---|---|---|---|---|
| A&B | 1,693 | 120,313 | | 122,006 | 64,192 | 0 |
| AFRD2 | 31,003 | 383,024 | 1,000 | 415,027 | 458,890 | 43,900 |
| BID | 72,555 | 217,257 | 5,130 | 294,942 | 262,211 | 0 |
| Milner | 4,568 | 79,513 | | 84,081 | 58,417 | 0 |
| Minidoka | 98,553 | 341,646 | 8,370 | 448,569 | 354,851 | 0 |
| NSCC | 279,289 | 821,048 | -7,750 | 1,092,587 | 1,026,661 | 0 |
| TFCC | 757,715 | 233,029 | -6,750 | 983,994 | 1,121,717 | 137,700 |
| | | | Total Predicted April In-Season Demand Shortfall (AF) | | | 181,600 |

## C. Step 3

13. Step 3 requires the following:

> Step 3: By May 1, or within fourteen (14) days from issuance of the final order predicting the April [Forecast Supply], whichever is later in time, junior ground water users with approved mitigation plans for delivery of water must secure, to the satisfaction of the Director, a volume of water equal to their proportionate share of the April IDS unless the April IDS is revised as explained below in paragraph 6. If junior ground water users secured water for a reasonable carryover shortfall to an individual SWC member in the previous year, the current-year mitigation obligation to the individual SWC member will be reduced by the quantity of water secured for the reasonable carryover shortfall. The secured water will not be required to be delivered to the injured members of the SWC until the Time of Need.

*Methodology Order* ¶ 4, at 42.

14. The predicted April IDS for AFRD2 is 43,900 acre-feet and TFCC is 137,700 acre-feet. The total predicted April IDS is 181,600 acre-feet.

15. The Eastern Snake Plain Aquifer Model ("ESPAM") is used to predict the junior priority water rights that must be curtailed to produce the volume of water equal to the predicted April IDS in the near Blackfoot to Minidoka reach. The ESPAM is updated periodically as new field measurements and advancements in modeling technology become available. ESPAM Version 2.2 ("ESPAM2.2") is the latest model version.[7]

[7] The Department finalized ESPAM2.2 model documentation reports (including a model calibration report, a predictive uncertainty analysis, a superposition model scenario, and a curtailment scenario) on May 27, 2021. *See* Idaho Dep't of Water Res., *ESPAM2.2 Reports* (2021), https:// research.idwr.idaho.gov/files/projects/espam/ browse/ESPAM22_Reports/.

16. The Department ran ESPAM2.2 to predict the junior priority water rights within the area of common ground water supply ("ACGWS") that must be curtailed to produce the volume of water equal to the predicted April IDS between May 1 and September 30 of this irrigation season pursuant to the *Methodology Order*. The ESPAM2.2 simulation calculated the curtailment of ground water rights bearing priority dates junior to October 11, 1900, will produce a volume of water of 94,000 acre-feet in the near Blackfoot to Minidoka reach between May 1 and September 30 of this irrigation season. The predicted benefit of the curtailment is less than the April IDS of 181,600 acre-feet. Curtailing ground water rights bearing priority dates junior to October 11, 1900, will offset as much of the April IDS as possible.

## CONCLUSIONS OF LAW

1. The Fifth Judicial District Court, in and for the County of Minidoka, held that the evidentiary standard of proof to apply in conjunctive administration of hydraulically connected water rights is clear and convincing. *See Mem. Decision & Order on Pets. for Jud. Rev.*, *A&B Irr. Dist., Inc. v. Idaho Dep't of Water Res.*, No. CV-2009-647 (Minidoka Cnty. Dist. Ct. Idaho May 4, 2010); *Mem. Decision & Order on Pets. for Reh'g*, *A&B Irr. Dist., Inc. v. Idaho Dep't of Water Res.*, No. CV-2009-647 (Minidoka Cnty. Dist. Ct. Idaho Nov. 2, 2010).

2. "Clear and convincing evidence refers to a degree of proof greater than a mere preponderance." *Idaho State Bar v. Topp*, 129 Idaho 414, 416, 925 P.2d 1113, 1115 (1996) (internal quotations omitted). "Clear and convincing evidence is generally understood to be '[e]vidence indicating that the thing to be proved is highly probable or reasonably certain.'" *State v. Kimball*, 145 Idaho 542, 546, 181 P.3d 468, 472 (2008) (citing *In re Adoption of Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006)); *see also Idaho Dep't of Health & Welfare v. Doe*, 150 Idaho 36, 41, 244 P.3d 180, 185 (2010).

3. The Director must utilize the best available technology for determining the impact of junior ground water diversions. *See Clear Springs Foods, Inc. v. Spackman*, 150 Idaho 790, 814, 252 P.3d 71, 95 (2011). ESPAM 1.1 and 2.1 are the model versions utilized previously in the SWC delivery call proceedings. Previously, the Director determined that ESPAM 2.1 was the best available scientific tool for predicting the effects of ground water pumping. *See Idaho Ground Water Assoc. v. Idaho Dep't of Water Res.*, 160 Idaho 119, 124, 369 P.3d 897, 902 (2016). ESPAM 2.2 is the latest version of the ESPAM model. The improvements incorporated into ESPAM 2.2, as discussed in Finding of Fact 15, make it the best available scientific tool for predicting the effects of ground water pumping in this proceeding.

4. In 2026, the Director has sufficient information to quantify the irrigated areas for each of the SWC members as required by Step 1.

5. The USBR-USACE April Joint Forecast predicts an unregulated inflow of 2,300,000 acre-feet at the Snake River near Heise gage from April to July. The forecasted volume equates to 70% of the average.

6. The predicted April IDS is 181,600 acre-feet. Junior ground water users holding consumptive water rights bearing priority dates junior to October 11, 1900, within the Eastern Snake Plain Aquifer ACGWS must mitigate for their proportionate share of the predicted April IDS in accordance with an approved mitigation plan.[8] Junior ground water users mitigating for their proportionate share of the predicted April IDS with a secured volume of water pursuant to an approved mitigation plan must, to the satisfaction of the Director, secure their proportionate share for delivery to the injured members of the SWC on or before May 1, 2026. There was a reasonable carryover shortfall of 86,756 acre-feet in the fall of 2025. However, because junior ground water users did not secure any mitigation water for a carryover shortfall, there is no adjustment to the mitigation obligation.

7. If, on or before May 1, 2026, ground water users holding consumptive water rights bearing priority dates junior to October 11, 1900, within the Eastern Snake Plain Aquifer ACGWS[9] fail to establish, to the satisfaction of the Director, that they can mitigate for their proportionate share of the predicted April IDS of 181,600 acre-feet in accordance with an approved mitigation plan, the Director will issue an order curtailing the junior-priority ground water user. Junior ground water users who are mitigating with a secured volume of water are not required to assign the secured volume of water until after the Director issues a subsequent order requiring the assignment of the water.

8. If, at any time prior to the Director's final determination of the April Forecast Supply, the Director can determine with certainty that any member of the SWC has diverted more natural flow than predicted, or has accrued more storage than predicted, the Director will revise his initial, predicted IDS determination.

---

[8] There are five approved mitigation plans responding to the SWC delivery call, each is stipulated to by the SWC: (1) No. CM-MP-2015-003 for the benefit of A&B; (2) No. CM-MP-2010-001 for the benefit of Southwest Irrigation District and Goose Creek Irrigation District (collectively, "SWID"); (3) No. CM-MP-2024-003 for the benefit of the Ground Water Districts; (4) No. CM-MP-2019-001 for the benefit of the Coalition of Cities; and (5) No. CM-MP-2007-001 for the benefit of the Water Mitigation Coalition. Given the nature of certain plans, the Department must calculate the proportionate share of the predicted IDS. With regard to A&B's mitigation plan, A&B's proportionate share of the predicted April IDS of 181,600 acre-feet is 10,800 acre-feet. Due to the nature of the mitigation plans for SWID, the Ground Water Districts, the Coalition of Cities, and the Water Mitigation Coalition, these entities do not need to establish that they can mitigate for their proportionate share of the predicted IDS.

[9] On June 28, 2024, the Director issued an order declaring that ground water rights that were to be newly included in the ESPA ACGWS starting July 1, 2024, due to the passage of Senate Bill 1341, would not be subject to administration until November 1, 2025. *Order Re. Mid-Season Change to Area of Common Ground Water Supply for E. Snake Plain Aquifer; 3d Order Am. Curtailment List*, at 4; *see* S.B. 1341, 67th Leg., 2d Reg. Sess. (Idaho 2024) (enacted as I.C. § 42-233c). Accordingly, ground water users holding consumptive water rights bearing priority dates junior to October 11, 1900, that were included in the ESPA ACGWS due to the passage of Senate Bill 1341 are subject to administration at this time continuing indefinitely into the future and are required to establish that they can mitigate for their proportionate share of the predicted April IDS. In late 2025 and early 2026, the Director expanded the ESPA ACGWS to include the Raft River tributary basin and the remainder of the Little Lost River and Big Lost River tributary basins not already included in the ACGWS. On February 2, 2026, the Director issued an order declaring that ground water users included in the ESPA ACGWS in late 2025 and early 2026 would not be subject to administration before April 1, 2027. *Order Phasing in Administration of Ground Water Rights Recently Included in the ESPA ACGWS*, at 2. Accordingly, at this time, ground water users in the Raft River tributary basin and the remainder of the Little Lost River and Big Lost River tributary basins who were newly included into the ESPA ACGWS and hold consumptive water rights bearing priority dates junior to October 11, 1900, are not subject to administration.

**ORDER**

Based upon and consistent with the foregoing, IT IS HEREBY ORDERED as follows:

The Director predicts an April IDS of 181,600 acre-feet. On or before May 1, 2026, ground water users holding consumptive water rights bearing priority dates junior to October 11, 1900, within the Eastern Snake Plain Aquifer ACGWS shall establish, to the satisfaction of the Director, that they can mitigate for their proportionate share of the predicted April IDS of 181,600 acre-feet in accordance with an approved mitigation plan. If a junior ground water user cannot establish, to the satisfaction of the Director, that they can mitigate for their proportionate share of the predicted April IDS in accordance with an approved mitigation plan, the Director will issue an order curtailing the junior-priority ground water user.

Dated this 16th day of April 2026.

MATHEW WEAVER
Director

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of April 2026, the above and foregoing, was served by the method indicated below, and addressed to the following:

| | |
|---|---|
| John K. Simpson<br>IdaH20, PLLC<br>PO Box 152<br>Boise, ID 83701-0152<br>jks@idahowaters.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Travis L. Thompson<br>Abby R. Bitzenburg<br>PARSONS BEHLE & LATIMER<br>PO Box 63<br>Twin Falls, ID 83303-0063<br>tthompson@parsonsbehle.com<br>abitzenburg@parsonsbehle.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Norman M. Semanko<br>Garrett M. Kitamura<br>PARSONS BEHLE & LATIMER<br>800 W. Main Street, Suite 1300<br>Boise, Idaho 83702<br>nsemanko@parsonsbehle.com<br>gkitamura@parsonsbehle.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Thomas J. Budge<br>RACINE OLSON<br>PO Box 1391<br>Pocatello, ID 83204-1391<br>tj@racineolson.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| David W. Gehlert<br>Natural Resources Section<br>U.S. DOJ, Environment and Natural Resources Div.<br>999 18th St., South Terrace, Suite 370<br>Denver, CO 80202<br>david.gehlert@usdoj.gov | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Matt Howard<br>US Bureau of Reclamation<br>1150 N Curtis Road<br>Boise, ID 83706-1234<br>mhoward@usbr.gov | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Sarah A Klahn<br>Maximilian C. Bricker<br>Somach Simmons & Dunn<br>1155 Canyon Blvd, Ste. 110<br>Boulder, CO 80302<br>sklahn@somachlaw.com<br>mbricker@somachlaw.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Rich Diehl<br>City of Pocatello<br>PO Box 4169<br>Pocatello, ID 83205<br>rdiehl@pocatello.us | ☒ U.S. Mail, postage prepaid<br>☒ Email |

| | |
|---|---|
| Candice McHugh<br>Chris Bromley<br>MCHUGH BROMLEY, PLLC<br>PO Box 107<br>Boise, ID 83701<br>cmchugh@mchughbromley.com<br>cbromley@mchughbromley.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Robert E. Williams<br>WILLIAMS, MESERVY, & LOTHSPEICH, LLP<br>PO Box 168<br>Jerome, ID 83338<br>rewilliams@wmlattys.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Robert L. Harris<br>HOLDEN, KIDWELL, HAHN & CRAPO, PLLC<br>PO Box 50130<br>Idaho Falls, ID 83405<br>rharris@holdenlegal.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Zachary H. Jones<br>City Attorney, City of Idaho Falls<br>PO Box 50220<br>Idaho Falls, ID 83405<br>zjones@idahofalls.gov | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Skyler C. Johns<br>Nathan M. Olsen<br>Steven L. Taggart<br>OLSEN TAGGART PLLC<br>PO Box 3005<br>Idaho Falls, ID 83403<br>sjohns@olsentaggart.com<br>nolsen@olsentaggart.com<br>staggart@olsentaggart.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Dylan Anderson<br>DYLAN ANDERSON LAW PLLC<br>PO Box 35<br>Rexburg, Idaho 83440<br>dylan@dylanandersonlaw.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |

***COURTESY COPIES VIA EMAIL TO:***

Craig Chandler
IDWR—Eastern Region
craig.chandler@idwr.idaho.gov

Corey Skinner
IDWR—Southern Region
corey.skinner@idwr.idaho.gov

William A. Parsons
PARSONS, LOVELAND, SHIRLEY & MILLER, LLP
wparsons@pmt.org
wparsons@magicvalley.law

Jerry R. Rigby
Michelle Mortimer
RIGBY, ANDRUS & RIGBY LAW, PLLC
PO Box 250
Rexburg, ID 83440
jrigby@rex-law.com
mmortimer@rex-law.com

Andrew J. Waldera
SAWTOOTH LAW OFFICES, PLLC
1101 W. River Street, Suite 110
Boise, Idaho 83702
andy@sawtoothlaw.com

Sarah Tschohl
Paralegal

# ATTACHMENT A







Burley Irrigation District
Natural Flow Supply
Predicted Natural Flow less SE = 30.8(Heise April - July) + 2,054(Box Canyon Nov -Mar) - 190,971
Adjusted $R^2$ = 0.83
Natural Flow Diverted acre-feet (Irrigation Year)
275,000
250,000
225,000
200,000
175,000
150,000
125,000
100,000
75,000
50,000
25,000
0
1990
1992
1994
1996
1998
2000
2002
2004
2006
2008
2010
2012
2014
2016
2018
2020
2022
2024
Actual Natural Flow
Predicted Natural Flow
Predicted Natural Flow less one standard error


Milner Irrigation District
Natural Flow Supply
Predicted Natural Flow less SE = 9.8(Heise April - July) - 18,133
Adjusted $R^2$ = 0.93
Natural Flow Diverted acre-feet (Irrigation Year)
55,000
50,000
45,000
40,000
35,000
30,000
25,000
20,000
15,000
10,000
5,000
0
-5,000
1990
1992
1994
1996
1998
2000
2002
2004
2006
2008
2010
2012
2014
2016
2018
2020
2022
2024
Actual Natural Flow
Predicted Natural Flow
Predicted Natural Flow less one standard error


Minidoka Irrigation District
Natural Flow Supply
Predicted Natural Flow less SE = 47.6(Heise April - July) + 3,927(Box Canyon Nov -Mar) - 379,288
Adjusted $R^2$ = 0.90
Natural Flow Diverted acre-feet (Irrigation Year)
400,000
375,000
350,000
325,000
300,000
275,000
250,000
225,000
200,000
175,000
150,000
125,000
100,000
75,000
50,000
25,000
0
1990
1992
1994
1996
1998
2000
2002
2004
2006
2008
2010
2012
2014
2016
2018
2020
2022
2024
Actual Natural Flow
Predicted Natural Flow
Predicted Natural Flow less one standard error


NSCC
Natural Flow Supply
Predicted Natural Flow less SE = 140.4(Heise April - July) + 5,897(Box Canyon Nov -Mar) - 596,889
Adjusted $R^2$ = 0.90
Natural Flow Diverted acre-feet (Irrigation Year)
1,100,000
1,000,000
900,000
800,000
700,000
600,000
500,000
400,000
300,000
200,000
100,000
0
1990
1992
1994
1996
1998
2000
2002
2004
2006
2008
2010
2012
2014
2016
2018
2020
2022
2024
Actual Natural Flow
Predicted Natural Flow
Predicted Natural Flow less one standard error


TFCC
Natural Flow Supply
Predicted Natural Flow less SE = 60.45(Heise April - July) + 6,705(Box Canyon Nov -Mar) - 10,398
Adjusted R² = 0.71
Natural Flow Diverted acre-feet (Irrigation Year)
1,200,000
1,150,000
1,100,000
1,050,000
1,000,000
950,000
900,000
850,000
800,000
750,000
700,000
650,000
1990
1992
1994
1996
1998
2000
2002
2004
2006
2008
2010
2012
2014
2016
2018
2020
2022
2024
Actual Natural Flow
Predicted Natural Flow
Predicted Natural Flow less one standard error

# EXPLANATORY INFORMATION TO ACCOMPANY A FINAL ORDER

(To be used in connection with actions when a hearing was **not** held)

The accompanying document is a "**Final Order**" issued by the Idaho Department of Water Resources ("Department") pursuant to Idaho Code § 67-5246. The following statements describe the procedures and time limits for seeking reconsideration or other administrative relief as required by Idaho Code § 67-5248.

## PETITION FOR RECONSIDERATION

(*See* Idaho Code § 67-5246(4))

Any party may file a petition for reconsideration of this final order within fourteen (14) days of the service date of this order as shown on the certificate of service. **Note: the petition must be received by the Department within this fourteen (14) day period.** The presiding officer will act on a petition for reconsideration within twenty-one (21) days of its receipt, or the petition will be considered denied by operation of law.

## REQUEST FOR HEARING

(*See* Idaho Code § 42-1701A(3))

Unless the right to a hearing before the Director or the Water Resource Board is otherwise provided by statute, any person aggrieved by any final decision, determination, order, or action of the Director of the Department and who has not previously been afforded an opportunity for a hearing on the matter shall be entitled to a hearing before the Director to contest the action. The person shall file with the Director, within fifteen (15) days after receipt of written notice of the action issued by the Director, or receipt of actual notice, a written petition stating the grounds for contesting the action by the Director and requesting a hearing. **Note: The request must be received by the Department within this fifteen (15) day period.**

## CERTIFICATE OF SERVICE

(*See* IDAPA 37.01.01.053, 37.01.01.202)

All documents filed with the Department in connection with a petition for reconsideration or a request for hearing of this final order shall be served on all other parties to the proceeding in accordance with Rules 53 and 202 of the Department's Rules of Procedure.

# EXHIBIT G

**Declaration of Counsel in Support of the State of Idaho's Motion for Declaratory Judgment re Administration of Water Right 34-10901**

**BEFORE THE DEPARTMENT OF WATER RESOURCES**

**OF THE STATE OF IDAHO**

| | |
|---|---|
| IN THE MATTER OF DISTRIBUTION OF WATER TO VARIOUS WATER RIGHTS HELD BY OR FOR THE BENEFIT OF A&B IRRIGATION DISTRICT, AMERICAN FALLS RESERVOIR DISTRICT #2, BURLEY IRRIGATION DISTRICT, MILNER IRRIGATION DISTRICT, MINIDOKA IRRIGATION DISTRICT, NORTH SIDE CANAL COMPANY, AND TWIN FALLS CANAL COMPANY | Docket No. CM-DC-2010-001<br><br>**FINAL ORDER CURTAILING GROUND WATER RIGHTS JUNIOR TO OCTOBER 11, 1900** |

The Director of the Idaho Department of Water Resources ("Department") finds, concludes, and orders as follows:

**FINDINGS OF FACT**

1. On July 19, 2023, the Director issued the *Sixth Final Order Regarding Methodology for Determining Material Injury to Reasonable In-Season Demand and Reasonable Carryover* ("*Methodology Order*").[1] The *Methodology Order* established nine steps for determining material injury to members of the Surface Water Coalition ("SWC").[2]

2. On April 16, 2026, the Director issued the *Final Order Regarding April 2026 Forecast Supply (Methodology Steps 1–3)* ("*As-Applied Order*"), which applied steps 1, 2, and 3 of the *Methodology Order*. The Director predicted an April in-season demand shortfall ("IDS") of 181,600 acre-feet. *As-Applied Order*, at 4. The Director ordered that, by May 1, 2026, ground water users with consumptive water rights "bearing priority dates junior to October 11, 1900, within the Eastern Snake Plain Aquifer area of common ground water supply [("ESPA ACGWS")] shall establish, to the satisfaction of the Director, that they can mitigate for their proportionate share of the predicted April IDS of 181,600 acre-feet in accordance with an approved mitigation plan." *Id.* at 6. The Director also ordered that, if such a junior ground water user cannot establish that they can mitigate for their proportionate share of the predicted IDS "in accordance with an approved mitigation plan, the Director will issue an order curtailing the junior-priority ground water user." *Id.*

[1] Shortly after the *Methodology Order* was issued, the City of Pocatello, the City of Idaho Falls, and the Coalition of Cities (collectively "Cities") and the Idaho Ground Water Appropriators, Inc. ("IGWA") filed petitions for judicial review in Ada County (Nos. CV01-23-13238 and CV01-23-13173). IGWA's petition for judicial review is stayed until December 31, 2027. The Idaho Supreme Court dismissed the Cities' petition for lack of jurisdiction. The filing of a petition for judicial review does not stay the effectiveness of an order. I.C. § 67-5274. No party to the judicial review proceedings has requested a stay of the *Methodology Order*. Accordingly, the Director will apply the *Methodology Order* in this order.

[2] The SWC is comprised of A&B Irrigation District, American Falls Reservoir District #2, Burley Irrigation District, Milner Irrigation District, Minidoka Irrigation District, North Side Canal Company, and Twin Falls Canal Company.

3. Prior to May 1, 2026, there were five approved mitigation plans in place responding to the SWC delivery call, each is stipulated to by the SWC:

(1) Docket No. CM-MP-2010-001 for the benefit of the Southwest Irrigation District and Goose Creek Irrigation District (collectively, "SWID");

(2) Docket No. CM-MP-2019-001 for the benefit of certain cities commonly referred to as the "Coalition of Cities";

(3) Docket No. CM-MP-2015-003 for the benefit of the A&B Irrigation District ("A&B");

(4) Docket No. CM-MP-2007-001 for the benefit of certain entities commonly referred to as the "Water Mitigation Coalition"; and

(5) Docket No. CM-MP-2024-003 for the benefit of certain ground water districts commonly referred to as the "Ground Water Districts."

4. In the 2026 *As-Applied Order*, the Director found that due to the nature of the approved mitigation plans for SWID, the Coalition of Cities, the Water Mitigation Coalition and the Ground Water Districts, these entities do not need to establish they can mitigate for their proportionate share of the predicted April IDS. *As-Applied Order*, at 6 n.8. However, the Director found that A&B must mitigate for its proportionate share of the predicted IDS of 181,600 acre-feet and determined that A&B's proportionate share is 10,800 acre-feet. *Id.*

5. On May 1, 2026, A&B, the other members of the SWC, IGWA, and American Falls-Aberdeen Ground Water District filed a *Joint Motion for Order Approving Amended 2026-2027 Interim Stipulation* ("*Amended Joint Motion*") requesting approval of A&B's previously filed *Interim Stipulation* with an amendment to the storage volume of water to be delivered. *Amended Joint Motion*, at 3, No. CM-MP-2026-003. On May 14, 2026, the Director issued an *Order Approving A&B Irrigation District's Interim Stipulated Plan for 2026 & 2027*. Due to the nature of A&B's new mitigation plan, it does not need to mitigate for its full proportional share of the predicted IDS.

6. Also on May 1, 2026, the SWC, the Ground Water Districts, the Big Lost River Ground Water District, the Upper Big Lost River Ground Water District, and the Little Lost River Ground Water District filed a *Joint Motion for Approval of First Addendum to 2024 Stipulated Mitigation Plan and for Related Relief* ("*Motion to Approve First Addendum*"). The *Motion to Approve First Addendum* requested the Director approve the First Addendum, which allows the Big Lost River Ground Water District, Upper Big Lost River Ground Water District, and Little Lost River Ground Water District to join the *2024 Stipulated Mitigation Plan* in No. CM-MP-2024-003. On May 7, 2026, the Director issued an *Order Approving First Addendum and Granting Related Relief*.

7. Also on May 1, 2026, Hearing Officer Gerald Schroeder issued a *Preliminary Order Approving Falls Water's Stipulated Mitigation Plan* in Department Docket No. CM-MP-2026-

002. A petition for reconsideration is pending so the order has not become final yet pursuant to Idaho Code § 67-5245 and IDAPA 37.01.01.730.

## CONCLUSIONS OF LAW

1. Idaho Code § 42-602 authorizes the Director to supervise water distribution within water districts:

> The director of the department of water resources shall have direction and control of the distribution of water from all natural water sources within a water district to the canals, ditches, pumps and other facilities diverting therefrom. Distribution of water within water districts created pursuant to section 42-604, Idaho Code, shall be accomplished by watermasters as provided in this chapter and supervised by the director. The director of the department of water resources shall distribute water in water districts in accordance with the prior appropriation doctrine. The provisions of chapter 6, title 42, Idaho Code, shall apply only to distribution of water within a water district.

2. As explained above, by May 1, 2026, ground water users with consumptive water rights "junior to October 11, 1900, within the [ESPA ACGWS]" are required to "establish, to the satisfaction of the Director, that they can mitigate for their proportionate share of the predicted April IDS of 181,600 acre-feet in accordance with an approved mitigation plan." *As-Applied Order*, at 7. If a junior ground water user does not establish that they can mitigate for their proportionate share of the predicted April IDS "in accordance with an approved mitigation plan" the ground water user will be subject to this "order curtailing the junior-priority ground water user." *Id.*

3. Due to the nature of the approved mitigation plans for SWID, the Coalition of Cities, the Water Mitigation Coalition, A&B, and the Ground Water Districts, these entities do not need to establish that they can mitigate for their proportionate share of the predicted April IDS. Junior ground water users entitled to the protection of SWID, the Coalition of Cities, the Water Mitigation Coalition, A&B, and the Ground Water Districts mitigation plans will not be subject to curtailment during the 2026 irrigation season.

4. Consistent with the *As-Applied Order*, Idaho Code § 42-602, and decisions of the courts, the Director must order curtailment of junior-priority ground water users that have not established they can mitigate in accordance with an approved mitigation plan. Junior-priority ground water users subject to curtailment are listed in Attachments A to this order.

## ORDER

Based upon and consistent with the foregoing, IT IS HEREBY ORDERED that effective May 14, 2026, ground water users holding water rights bearing priority dates junior to October 11, 1900, within the ESPA ACGWS, and listed in Attachment A to this order, shall curtail/refrain from diversion and use of ground water pursuant to those water rights unless notified by the Department that the order of curtailment has been modified or rescinded as to their water rights.

IT IS FURTHER ORDERED that holders of ground water rights identified by the highlighted rows in Attachment A to this order may seek to participate in an approved mitigation plan through a ground water district and shall have fifteen days from the date of this order to join, solely for mitigation purposes, the ground water district situated nearest the lands to which the water rights are appurtenant. *See* H.B. 737a, 58th Leg., 2d Reg. Sess. (Idaho 2006) (*Act Relating to the Administration of Ground Water Rights Within the Eastern Snake River Plain*); *see also* I.C. § 42-5259.

IT IS FURTHER ORDERED that watermasters for the water districts within the ESPA ACGWS who regulate ground water are directed to review the water rights listed in Attachment A to this order and begin the curtailment process.

IT IS FURTHER ORDERED that this order shall apply to consumptive ground water rights, including but not limited to, agricultural, commercial, industrial, and municipal uses. This order excludes ground water rights used for *de minimis* domestic purposes where such domestic use is within the limits of the definition set forth in Idaho Code § 42-111 and ground water rights used for *de minimis* stock watering where such stock watering use is within the limits of the definitions set forth in Idaho Code § 42-1401A(11), pursuant to IDAPA 37.03.11.020.11.

Dated this 14th day of May 2026.

MATHEW WEAVER
Director

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of May 2026, the above and foregoing, was served by the method indicated below, and addressed to the following:

| | |
|---|---|
| John K. Simpson<br>IdaH20, PLLC<br>PO Box 152<br>Boise, ID 83701-0152<br>jks@idahowaters.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Travis L. Thompson<br>Abby R. Bitzenburg<br>PARSONS BEHLE & LATIMER<br>PO Box 63<br>Twin Falls, ID 83303-0063<br>tthompson@parsonsbehle.com<br>abitzenburg@parsonsbehle.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Norman M. Semanko<br>Garrett M. Kitamura<br>PARSONS BEHLE & LATIMER<br>800 W. Main Street, Suite 1300<br>Boise, Idaho 83702<br>nsemanko@parsonsbehle.com<br>gkitamura@parsonsbehle.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Thomas J. Budge<br>RACINE OLSON<br>PO Box 1391<br>Pocatello, ID 83204-1391<br>tj@racineolson.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| David W. Gehlert<br>Natural Resources Section<br>U.S. DOJ, Environment and Natural Resources Div.<br>999 18th St., South Terrace, Suite 370<br>Denver, CO 80202<br>david.gehlert@usdoj.gov | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Matt Howard<br>US Bureau of Reclamation<br>1150 N Curtis Road<br>Boise, ID 83706-1234<br>mhoward@usbr.gov | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Sarah A Klahn<br>Maximilian C. Bricker<br>Somach Simmons & Dunn<br>1155 Canyon Blvd, Ste. 110<br>Boulder, CO 80302<br>sklahn@somachlaw.com<br>mbricker@somachlaw.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Rich Diehl<br>City of Pocatello<br>PO Box 4169<br>Pocatello, ID 83205<br>rdiehl@pocatello.us | ☒ U.S. Mail, postage prepaid<br>☒ Email |

| | |
|---|---|
| Candice McHugh<br>Chris Bromley<br>MCHUGH BROMLEY, PLLC<br>PO Box 107<br>Boise, ID 83701<br>cmchugh@mchughbromley.com<br>cbromley@mchughbromley.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Robert E. Williams<br>WILLIAMS, MESERVY, & LOTHSPEICH, LLP<br>PO Box 168<br>Jerome, ID 83338<br>rewilliams@wmlattys.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Robert L. Harris<br>HOLDEN, KIDWELL, HAHN & CRAPO, PLLC<br>PO Box 50130<br>Idaho Falls, ID 83405<br>rharris@holdenlegal.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Zachary H. Jones<br>City Attorney, City of Idaho Falls<br>PO Box 50220<br>Idaho Falls, ID 83405<br>zjones@idahofalls.gov | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Skyler C. Johns<br>Nathan M. Olsen<br>Steven L. Taggart<br>OLSEN TAGGART PLLC<br>PO Box 3005<br>Idaho Falls, ID 83403<br>sjohns@olsentaggart.com<br>nolsen@olsentaggart.com<br>staggart@olsentaggart.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Dylan Anderson<br>DYLAN ANDERSON LAW PLLC<br>PO Box 35<br>Rexburg, Idaho 83440<br>dylan@dylanandersonlaw.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |

***COURTESY COPIES VIA EMAIL TO:***

Craig Chandler
IDWR—Eastern Region
craig.chandler@idwr.idaho.gov

Corey Skinner
IDWR—Southern Region
corey.skinner@idwr.idaho.gov

William A. Parsons
PARSONS, LOVELAND, SHIRLEY & MILLER, LLP
wparsons@pmt.org
wparsons@magicvalley.law

Jerry R. Rigby
Michelle Mortimer
RIGBY, ANDRUS & RIGBY LAW, PLLC
jrigby@rex-law.com
mmortimer@rex-law.com

Andrew J. Waldera
SAWTOOTH LAW OFFICES, PLLC
andy@sawtoothlaw.com

Sarah Tschohl
Paralegal

Attachment A -Sorted by Owner
List of Ground Water Rights Junior to October 11, 1900
(highlighted rights have 15-days to join a ground water district)

| Owner | Water Right No. | Basis | Priority Date | Water Use List | Diversion Rate (cfs) | Total Acres | Enlargement |
|---|---|---|---|---|---|---|---|
| 1523 LLC | 35-14566 | Decreed | 11/3/1972 | IRRIGATION | 0.05 | 2.6 | |
| 2885 500W LLC | 36-17158 | Decreed | 2/1/1961 | DOMESTIC, IRRIGATION, STOCKWATER | 0.03 | 1.0 | |
| 3 STRING CATTLE OF IDAHO LLC | 37-23203 | Decreed | 7/24/1973 | COMMERCIAL, STOCKWATER | 0.16 | 0.0 | |
| A W HARDY FAMILY INVESTMENTS LTD | 29-14198 | Decreed | 6/23/1977 | IRRIGATION | 0.01 | 0.9 | |
| A W HARDY FAMILY INVESTMENTS LTD | 29-14427 | Decreed | 6/23/1977 | IRRIGATION | 0.01 | 0.3 | |
| A W HARDY FAMILY INVESTMENTS LTD | 29-14435 | Decreed | 6/23/1977 | IRRIGATION | 0.03 | 3.4 | |
| ADAMS, CHERYL L; ADAMS, H LYLE; ADAMS, RODDY L | 37-7078 | Decreed | 10/12/1970 | COMMERCIAL, STOCKWATER | 0.06 | 0.0 | |
| ADAMS, MARY J | 25-14316 | Decreed | 8/10/1966 | IRRIGATION | 0.02 | 1.0 | |
| AEI CORP | 29-8037 | License | 11/13/1990 | DOMESTIC, INDUSTRIAL | 0.06 | 0.0 | |
| AIKELE, DON A | 34-14179 | Decreed | 4/20/1961 | IRRIGATION | 0.02 | 2.0 | |
| AIKELE, PEGGY; AIKELE, STEVEN J | 34-14693 | Decreed | 4/20/1961 | IRRIGATION | 0.01 | 1.2 | |
| AKERS, DONNA E; AKERS, SHERMAN L | 29-10649 | Decreed | 8/1/1961 | IRRIGATION, STOCKWATER | 0.13 | 6.4 | |
| AMERICAN FALLS RESERVOIR DISTRICT #2 | 36-11120 | Decreed | 11/27/1962 | DOMESTIC, IRRIGATION | 0.07 | 1.5 | |
| ANDERSON, CHAD ALLEN; ANDERSON, JASHELLE HEATHER | 45-7650 | License | 6/21/1989 | DOMESTIC, IRRIGATION | 0.06 | 1.0 | |
| ANDERSON, CLARK E; ANDERSON, TRACY | 29-14453 | Decreed | 10/28/1953 | IRRIGATION | 0.02 | 2.9 | |
| ANDERSON, CLARK E; ANDERSON, TRACY | 29-14433 | Decreed | 6/23/1977 | IRRIGATION | 0.03 | 2.9 | |
| ANDERSON, RENAE; ANDERSON, RICHARD | 29-2393A | Decreed | 9/25/1957 | IRRIGATION | 0.04 | 2.5 | |
| ANGIELEN LLC | 32-13403 | Decreed | 11/12/1974 | STOCKWATER | 0.22 | 0.0 | |
| AQUA PURA INC | 35-7907 | License | 2/7/1980 | DOMESTIC | 0.04 | 0.0 | |
| ARMENTA, JUAN; SANCHEZ, BLANCA | 37-23654 | Decreed | 9/20/1974 | IRRIGATION | 0.07 | 5.0 | |
| ATKINSON, ANDREW ; ATKINSON, MARY | 29-13736 | License | 2/21/2006 | DOMESTIC | 0.08 | 0.0 | |
| BABEL, PAUL; HAMPTON, WALLACE; PARKS, FRED A | 25-7083 | License | 1/28/1976 | DOMESTIC | 0.06 | 0.0 | |
| BAGBY, JESSICA; BAGBY, NASH | 45-14561 | Decreed | 6/1/1939 | IRRIGATION | 0.09 | 7.0 | |
| BAH REXBURG AC PROPERTY LLC | 22-11451 | Decreed | 8/31/1960 | IRRIGATION | 0.04 | 2.0 | |
| BAILEY, JULIE A; BAILEY, STEVEN E | 35-8619 | License | 9/24/1985 | IRRIGATION, STOCKWATER | 0.04 | 0.5 | |
| BAISCH, ROBERT L | 35-7481 | License | 2/21/1975 | DOMESTIC | 0.08 | 0.0 | |
| BAM PROPERTIES LLC | 29-2495 | Decreed | 8/12/1964 | IRRIGATION | 0.61 | 28.5 | |
| BANDY, BONNIE; BANDY, BRADLEY W | 36-7473 | Decreed | 5/14/1974 | IRRIGATION | 0.02 | 1.0 | |
| BANNOCK COUNTY | 29-7329 | Decreed | 5/12/1976 | IRRIGATION | 0.82 | 61.1 | |
| BANNOCK COUNTY | 29-7972 | License | 5/5/1990 | DIVERSION TO STORAGE, IRRIGATION, RECREATION STORAGE | 0.48 | 61.1 | |
| BARBEN, GORDON E; SAMPSON, KEN | 27-7025 | License | 4/2/1973 | DOMESTIC | 0.08 | 0.0 | |
| BARKDULL, CARL; BARKDULL, KATHLEEN | 29-7619 | Decreed | 1/5/1982 | DOMESTIC, IRRIGATION | 0.02 | 1.2 | |
| BARNA, BASIL; SNARR, DELMAR; SNARR, MARGARET; SNARR, MERLAND E; SNARR, ROBERT B; SUMMERS, RON | 35-12291 | Decreed | 6/1/1945 | DOMESTIC | 0.11 | 0.0 | |
| BARRUS, KEITH; MINKS, ROY; PLOCK, STEPHEN R; SCHNEIDER, SCOT L | 25-7080 | Decreed | 1/28/1976 | DOMESTIC | 0.11 | 0.0 | |
| BARTAUSKY, TOM | 27-7404 | License | 4/8/1985 | IRRIGATION | 1 | 50.0 | |
| BARTAUSKY, TOM | 27-7432 | License | 7/10/1987 | IRRIGATION | 0.7 | 35.0 | |
| BARTAUSKY, TOM; BLEAZARD, ELCY | 27-12209 | License | 8/22/1991 | IRRIGATION | 0.11 | 5.3 | |
| BARTLETT, ERWIN; BARTLETT, JANICE | 45-7653 | License | 6/6/1989 | COMMERCIAL | 0.04 | 0.0 | |
| BASIC AMERICAN INC | 22-13806 | Decreed | 6/30/1945 | COMMERCIAL, DOMESTIC, STOCKWATER | 0.38 | 0.0 | |
| BATES, ROBERT W; BATES, SHARON H; WILKINS, ELMA; WILKINS, LLOYD | 25-7357 | Decreed | 6/16/1983 | DOMESTIC | 0.06 | 0.0 | |
| BATT, ALAN C; BATT, MILLIE | 25-7109 | Decreed | 5/2/1977 | IRRIGATION | 3.03 | 229.0 | |
| BEAN, BRENT | 45-14562 | Decreed | 6/1/1939 | IRRIGATION | 0.03 | 2.0 | |
| BEAR ISLAND WATER ASSN INC | 35-8672 | License | 9/6/1988 | DOMESTIC | 0.2 | 0.0 | |
| BELL, JAMIE; BELL, TROY | 29-14451 | Decreed | 10/28/1953 | IRRIGATION | 0.06 | 6.9 | |

Attachment A -Sorted by Owner
List of Ground Water Rights Junior to October 11, 1900
(highlighted rights have 15-days to join a ground water district)

| Owner | Water Right No. | Basis | Priority Date | Water Use List | Diversion Rate (cfs) | Total Acres | Enlargement |
|---|---|---|---|---|---|---|---|
| BELL, JAMIE; BELL, TROY | 29-14424 | Decreed | 6/23/1977 | IRRIGATION | 0.06 | 6.9 | |
| BENSON, CLIFFORD; BENSON, LADAWN C | 35-8124 | Permit | 3/25/1983 | IRRIGATION | 6.4 | 320.0 | |
| BEORCHIA, MICHAEL; BEORCHIA, REVA | 35-14830 | Decreed | 1/26/1962 | IRRIGATION | 0.02 | 2.3 | |
| BEVAN, DONNA; BEVAN, THOMAS | 35-14773 | Decreed | 4/27/1964 | IRRIGATION | 0.08 | 2.0 | |
| BEVAN, JOHN; BEVAN, LOU; BEVAN, STEVE; COSSABOOM, JUDY; WALTERS, DEANNA | 29-4325 | Decreed | 5/30/1939 | IRRIGATION | 0.13 | 5.0 | |
| BEVAN, JOHN; BEVAN, LOU; BEVAN, STEVE; COSSABOOM, JUDY; WALTERS, DEANNA | 29-4326 | Decreed | 4/20/1952 | IRRIGATION | 1.78 | 150.0 | |
| BEYER, PATRICK | 25-7313 | Decreed | 4/11/1983 | DOMESTIC, IRRIGATION | 0.05 | 0.7 | |
| BIG FIVE WATER ASSN | 25-7199 | Decreed | 7/24/1980 | DOMESTIC | 0.11 | 0.0 | |
| BIG J FARMS LLC; JAG FARMS LLC | 35-14950 | Decreed | 9/12/1955 | IRRIGATION | 0.56 | 345.6 | |
| BIG J FARMS LLC; JAG FARMS LLC | 35-14951 | Decreed | 5/26/1958 | IRRIGATION | 0.59 | 345.6 | |
| BIG J FARMS LLC; JAG FARMS LLC | 35-14945 | Decreed | 12/1/1969 | IRRIGATION | 1.88 | 345.6 | |
| BIG J FARMS LLC; JAG FARMS LLC | 35-14946 | License | 11/30/1982 | IRRIGATION | 1.28 | 345.6 | |
| BIG J FARMS LLC; JAG FARMS LLC | 35-14948 | License | 11/30/1982 | IRRIGATION | 0.27 | 345.6 | |
| BIG J FARMS LLC; JAG FARMS LLC | 35-14947 | License | 6/1/1989 | IRRIGATION | 0.08 | 345.6 | |
| BIG J FARMS LLC; JAG FARMS LLC | 35-14949 | License | 6/1/1989 | IRRIGATION | 0.21 | 345.6 | |
| BIGGS, DONALD; BIGGS, HELEN ; BUSH, ROBERT; EATON, BENJAMIN; EATON, KENDRA; OCKERMAN, JOY | 25-7082 | Decreed | 1/28/1976 | DOMESTIC | 0.16 | 0.0 | |
| BINGHAM COUNTY | 35-14757 | License | 9/21/1989 | COMMERCIAL | 0.13 | 0.0 | |
| BINGHAM, BOYD A; BINGHAM, SHERRY R | 36-8425 | License | 6/23/1989 | IRRIGATION | 0.88 | 105.0 | |
| BINGHAM, CHERYL J; BINGHAM, MAX J | 34-14528 | Decreed | 9/13/1961 | IRRIGATION | 0.07 | 4.0 | |
| BINGHAM, CHERYL J; BINGHAM, MAX J | 34-14529 | Decreed | 4/1/1977 | IRRIGATION | 0.01 | 4.0 | Yes |
| BINGHAM, JERRY D; BINGHAM, VALERIE H | 35-2183D | Decreed | 9/5/1950 | IRRIGATION | 1.728 | 156.0 | |
| BINGHAM, JERRY D; BINGHAM, VALERIE H | 35-2202B | Decreed | 8/9/1951 | DOMESTIC, IRRIGATION | 4.8 | 285.0 | |
| BINGHAM, JERRY D; BINGHAM, VALERIE H | 35-2266 | Decreed | 10/9/1952 | IRRIGATION | 3.1 | 391.0 | |
| BINGHAM, JERRY D; BINGHAM, VALERIE H | 35-2269G | Decreed | 10/23/1952 | IRRIGATION | 4.35 | 391.0 | |
| BINGHAM, JERRY D; BINGHAM, VALERIE H | 35-12226 | Decreed | 4/1/1987 | IRRIGATION | 0.59 | 285.0 | Yes |
| BINGHAM, LARRY | 35-2205E | Decreed | 11/9/1951 | IRRIGATION | 2.44 | 207.0 | |
| BLACK HAWK HOMEOWNERS ASSN INC | 25-14305 | Decreed | 8/10/1966 | IRRIGATION | 0.02 | 353.9 | |
| BLACK HAWK HOMEOWNERS ASSN INC | 25-14307 | Decreed | 8/10/1966 | IRRIGATION | 0.02 | 353.9 | |
| BLACK HAWK HOMEOWNERS ASSN INC | 25-14308 | Decreed | 8/10/1966 | IRRIGATION | 0.02 | 353.9 | |
| BLACK HAWK HOMEOWNERS ASSN INC | 25-14312 | Decreed | 8/10/1966 | IRRIGATION | 0.02 | 353.9 | |
| BLACK HAWK HOMEOWNERS ASSN INC | 25-14315 | Decreed | 8/10/1966 | IRRIGATION | 0.02 | 353.9 | |
| BLACK HAWK HOMEOWNERS ASSN INC | 25-7669 | License | 2/23/1999 | DOMESTIC | 1.05 | 0.0 | |
| BLACK HAWK HOMEOWNERS ASSN INC | 25-14395 | License | 8/28/2013 | DOMESTIC | 0.4 | 0.0 | |
| BLAINE COUNTY SCHOOL DISTRICT #61 | 37-22205 | Decreed | 7/21/1961 | MITIGATION | 0.3 | 0.0 | |
| BLAINE COUNTY SCHOOL DISTRICT #61 | 37-21742 | License | 4/17/2006 | IRRIGATION | 0.7 | 8.7 | |
| BLAINE COUNTY SCHOOL DISTRICT #61 | 37-23102 | Permit | 2/20/2018 | IRRIGATION | 0.38 | 4.8 | |
| BLAKE, AMANDA | 35-14013 | License | 2/19/2010 | RECREATION STORAGE | 0 | 0.0 | |
| BLEDSOE, HELEN M; HACKMAN, ERNEST A | 35-7916 | License | 9/16/1980 | DOMESTIC | 0.08 | 0.0 | |
| BLISS LLC | 37-7761A | Decreed | 5/8/1980 | DOMESTIC, STOCKWATER | 0.07 | 0.0 | |
| BLUE SPRUCE RANCH LP | 34-13941 | Decreed | 12/19/1950 | IRRIGATION | 0.83 | 41.4 | |
| BLUE SPRUCE RANCH LP | 34-10579 | Decreed | 8/2/1961 | IRRIGATION | 0.92 | 194.0 | |
| BLUE SPRUCE RANCH LP | 34-2433 | Decreed | 8/2/1961 | IRRIGATION | 2.34 | 194.0 | |
| BOHMAN, JON MARC; BOHMAN, REBECCA S | 25-14271 | Decreed | 8/10/1966 | IRRIGATION | 0.02 | 1.1 | |

Attachment A -Sorted by Owner
List of Ground Water Rights Junior to October 11, 1900
(highlighted rights have 15-days to join a ground water district)

| Owner | Water Right No. | Basis | Priority Date | Water Use List | Diversion Rate (cfs) | Total Acres | Enlargement |
|---|---|---|---|---|---|---|---|
| BOISE PACKAGING & NEWSPRINT LLC | 45-2568 | Decreed | 4/1/1958 | DOMESTIC, FIRE PROTECTION FROM STORAGE, FIRE PROTECTION STORAGE, FIRE PROTECTION | 0.09 | 0.0 | |
| BOLINDER, CATHERINE L | 27-7322 | License | 6/8/1982 | DOMESTIC | 0.06 | 0.0 | |
| BONAWITZ, DANI; BONAWITZ, DUKE | 36-8065 | Decreed | 2/17/1982 | DOMESTIC, IRRIGATION | 0.12 | 5.0 | |
| BONNIE BARTON BANDY IRREVOCABLE TRUST | 36-17287 | Decreed | 5/14/1974 | IRRIGATION | 0.08 | 4.0 | |
| BORAH PEAK FARMS LLC | 33-10080 | Decreed | 12/31/1927 | DOMESTIC, STOCKWATER | 0.14 | 0.0 | |
| BORAN , MICHAEL J | 35-11390 | Decreed | 6/1/1941 | FISH PROPAGATION | 20 | 0.0 | |
| BORAN , MICHAEL J | 35-4271B | Decreed | 6/1/1945 | FISH PROPAGATION | 50 | 0.0 | |
| BORAN , MICHAEL J | 35-8635B | Decreed | 12/17/1986 | FISH PROPAGATION | 0.72 | 0.0 | |
| BORAN , MICHAEL J | 35-8782 | License | 5/23/1989 | FISH PROPAGATION | 4.64 | 0.0 | |
| BOWEN, BRAD | 25-12253 | Decreed | 12/17/1951 | DOMESTIC, IRRIGATION | 0.07 | 1.0 | |
| BRADY, LANCE; BRADY, SHANNON; HAGAN, DANNY D; HAGAN, MARILYNN J | 25-7330 | Decreed | 6/14/1983 | DOMESTIC, IRRIGATION | 0.08 | 0.4 | |
| BRAY, CLAUDETTE; CAREY, JUNE G | 45-11902 | Decreed | 3/15/1934 | IRRIGATION | 0.08 | 2.7 | |
| BROWER, AMANDA; BROWER, JASON | 29-14460 | Decreed | 10/28/1953 | IRRIGATION | 0.04 | 4.6 | |
| BROWER, AMANDA; BROWER, JASON | 29-14440 | Decreed | 6/23/1977 | IRRIGATION | 0.04 | 4.6 | |
| BROWN ADELAIDE IV LLC | 36-17362 | Decreed | 10/15/1968 | IRRIGATION | 3.9 | 240.0 | |
| BROWN, BERTHA; BROWN, ROBERT L | 29-2521 | Decreed | 5/27/1966 | DOMESTIC, IRRIGATION | 0.033 | 1.6 | |
| BROWN, BERTHA; BROWN, ROBERT L | 29-7428 | Decreed | 12/8/1977 | DOMESTIC, IRRIGATION | 0.29 | 8.8 | |
| BROWN, GORDON; LAMCZYK, DANNY; LAMCZYK, JANE | 27-7342 | Decreed | 2/16/1983 | DOMESTIC, IRRIGATION | 0.06 | 0.5 | |
| BROWN, JAN A; BROWN, SID E; MOMBERGER, JESSE C | 31-7510 | License | 11/14/1988 | DOMESTIC, IRRIGATION, STOCKWATER | 0.11 | 2.0 | |
| BROWN, MELANIE E; BROWN, TOMMY H | 29-12246 | Decreed | 1/31/1948 | DOMESTIC | 0.04 | 0.0 | |
| BRP INC | 25-7622 | License | 9/23/1998 | DOMESTIC | 0.23 | 0.0 | |
| BRP INC | 25-14504 | Permit | 10/12/2021 | DOMESTIC | 0.26 | 0.0 | |
| BUNCE, MICHAEL F | 29-7914 | License | 4/9/1990 | DOMESTIC, IRRIGATION | 0.09 | 6.0 | |
| BURCHAM JR, J E; BURCHAM, BURVA J; BURCHAM, WESLEY E | 29-7663A | Decreed | 10/26/1982 | DOMESTIC | 0.1 | 0.0 | |
| BURGESS SUBDIVISION WATER ASSN INC | 25-7457 | License | 10/27/1988 | DOMESTIC | 0.11 | 0.0 | |
| BURLEY HEALTHCARE HOLDING LLC | 45-11194 | Decreed | 6/1/1960 | DOMESTIC, IRRIGATION | 0.15 | 5.5 | |
| BURLEY IRRIGATION DISTRICT | 45-10390 | Decreed | 6/19/1909 | DOMESTIC | 0.05 | 0.0 | |
| BURLEY IRRIGATION DISTRICT | 45-7720 | License | 9/27/1993 | DOMESTIC | 0.09 | 0.0 | |
| BURNS CONCRETE INC | 25-13982 | License | 12/18/2002 | COMMERCIAL | 3.53 | 0.0 | |
| BURNS, KIRK E; SZIMHARDT, LINDA J | 25-7426 | License | 6/6/1988 | IRRIGATION | 0.08 | 5.6 | |
| BURRELL, GEORGE W; BURRELL, LURANA J; KEETCH, SHYANN; KEETCH, STETSON | 29-13900 | License | 4/3/2009 | DOMESTIC | 0.08 | 0.0 | |
| BURRUP, JOHN R; BURRUP, JON R | 25-13085 | Decreed | 7/6/1958 | COMMERCIAL, STOCKWATER | 0.12 | 0.0 | |
| CALDWELL, TED L | 27-7117 | Decreed | 10/21/1977 | IRRIGATION | 0.21 | 20.0 | |
| CALLEN JR, JERRY R; CALLEN, PATRICIA | 36-14326 | Decreed | 7/15/1919 | DOMESTIC, STOCKWATER | 0.04 | 0.0 | |
| CALLEN JR, JERRY R; CALLEN, PATRICIA | 36-15514 | Decreed | 9/30/1919 | STOCKWATER | 0.03 | 0.0 | |
| CARLSON, BRENT J | 29-14446 | Decreed | 10/28/1953 | IRRIGATION | 0.01 | 1.3 | |
| CARLSON, BRENT J | 29-14426 | Decreed | 6/23/1977 | IRRIGATION | 0.01 | 1.3 | |
| CARPENTER, BARBARA; CARPENTER, MAURICE | 25-7193B | Decreed | 4/30/1980 | DOMESTIC, IRRIGATION, STOCKWATER | 0.02 | 2.5 | |
| CARROZZA, JACQUELYN; MATKIN, JEFFERY L | 29-13974 | Decreed | 1/25/1962 | IRRIGATION | 0.09 | 46.7 | |
| CARROZZA, JACQUELYN; MATKIN, JEFFERY L | 29-2459B | Decreed | 1/25/1962 | IRRIGATION | 0.12 | 46.7 | |
| CARROZZA, JACQUELYN; MATKIN, JEFFERY L | 29-13980 | Decreed | 1/27/1976 | IRRIGATION | 0.3 | 46.7 | |
| CARROZZA, JACQUELYN; MATKIN, JEFFERY L | 29-7386 | Decreed | 4/7/1977 | IRRIGATION | 0.21 | 46.7 | |
| CARROZZA, JACQUELYN; MATKIN, JEFFERY L | 29-13979 | Decreed | 10/31/1986 | IRRIGATION | 0.08 | 46.7 | Yes |
| CARSTENS, JULIUS M J | 25-7481 | License | 12/22/1988 | IRRIGATION | 0.04 | 1.4 | |

Attachment A -Sorted by Owner
List of Ground Water Rights Junior to October 11, 1900
(highlighted rights have 15-days to join a ground water district)

| Owner | Water Right No. | Basis | Priority Date | Water Use List | Diversion Rate (cfs) | Total Acres | Enlargement |
|---|---|---|---|---|---|---|---|
| CARTER, A LADD; CARTER, JANE M | 35-13284 | Decreed | 2/23/1972 | COMMERCIAL, STOCKWATER | 0.3 | 0.0 | |
| CARTER, HEATHER I; CARTER, VAL C | 34-13901 | Decreed | 10/25/1965 | IRRIGATION | 4.27 | 239.0 | |
| CARTER, TIERRA CANDICE; CARTER, WILSON ENGLAND | 35-14932 | Decreed | 2/5/1981 | IRRIGATION | 0.65 | 36.0 | |
| CASA DEL NORTE LP | 37-7081 | Decreed | 12/8/1970 | IRRIGATION | 1.67 | 840.0 | |
| CASSIA JOINT SCHOOL DISTRICT #151 | 45-14512 | Decreed | 3/15/1956 | IRRIGATION | 0.03 | 7.6 | |
| CASSIA JOINT SCHOOL DISTRICT #151 | 45-14510 | Decreed | 12/19/1974 | IRRIGATION | 0.05 | 7.6 | |
| CASSIA JOINT SCHOOL DISTRICT #151 | 45-14509 | Decreed | 3/22/1975 | IRRIGATION | 0.05 | 7.6 | |
| CASSIA JOINT SCHOOL DISTRICT #151 | 45-14511 | Decreed | 4/28/1975 | IRRIGATION | 0.02 | 7.6 | |
| CASSIDY, FRANCIS J; HANSEN, BARRY A; HANSEN, MARIAN; LINDLEY, ASHLEY M; LINDLEY, KEVIN L; RJHJ INVESTMENTS LLC | 25-7638 | License | 4/25/1995 | DOMESTIC | 0.1 | 0.0 | |
| CASTRO JR, VICENTE; CASTRO, PATRICIA | 36-17297 | Decreed | 2/4/1976 | IRRIGATION | 0.06 | 3.1 | |
| CEYNAR, MARCENE; FANN, LAVEDA A; FANN, R E; FARNSWORTH, BETH; FARNSWORTH, JAY; PICKERING, CRAIG; PICKERING, VICKY | 25-7272 | Decreed | 2/4/1982 | DOMESTIC | 0.1 | 0.0 | |
| CHALCO LLC | 25-14168 | Decreed | 12/10/1954 | IRRIGATION | 0.11 | 1876.1 | |
| CHAMBERS, BOYD; HARRIS, JAMES; HARRIS, MARI; LOREN, RICHAN; STUEVE, KENNETH; SWEARINGER, ALDON; WADE, BILL | 25-4210 | Decreed | 3/21/1960 | DOMESTIC, IRRIGATION | 0.19 | 2.4 | |
| CHAMBERS, RALEIGH R | 25-7343 | License | 6/27/1983 | DOMESTIC | 0.06 | 0.0 | |
| CHAPMAN, GARY RAY; CHAPMAN, REBECCA LYNN | 22-14405 | Decreed | 4/22/1979 | IRRIGATION | 0.04 | 2.0 | |
| CHERRY, GLEN; CHERRY, ILA | 29-12075 | Decreed | 4/20/1937 | DOMESTIC | 0.04 | 0.0 | |
| CHERRY, MARY ANN; CHERRY, ROBERT | 25-14402 | Decreed | 7/19/1973 | IRRIGATION | 0.02 | 1.2 | |
| CHERYL LYNN BLOUNT & STEVEN GUY HERICKS LIVING TRUST | 37-23115 | Decreed | 9/20/1974 | IRRIGATION | 0.02 | 1.7 | |
| CHILDERS, LINDA MARIE; CHILDERS, RODNEY DEAN | 37-23116 | Decreed | 9/20/1974 | IRRIGATION | 0.03 | 2.7 | |
| CHILDERS, LINDA MARIE; CHILDERS, RODNEY DEAN | 37-23209 | Decreed | 9/20/1974 | IRRIGATION | 0.02 | 1.8 | |
| CHRISTENSEN, ADAM W; NELSON, DIANE K | 37-23133 | Decreed | 9/20/1974 | IRRIGATION | 0.02 | 0.8 | |
| CHRISTENSEN, BRAD LEE | 29-7706 | License | 5/21/1983 | IRRIGATION | 0.1 | 5.0 | |
| CHRISTENSEN, BRAD LEE; CHRISTENSEN, KRISTI | 29-14568 | Decreed | 8/3/1971 | DOMESTIC, IRRIGATION, STOCKWATER | 0.08 | 3.8 | |
| CHRISTENSEN, BRAD LEE; CHRISTENSEN, KRISTI | 29-7273 | Decreed | 7/3/1975 | IRRIGATION | 0.15 | 7.3 | |
| CHRISTENSEN, LANCE ISAAC | 25-7431 | License | 7/6/1988 | DOMESTIC, IRRIGATION | 0.09 | 1.6 | |
| CIRCLE C LAND & CATTLE LLC | 25-14621 | Decreed | 5/9/1977 | IRRIGATION | 0.98 | 49.0 | |
| CITY OF CHUBBUCK | 29-14012 | Decreed | 8/19/1952 | MUNICIPAL | 1.83 | 0.0 | |
| CITY OF CHUBBUCK | 29-14013 | Decreed | 8/19/1952 | MUNICIPAL | 2.25 | 0.0 | |
| CITY OF CHUBBUCK | 29-14058 | Decreed | 8/19/1952 | MUNICIPAL | 0.05 | 0.0 | |
| CITY OF CHUBBUCK | 29-14106 | Decreed | 8/18/1953 | MUNICIPAL | 0.93 | 0.0 | |
| CITY OF CHUBBUCK | 29-2385 | Decreed | 1/11/1957 | MUNICIPAL | 0.78 | 0.0 | |
| CITY OF CHUBBUCK | 29-2413 | Decreed | 6/25/1959 | MUNICIPAL | 1.1 | 0.0 | |
| CITY OF CHUBBUCK | 29-14055 | Decreed | 6/20/1961 | MUNICIPAL | 0.13 | 0.0 | |
| CITY OF CHUBBUCK | 29-14081 | Decreed | 6/20/1961 | MUNICIPAL | 0.025 | 0.0 | |
| CITY OF CHUBBUCK | 29-2469 | Decreed | 3/10/1963 | MUNICIPAL | 1.11 | 0.0 | |
| CITY OF CHUBBUCK | 29-14016 | Decreed | 1/17/1966 | MITIGATION, MUNICIPAL | 1.89 | 0.0 | |
| CITY OF CHUBBUCK | 29-14099 | Decreed | 5/2/1966 | MUNICIPAL | 2.52 | 0.0 | |
| CITY OF CHUBBUCK | 29-14056 | Decreed | 10/26/1966 | MUNICIPAL | 0.09 | 0.0 | |
| CITY OF CHUBBUCK | 29-14082 | Decreed | 10/26/1966 | MUNICIPAL | 0.018 | 0.0 | |
| CITY OF CHUBBUCK | 29-14096 | Decreed | 11/29/1971 | MUNICIPAL | 0.21 | 0.0 | |
| CITY OF CHUBBUCK | 29-14097 | Decreed | 11/29/1971 | MUNICIPAL | 0.02 | 0.0 | |
| CITY OF CHUBBUCK | 29-14054 | Decreed | 12/31/1974 | MUNICIPAL | 1.47 | 0.0 | |
| CITY OF CHUBBUCK | 29-14080 | Decreed | 12/31/1974 | MUNICIPAL | 0.266 | 0.0 | |

Attachment A -Sorted by Owner
List of Ground Water Rights Junior to October 11, 1900
(highlighted rights have 15-days to join a ground water district)

| Owner | Water Right No. | Basis | Priority Date | Water Use List | Diversion Rate (cfs) | Total Acres | Enlargement |
|---|---|---|---|---|---|---|---|
| CITY OF CHUBBUCK | 29-14107 | Decreed | 12/3/1980 | MUNICIPAL | 0.61 | 0.0 | |
| CITY OF OAKLEY | 45-10803 | Decreed | 1/1/1930 | MUNICIPAL | 0.45 | 0.0 | |
| CITY OF OAKLEY | 45-2323B | Decreed | 2/19/1950 | DOMESTIC, STOCKWATER | 0.5 | 0.0 | |
| CLAYSON, CASEY; CLAYSON, SHANE | 45-7496 | Decreed | 1/27/1982 | DOMESTIC, IRRIGATION | 0.06 | 0.7 | |
| CLINGER, ILA; CLINGER, LELAND | 29-2267A | Decreed | 10/16/1949 | DOMESTIC | 0.08 | 0.0 | |
| CLOSE, ROBERT; CLOSE, SALLY | 25-11547 | Decreed | 1/31/1959 | DOMESTIC, IRRIGATION | 0.07 | 1.0 | |
| COLLINS JR, FLOYD L; COLLINS, LINDA M | 34-7072 | Decreed | 5/22/1974 | IRRIGATION | 0.68 | 34.0 | |
| COMORE DEVELOPMENT INC | 25-14240 | License | 6/1/1989 | IRRIGATION | 1.95 | 2634.0 | |
| COMORE DEVELOPMENT INC | 25-14488 | License | 8/5/2020 | DOMESTIC | 0.27 | 0.0 | |
| COMORE LOMA WATER CO INC | 25-7040 | Decreed | 9/17/1973 | DOMESTIC | 0.2 | 0.0 | |
| COMORE LOMA WATER CO INC | 25-7042 | Decreed | 10/26/1973 | DOMESTIC | 0.08 | 0.0 | |
| COMORE LOMA WATER CO INC | 25-7161 | Decreed | 9/29/1978 | DOMESTIC | 0.98 | 0.0 | |
| COMORE LOMA WATER CORP | 25-14243 | Decreed | 5/6/1957 | IRRIGATION | 0.53 | 2634.0 | |
| COMORE LOMA WATER CORP | 25-12706 | Decreed | 7/1/1960 | DOMESTIC, IRRIGATION | 0.13 | 2634.0 | |
| COMORE LOMA WATER CORP | 25-14340 | Decreed | 3/20/1961 | IRRIGATION | 0.56 | 2634.0 | |
| COMORE LOMA WATER CORP | 25-14242 | Decreed | 5/1/1980 | IRRIGATION | 0.29 | 2634.0 | Yes |
| COMORE LOMA WATER CORP | 25-14487 | License | 6/1/1989 | IRRIGATION | 1.31 | 2634.0 | |
| COMORE LOMA WATER CORP | 25-14505 | License | 6/1/1989 | IRRIGATION | 0.57 | 2634.0 | |
| COMORE LOMA WATER CORP | 25-7578 | Decreed | 8/29/1990 | DOMESTIC | 0.3 | 0.0 | |
| COMORE LOMA WATER CORP | 25-7652 | Decreed | 12/11/1996 | DOMESTIC | 1.33 | 0.0 | |
| COMORE LOMA WATER CORP | 25-14166 | License | 3/28/2005 | DOMESTIC | 0.58 | 0.0 | |
| COMORE LOMA WATER CORP | 25-14167 | License | 4/12/2005 | DOMESTIC | 0.21 | 0.0 | |
| COMORE LOMA WATER CORP | 25-14183 | License | 4/29/2006 | DOMESTIC | 0.5 | 0.0 | |
| COMORE LOMA WATER CORP | 25-14484 | License | 4/17/2020 | DOMESTIC | 0.38 | 0.0 | |
| COMORE LOMA WATER CORP | 25-14506 | License | 8/5/2020 | DOMESTIC | 0.18 | 0.0 | |
| CONSOLIDATED AG PROPERTIES LLC | 45-2448B | Decreed | 6/1/1953 | STOCKWATER | 0.17 | 0.0 | |
| COOK, CHARLES S; COOK, JUDITH; SORENSEN, BARRY | 35-10512 | Decreed | 6/15/1952 | COMMERCIAL, DOMESTIC, STOCKWATER | 0.11 | 0.0 | |
| COOK, DANNY; COOK, DARRELL L | 35-7979 | License | 5/5/1981 | DOMESTIC | 0.06 | 0.0 | |
| COOK, DONALD J | 35-7362 | License | 12/27/1973 | DOMESTIC, STOCKWATER | 0.05 | 0.0 | |
| COOK, JESSICA; COOK, STEVEN MATTHEW | 45-14570 | Decreed | 6/1/1939 | IRRIGATION | 0.09 | 7.5 | |
| COOK, KARL T; COOK, MOLLY M | 35-14944 | Decreed | 2/13/1956 | IRRIGATION | 1.29 | 161.8 | |
| COOK, KARL T; COOK, MOLLY M | 35-14942 | Decreed | 4/1/1962 | IRRIGATION | 0.77 | 161.8 | |
| COOK, KARL T; COOK, MOLLY M | 35-14943 | Decreed | 1/24/1978 | IRRIGATION | 1.96 | 161.8 | |
| COOK, STEVEN MATTHEW; COOK, TRISTA | 45-14571 | Decreed | 6/1/1939 | IRRIGATION | 0.06 | 4.5 | |
| CORDES, RONALD A | 25-7488 | License | 2/14/1989 | DOMESTIC, IRRIGATION | 0.1 | 3.0 | |
| CORDON TRAILER COURT | 25-10195 | Decreed | 3/11/1960 | COMMERCIAL | 0.13 | 0.0 | |
| CORP OF THE PRESIDING BISHOP | 31-10340 | Decreed | 5/1/1932 | DOMESTIC | 0.04 | 0.0 | |
| CORP OF THE PRESIDING BISHOP | 25-4237 | Decreed | 5/8/1935 | DOMESTIC | 0.16 | 0.0 | |
| CORP OF THE PRESIDING BISHOP | 45-13877 | Decreed | 10/1/1952 | IRRIGATION | 0.04 | 2.0 | |
| CORP OF THE PRESIDING BISHOP | 45-13878 | Decreed | 10/1/1952 | IRRIGATION | 0.04 | 2.0 | |
| CORP OF THE PRESIDING BISHOP | 22-7438 | Decreed | 7/20/1983 | DOMESTIC | 0.28 | 0.0 | |
| COUNTRY CLUB WATER | 25-14447 | Decreed | 1/27/1976 | IRRIGATION | 0.03 | 18.7 | |
| COUNTRY CLUB WATER | 25-14448 | Decreed | 10/31/1986 | IRRIGATION | 0.01 | 18.7 | Yes |
| COUNTY OF BANNOCK | 29-13466 | License | 1/14/2003 | COMMERCIAL | 1.78 | 0.0 | |
| COUNTY OF JEFFERSON | 25-13985 | License | 5/13/2003 | RECREATION STORAGE | 0 | 0.0 | |

Attachment A -Sorted by Owner
List of Ground Water Rights Junior to October 11, 1900
(highlighted rights have 15-days to join a ground water district)

| Owner | Water Right No. | Basis | Priority Date | Water Use List | Diversion Rate (cfs) | Total Acres | Enlargement |
|---|---|---|---|---|---|---|---|
| COX, ED; COX, PATRICIA | 29-7903 | License | 4/17/1990 | IRRIGATION | 0.04 | 2.0 | |
| CRANDALL, JEFF; CRANDALL, SUSAN | 35-8658 | License | 11/2/1985 | DOMESTIC | 0.06 | 0.0 | |
| CRANE CROPS LLC | 45-7303 | Decreed | 5/10/1977 | IRRIGATION, STOCKWATER | 1.28 | 62.0 | |
| CRANE, KARI L; CRANE, TROY W | 45-4067B | Decreed | 8/1/1962 | IRRIGATION | 1.46 | 73.0 | |
| CRANER, DAVID A; CRANER, HELEN B | 45-7442 | Decreed | 4/4/1980 | IRRIGATION | 0.12 | 4.0 | |
| CRANNEY LAND COMPANY LLC | 45-2639 | Decreed | 2/20/1961 | IRRIGATION | 3.48 | 196.0 | |
| CRARY INDUSTRIES INC | 36-11369 | Decreed | 8/20/1959 | COMMERCIAL | 0.03 | 0.0 | |
| CRAWFORD, GAYLE; CRAWFORD, JOHN S | 36-17138 | Decreed | 3/7/1978 | IRRIGATION | 0.04 | 2.3 | |
| CROMWELL, VERNAL D | 25-7446 | License | 10/21/1988 | DOMESTIC | 0.06 | 0.0 | |
| CROP PRODUCTION SERVICES | 25-4250 | Decreed | 3/8/1963 | COMMERCIAL | 0.1 | 0.0 | |
| CROTTS, RICHARD S; MC CONNELL, FRANCES L | 37-23627 | Decreed | 9/20/1974 | IRRIGATION | 0.08 | 6.4 | |
| CRYSTAL POND ANGLERS ASSN INC | 22-7577 | License | 8/24/1988 | RECREATION STORAGE | 0 | 0.0 | |
| CUNDICK, LARRY; CUNDICK, ROSALYNN | 37-23213 | Decreed | 9/20/1974 | IRRIGATION | 0.02 | 1.6 | |
| D & C PROPERTIES LLC | 25-14596 | Permit | 8/4/2010 | INDUSTRIAL | 2 | 0.0 | |
| D & M WATER ASSN | 29-7281 | Decreed | 8/4/1975 | DOMESTIC | 0.26 | 0.0 | |
| D & M WATER ASSN | 29-7367 | Decreed | 2/7/1977 | DOMESTIC | 0.4 | 0.0 | |
| D & M WATER ASSN | 29-7912 | License | 4/2/1990 | DOMESTIC | 0.04 | 0.0 | |
| DANCING DRAGONFLY LLC | 25-4165 | Decreed | 6/19/1959 | DOMESTIC, IRRIGATION | 0.16 | 2.0 | |
| DANIEL, BRENDA | 25-7447 | License | 10/25/1988 | IRRIGATION | 0.02 | 1.0 | |
| DANIEL, BRENDA; DANIEL, DAVID S | 25-7261 | Decreed | 10/8/1981 | DOMESTIC, IRRIGATION, STOCKWATER | 0.04 | 2.0 | |
| DANIEL, MELVIN R JR | 25-7538 | License | 9/19/1989 | COMMERCIAL | 0.07 | 0.0 | |
| DARCEL L HULSE TRUST | 25-14185 | Decreed | 4/1/1903 | IRRIGATION | 0.06 | 2.0 | |
| DASCANIO, ELIZABETH; DASCANIO, JUSTIN | 35-14588 | Decreed | 12/31/1940 | IRRIGATION | 0.16 | 15.0 | |
| DASCANIO, ELIZABETH; DASCANIO, JUSTIN | 35-14587 | Decreed | 3/5/1948 | IRRIGATION | 0.11 | 15.0 | |
| DASCANIO, ELIZABETH; DASCANIO, JUSTIN | 35-14589 | Decreed | 9/28/1981 | IRRIGATION | 0.01 | 15.0 | |
| DAVENPORT, KENDALL E; DAVENPORT, YOLANDA L | 22-10395 | Decreed | 4/1/1947 | DOMESTIC, IRRIGATION | 0.06 | 1.1 | |
| DAVID GREENE LIVING TRUST | 37-23211 | Decreed | 9/20/1974 | IRRIGATION | 0.04 | 3.4 | |
| DAVIS, BRIAN L | 29-14462 | Decreed | 10/28/1953 | IRRIGATION | 0.01 | 1.5 | |
| DAVIS, BRIAN L | 29-14442 | Decreed | 6/23/1977 | IRRIGATION | 0.01 | 1.5 | |
| DAVISON, NANCY; DAVISON, RANDY LEE | 25-7017A | Decreed | 3/20/1972 | IRRIGATION | 0.42 | 21.0 | |
| DAW, ADELE S; DAW, TERRELL B | 25-14255 | Decreed | 8/10/1966 | IRRIGATION | 0.02 | 1.2 | |
| DE GIULIO RANCHES INC | 35-10346 | Decreed | 6/1/1901 | DOMESTIC, STOCKWATER | 0.09 | 0.0 | |
| DE MOSS, GARY A; DE MOSS, HELEN | 37-22168 | Decreed | 9/20/1974 | IRRIGATION, STOCKWATER | 1.61 | 802.0 | |
| DEES, ELDON G; DEES, KATHALINE; DEES, RONALD K; DEES, SHIRLEY | 25-7351 | Decreed | 6/24/1983 | DOMESTIC, STOCKWATER | 0.06 | 0.0 | |
| DERBYHAWK LLC | 25-7553 | License | 9/27/1989 | DOMESTIC | 0.11 | 0.0 | |
| DIETRICH SCHOOL DISTRICT #314 | 37-4317 | Decreed | 8/1/1935 | DOMESTIC | 0.09 | 0.0 | |
| DIRKS, SHANE LEE; DIRKS, TANYA MARIE | 34-14960 | Decreed | 9/13/1961 | IRRIGATION | 1.88 | 109.0 | |
| DIRKS, SHANE LEE; DIRKS, TANYA MARIE | 34-14961 | Decreed | 4/1/1977 | IRRIGATION | 0.3 | 109.0 | Yes |
| DIXON, ANNIE; JAHN, ROBERT | 35-7823 | License | 11/22/1978 | DOMESTIC, STOCKWATER | 0.05 | 0.0 | |
| DOBSON RANCH | 31-11429 | Decreed | 6/21/1957 | DIVERSION TO STORAGE, IRRIGATION FROM STORAGE, IRRIGATION STORAGE | 13.45 | 1561.6 | |
| DOUBLE EAGLE PROPERTIES LLLP | 45-14459 | Decreed | 10/11/1929 | IRRIGATION | 0.1 | 21.8 | |
| DOUBLE EAGLE PROPERTIES LLLP | 45-14460 | Decreed | 5/10/1946 | IRRIGATION | 0.12 | 21.8 | |
| DOUBLE EAGLE PROPERTIES LLLP | 45-14461 | Decreed | 2/20/1952 | IRRIGATION | 0.08 | 21.8 | |
| DOUBLE EAGLE PROPERTIES LLLP | 45-14462 | Decreed | 6/30/1985 | IRRIGATION | 0.08 | 21.8 | |

Attachment A -Sorted by Owner
List of Ground Water Rights Junior to October 11, 1900
(highlighted rights have 15-days to join a ground water district)

| Owner | Water Right No. | Basis | Priority Date | Water Use List | Diversion Rate (cfs) | Total Acres | Enlargement |
|---|---|---|---|---|---|---|---|
| DOUG ANDRUS DISTRIBUTING INC | 35-12529 | Decreed | 1/1/1950 | COMMERCIAL | 0.18 | 0.0 | |
| DREW, STAN | 29-8237 | License | 4/17/2000 | DOMESTIC | 0.11 | 0.0 | |
| DUNCAN, PATRICIA MCCARDELL, MC CARDELL, PETER D, MC CARDELL, RICHARD KEITH | 29-10844 | Decreed | 1/4/1943 | DOMESTIC, IRRIGATION, STOCKWATER | 0.06 | 4.0 | |
| EAMES, LINDA J | 25-7643 | License | 12/4/1995 | DOMESTIC | 0.18 | 0.0 | |
| EAST FAIRVIEW WATER WELL CO | 25-12791 | Decreed | 4/1/1961 | DOMESTIC | 0.11 | 0.0 | |
| EDEN, GARY T; EDEN, GLENNA R | 37-8363 | License | 8/6/1988 | COMMERCIAL, DOMESTIC, STOCKWATER | 0.05 | 0.0 | |
| EDSTROM CONSTRUCTION PROPERTIES LLP | 22-14542 | Permit | 3/27/2023 | INDUSTRIAL STORAGE, INDUSTRIAL, RECREATION STORAGE | 4 | 0.0 | |
| EDWARDS, LA DONNA; EDWARDS, SAMUEL | 35-8793 | License | 6/13/1989 | DOMESTIC | 0.04 | 0.0 | |
| ELDER, GLEN O; ELDER, JUNE R | 29-4000 | Decreed | 6/1/1947 | DOMESTIC, IRRIGATION, STOCKWATER | 0.08 | 4.0 | |
| ELDREDGE, DALE C; ELDREDGE, RENEE J | 37-10142 | Decreed | 5/1/1951 | COMMERCIAL, DOMESTIC, STOCKWATER | 0.08 | 0.0 | |
| ELK RIDGE RV LLC | 36-17282 | Decreed | 2/2/1954 | COMMERCIAL | 0.11 | 0.0 | |
| ELK RIDGE RV LLC | 36-17283 | Decreed | 3/1/1975 | COMMERCIAL | 0.03 | 0.0 | Yes |
| ELLIOTT, DAVID S; ELLIOTT, JANICE | 25-14314 | Decreed | 8/10/1966 | IRRIGATION | 0.02 | 1.0 | |
| ELLIS, RANDY; HAINES, KENNETH; SIMMONS, LARRY W; SMITH, RICKY; SMITH, ROGER; WHEELER, BLISS | 35-8821 | License | 9/13/1989 | DOMESTIC | 0.04 | 0.0 | |
| EMPEY, BRUCE; EMPEY, JEANETTE C | 25-7098 | Decreed | 8/5/1976 | DOMESTIC, IRRIGATION | 0.05 | 6.0 | |
| EVANS, LOIS C; EVANS, MYRON C | 31-10061 | Decreed | 12/31/1976 | DOMESTIC | 0.04 | 0.0 | |
| F & C TRUCKING LLC | 36-17067 | Decreed | 9/8/1962 | COMMERCIAL, STOCKWATER | 0.09 | 0.0 | |
| FALCON RIDGE HOA | 25-14181 | License | 1/27/2006 | DOMESTIC | 0.31 | 0.0 | |
| FALLING TREE WELL CO | 35-8815 | License | 9/20/1989 | DOMESTIC | 0.04 | 0.0 | |
| FALLS IRRIGATION DISTRICT / US BUREAU OF RECLAMATION | 29-2267 | Decreed | 10/16/1949 | IRRIGATION | 0.44 | 0.0 | |
| FALLS IRRIGATION DISTRICT / US BUREAU OF RECLAMATION | 29-2288 | Decreed | 5/19/1950 | IRRIGATION | 2 | 0.0 | |
| FALLS IRRIGATION DISTRICT / US BUREAU OF RECLAMATION | 29-13388 | Decreed | 6/18/1950 | IRRIGATION | 2.3 | 0.0 | |
| FALLS IRRIGATION DISTRICT / US BUREAU OF RECLAMATION | 29-13389 | Decreed | 6/18/1950 | IRRIGATION | 0.21 | 0.0 | |
| FALLS IRRIGATION DISTRICT / US BUREAU OF RECLAMATION | 29-2306 | Decreed | 7/2/1951 | IRRIGATION | 2.8 | 0.0 | |
| FALLS IRRIGATION DISTRICT / US BUREAU OF RECLAMATION | 29-2307 | Decreed | 7/2/1951 | IRRIGATION | 2 | 0.0 | |
| FALLS IRRIGATION DISTRICT / US BUREAU OF RECLAMATION | 29-2310 | Decreed | 12/22/1951 | IRRIGATION | 1.6 | 0.0 | |
| FALLS IRRIGATION DISTRICT / US BUREAU OF RECLAMATION | 29-13426 | Decreed | 1/15/1952 | IRRIGATION | 2.02 | 0.0 | |
| FALLS IRRIGATION DISTRICT / US BUREAU OF RECLAMATION | 29-13427 | Decreed | 1/15/1952 | IRRIGATION | 0.73 | 0.0 | |
| FALLS IRRIGATION DISTRICT / US BUREAU OF RECLAMATION | 29-2614 | Decreed | 2/16/1953 | IRRIGATION | 1.52 | 0.0 | |
| FARMS LLC | 29-14051 | Decreed | 2/23/1966 | IRRIGATION | 0.02 | 1.5 | |
| FAULKNER LAND & LIVESTOCK CO INC | 37-10597 | Decreed | 12/31/1949 | DOMESTIC, STOCKWATER | 0.17 | 0.0 | |
| FEATHERSTON, SHIRLEY K | 35-10999 | Decreed | 12/31/1927 | DOMESTIC, IRRIGATION, STOCKWATER | 0.1 | 1.3 | |
| FERGUSON, JEANINE; FERGUSON, LARRY G | 25-10022 | Decreed | 12/31/1937 | DOMESTIC, IRRIGATION, STOCKWATER | 0.14 | 1.0 | |
| FERRERA, ANGELA; FERRERA, DAVID | 29-14459 | Decreed | 10/28/1953 | IRRIGATION | 0.01 | 1.8 | |
| FERRERA, ANGELA; FERRERA, DAVID | 29-14439 | Decreed | 6/23/1977 | IRRIGATION | 0.02 | 1.8 | |
| FIELDS, KAREN C; FIELDS, VIRGIL | 37-7699 | Decreed | 2/23/1978 | DOMESTIC, STOCKWATER | 0.2 | 0.0 | |
| FINK, CONNIE LEE; FINK, DAN ROBERT | 25-14260 | Decreed | 8/10/1966 | IRRIGATION | 0.03 | 1.4 | |
| FOSTER COMPANY | 25-14292 | Decreed | 2/15/1951 | IRRIGATION | 0.51 | 65.9 | |
| FOSTER LAND AND CATTLE | 22-14749 | Decreed | 2/24/1953 | IRRIGATION | 0.01 | 16.0 | |
| FOSTER LAND AND CATTLE | 22-14750 | Decreed | 6/7/1957 | IRRIGATION | 0.01 | 16.0 | |
| FOSTER LAND AND CATTLE | 22-14748 | Decreed | 8/4/1979 | IRRIGATION | 0.02 | 16.0 | |
| FOUR SEASONS WATER CO | 27-7351 | License | 4/20/1983 | DOMESTIC | 0.29 | 0.0 | |
| FOUR SQUARE WATER WELL CORP | 25-7327 | Decreed | 2/4/1985 | DOMESTIC, IRRIGATION | 0.16 | 3.0 | |
| FRANKLIN DON WIXOM & ZOE FAR WIXOM FAMILY TRUST | 45-10575 | Decreed | 3/15/1939 | IRRIGATION, STOCKWATER | 0.1 | 5.0 | |

Attachment A -Sorted by Owner
List of Ground Water Rights Junior to October 11, 1900
(highlighted rights have 15-days to join a ground water district)

| Owner | Water Right No. | Basis | Priority Date | Water Use List | Diversion Rate (cfs) | Total Acres | Enlargement |
|---|---|---|---|---|---|---|---|
| FREEMAN, DIANE WALKER; FREEMAN, DONALD WALTER | 35-14952 | Decreed | 1/26/1962 | IRRIGATION | 0.04 | 3.3 | |
| FREEMAN, MARK E | 25-14306 | Decreed | 8/10/1966 | IRRIGATION | 0.02 | 2.0 | |
| FREEMAN, MARK E | 25-14311 | Decreed | 8/10/1966 | IRRIGATION | 0.02 | 2.0 | |
| FULLMER JR, ALBERT W; FULLMER, ELEANOR | 34-2437A | Decreed | 9/5/1961 | IRRIGATION | 0.02 | 1.5 | |
| FULLMER, APRIL; FULLMER, NICHOLAS | 25-4106 | Decreed | 4/1/1959 | IRRIGATION | 0.05 | 1.7 | |
| FUNK, BRENT; FUNK, CHALET | 36-17181 | Decreed | 11/28/1977 | IRRIGATION, MITIGATION BY NON-USE | 2.14 | 104.7 | |
| FUNK, LEROY; FUNK, RONDA | 45-2672 | Decreed | 10/26/1961 | IRRIGATION | 1 | 71.0 | |
| G5 LAND COMPANY LLC | 45-2688B | Decreed | 10/17/1962 | COMMERCIAL | 0.04 | 0.0 | |
| GAIL E TOLMAN & J THOMAS PARKER TRUST | 29-4440 | Decreed | 5/1/1933 | DOMESTIC, IRRIGATION | 0.04 | 1.0 | |
| GALKA, MAGDALENA B; WAS, ALEKSANDER P; WAS, PIOTR B | 34-14622 | Decreed | 12/17/1961 | IRRIGATION | 0.03 | 1.7 | |
| GAMETT, CHANDOS; GAMETT, WESTON | 34-14972 | Decreed | 12/31/1962 | IRRIGATION | 0.04 | 2.0 | |
| GENERAL MILLS OPERATIONS INC | 35-2857B | Decreed | 1/16/1967 | INDUSTRIAL | 0.23 | 0.0 | |
| GERRATT, LARRY | 45-2180 | Decreed | 10/13/1934 | IRRIGATION | 2 | 151.0 | |
| GERRATT, LARRY | 45-11613 | Decreed | 7/22/1955 | IRRIGATION | 0.6 | 151.0 | |
| GERRATT, LARRY; GERRATT, REX | 45-11441 | Decreed | 4/1/1960 | COMMERCIAL, DOMESTIC, STOCKWATER | 0.07 | 0.0 | |
| GIBBY, REED | 45-13990 | License | 2/10/2006 | DOMESTIC | 0.09 | 0.0 | |
| GILLEN, NORMAN | 27-7585 | License | 4/20/1999 | DOMESTIC | 0.14 | 0.0 | |
| GLANBIA FOODS INC | 36-16213 | Decreed | 11/11/1959 | MITIGATION | 2.6 | 400.0 | |
| GLANBIA FOODS INC | 36-16215 | Decreed | 11/15/1970 | MITIGATION | 3.9 | 410.0 | |
| GLANBIA FOODS INC | 36-16219 | Decreed | 5/26/1971 | MITIGATION | 0.33 | 400.0 | Yes |
| GLANBIA FOODS INC | 36-16217 | Decreed | 5/16/1980 | MITIGATION | 0.96 | 400.0 | |
| GO LLC | 27-12180 | Decreed | 9/30/1905 | COMMERCIAL, INDUSTRIAL | 0.76 | 0.0 | |
| GONZALES, FERNANDO B; GONZALES, IRENE H | 29-7238 | Decreed | 10/31/1974 | DOMESTIC, IRRIGATION | 0.11 | 8.0 | |
| GONZALES, FERNANDO B; GONZALES, IRENE H | 29-7984 | Decreed | 4/23/1990 | IRRIGATION | 0.03 | 8.0 | |
| GONZALEZ, LAURA; ORTIZ, JULIO | 29-14346 | Decreed | 12/16/1963 | IRRIGATION | 0.03 | 2.0 | |
| GOODLIFFE, ARNOLD J; GOODLIFFE, BECKY B | 29-8044 | License | 4/2/1990 | IRRIGATION | 0.06 | 2.0 | |
| GOODWIN EXCAVATING LLC; POCATELLO READY MIX | 35-14326 | Decreed | 5/2/1977 | INDUSTRIAL | 0.1 | 0.0 | |
| GOUGH, JONATHAN; GOUGH, MEMORI DEANN | 37-23212 | Decreed | 9/20/1974 | IRRIGATION | 0.03 | 2.7 | |
| GOUGH, SHAUN | 37-23373 | License | 8/22/1988 | IRRIGATION | 0.03 | 1.5 | |
| GRAFF, MICHAEL R | 36-4206 | Decreed | 1/1/1952 | DOMESTIC, IRRIGATION | 0.04 | 2.0 | |
| GRAVES, FRANCES M; GRAVES, RICHARD L | 37-7371 | Permit | 7/31/1974 | DOMESTIC, IRRIGATION, STOCKWATER | 6.49 | 320.0 | |
| GRAY, F SCOTT; HENRY, JOHN M; RODRIGUEZ, JAVIER P | 25-7439 | License | 8/15/1988 | DOMESTIC, IRRIGATION | 0.09 | 1.0 | |
| GRAYBEAL, EMILY; GRAYBEAL, JASON | 37-4052 | Decreed | 4/1/1962 | DOMESTIC, IRRIGATION | 0.08 | 1.4 | |
| GRIMMETT, GARY D | 35-8179 | Decreed | 8/2/1983 | DOMESTIC, IRRIGATION | 0.1 | 3.0 | |
| GRISENTI, CHEYANNA; GRISENTI, TYSON | 36-17209 | Decreed | 6/21/1960 | IRRIGATION | 0.08 | 4.0 | |
| GROVER, ALICE MAE; GROVER, MELVIN G | 25-7480 | License | 1/9/1989 | DOMESTIC, IRRIGATION, STOCKWATER | 0.07 | 3.0 | |
| GROVER, JACK H; GROVER, ROBERTA CAROL | 35-10496 | Decreed | 4/1/1948 | COMMERCIAL | 0.02 | 0.0 | |
| GUMMERSON, CHARLES E; GUMMERSON, REBECCA M | 45-4033A | Decreed | 8/1/1935 | DOMESTIC, IRRIGATION, STOCKWATER | 0.08 | 1.8 | |
| GUNDERSON, ADEN | 35-14176 | Decreed | 12/31/1940 | IRRIGATION | 0.21 | 20.0 | |
| GUNDERSON, ADEN | 35-14174 | Decreed | 3/5/1948 | IRRIGATION | 0.15 | 20.0 | |
| GUNDERSON, ADEN | 35-14178 | Decreed | 9/28/1981 | IRRIGATION | 0.01 | 20.0 | |
| HALBERT, GILBERT L; HALBERT, KIM M | 36-2371B | Decreed | 12/31/1958 | IRRIGATION | 0.08 | 2.5 | |
| HALE, LAUREN; HALE, NIC | 29-14445 | Decreed | 10/28/1953 | IRRIGATION | 0.01 | 1.3 | |
| HALE, LAUREN; HALE, NIC | 29-14425 | Decreed | 6/23/1977 | IRRIGATION | 0.01 | 1.3 | |
| HALL, BRIANNE; HALL, STEVEN | 29-7628 | Decreed | 1/19/1982 | IRRIGATION | 0.12 | 7.6 | |

Attachment A -Sorted by Owner
List of Ground Water Rights Junior to October 11, 1900
(highlighted rights have 15-days to join a ground water district)

| Owner | Water Right No. | Basis | Priority Date | Water Use List | Diversion Rate (cfs) | Total Acres | Enlargement |
|---|---|---|---|---|---|---|---|
| HALL, DOUG; HALL, TAMARA | 25-14289 | Decreed | 8/10/1966 | IRRIGATION | 0.04 | 2.0 | |
| HALLINAN, KAYE; JENSEN, GARY L; JENSEN, GORDON L; JENSEN, J LYLE; JENSEN, M LEROY; JENSEN, TERRY L | 29-2419 | Decreed | 10/26/1959 | IRRIGATION | 1.32 | 104.6 | |
| HAMILTON LAND & LIVESTOCK LTD | 25-4022 | Decreed | 2/7/1957 | IRRIGATION | 0.09 | 4.5 | |
| HAMMOND, LORNA O; THE SHELTERED TRUST | 35-8016 | License | 1/18/1982 | DOMESTIC, STOCKWATER | 0.06 | 0.0 | |
| HANCOCK, DEAN | 25-14496 | Decreed | 4/22/1979 | IRRIGATION | 0.02 | 1.0 | |
| HANSEN, VIRGINIA E | 45-4125 | Decreed | 3/20/1962 | DOMESTIC, IRRIGATION | 0.04 | 0.7 | |
| HANSEN, WILLIAM KORBY | 25-7458 | License | 11/8/1988 | DOMESTIC, IRRIGATION | 0.09 | 1.7 | |
| HAROLDSEN, G ERIC; HAROLDSEN, GRANT O | 25-7300 | Decreed | 1/5/1983 | DOMESTIC, STOCKWATER | 0.06 | 0.0 | |
| HARRIS, BILL B | 25-7489 | License | 2/23/1989 | DOMESTIC, STOCKWATER | 0.06 | 0.0 | |
| HARRY, KIMBERLY A; HARRY, RICHARD C | 34-2435A | Decreed | 7/26/1961 | IRRIGATION | 1.54 | 71.0 | |
| HART, DAVID J; HART, JAMES W | 29-2395 | Decreed | 2/28/1958 | IRRIGATION | 2.11 | 215.2 | |
| HART, ROBERT E | 29-14263 | Decreed | 2/28/1958 | IRRIGATION | 0.7 | 71.8 | |
| HASLAM, LAVORE | 35-8629 | License | 4/8/1986 | DOMESTIC, STOCKWATER | 0.06 | 0.0 | |
| HAWKINS, PENNY R; JONES, PHYLLIS J | 34-2409A | Decreed | 4/6/1961 | IRRIGATION | 2.2 | 132.0 | |
| HAWKINS, PENNY R; JONES, PHYLLIS J | 34-12034A | Decreed | 6/20/1972 | IRRIGATION | 0.37 | 132.0 | Yes |
| HAYES, AMY; HAYES, DESTRY | 35-14638 | Decreed | 6/1/1938 | IRRIGATION | 0.04 | 3.3 | |
| HAYES, AMY; HAYES, DESTRY | 35-14639 | Decreed | 9/28/1981 | IRRIGATION | 0.02 | 3.3 | |
| HEISE HOT SPRINGS INC | 23-7016 | Decreed | 2/3/1976 | IRRIGATION | 0.36 | 14.5 | |
| HELSLEY HENDRIX, JEANINE P; HELSLEY, BRIAN T | 36-16561 | Decreed | 2/8/1971 | IRRIGATION | 0.03 | 3.0 | |
| HENRIE, JAREM | 25-7302 | Decreed | 1/25/1983 | DOMESTIC, IRRIGATION, STOCKWATER | 0.05 | 2.0 | |
| HENSLEY, DEBORAH; HENSLEY, FLOYD EARL; LOCKES, BERNICE; REYNOLDS, LYNN; WESSEL, TERESA | 25-7084 | Decreed | 1/28/1976 | DOMESTIC | 0.06 | 0.0 | |
| HERITAGE DEVELOPMENT | 29-8173 | License | 7/19/1996 | DOMESTIC | 0.27 | 0.0 | |
| HERMELIA GONZALEZ FAMILY TRUST | 29-14559 | Decreed | 2/4/1972 | IRRIGATION | 0.04 | 2.5 | |
| HIGHWAY ESTATES WATER USERS INC | 25-7038 | Decreed | 9/20/1973 | DOMESTIC | 0.2 | 0.0 | |
| HIGLEY DEVELOPMENTS LLC | 25-14444 | Decreed | 10/28/1953 | IRRIGATION | 0.05 | 2.8 | |
| HILL, BARBARA; WRIGHT, LE ROY C; WRIGHT, MARILYN | 25-14615 | Decreed | 5/12/1981 | IRRIGATION | 0.05 | 0.7 | |
| HILL, BRENT; LLOYD, LINDA; MC GARY, DEBRA; MC GARY, STEPHEN | 22-7584 | License | 8/30/1988 | DOMESTIC, IRRIGATION | 0.1 | 2.0 | |
| HINCKLEY, LA PREAL | 25-14005 | License | 10/12/2003 | IRRIGATION | 0.06 | 3.0 | |
| HINTZE FARMS | 34-10696 | Decreed | 4/26/1955 | COMMERCIAL | 0.04 | 0.0 | |
| HINTZE, LIN F; HINTZE, S K | 34-10702 | Decreed | 7/1/1955 | COMMERCIAL | 0.04 | 0.0 | |
| HOFFBUHR INVESTMENT CO LLC | 45-13668 | Decreed | 4/28/1951 | IRRIGATION | 0.02 | 1.0 | |
| HOLDAWAY, CHAD | 31-4069 | Decreed | 12/31/1961 | DOMESTIC, STOCKWATER | 0.16 | 0.0 | |
| HOLLADAY, JAYSON C; HOLLADAY, RUTH R | 29-2336 | Decreed | 7/1/1953 | DOMESTIC, IRRIGATION | 0.04 | 3.0 | |
| HOLLAND, JOHN H; HOLLAND, JUDITH A | 36-7112 | Decreed | 1/22/1970 | IRRIGATION, STOCKWATER | 0.84 | 40.0 | |
| HOLMES, JENNIFER A; HOLMES, MARK E | 34-7562 | License | 11/14/1994 | DOMESTIC | 0.1 | 0.0 | |
| HOME ACRES WATER ASSN | 29-4269 | Decreed | 9/1/1945 | DOMESTIC, STOCKWATER | 0.1 | 0.0 | |
| HONDO, AKIYE I; HONDO, DANIEL A | 45-2664 | Decreed | 8/30/1961 | IRRIGATION | 2 | 157.0 | |
| HUETTIG, BRIAN J; HUETTIG, LARRY; HUETTIG, NANCY | 36-16866 | Decreed | 1/8/1951 | COMMERCIAL | 0.03 | 0.0 | |
| HUNSTMANS PROPERTIES | 27-7511 | License | 4/20/1990 | COMMERCIAL | 0.33 | 0.0 | |
| HUNTING, AUDREY | 25-7453 | License | 10/28/1988 | IRRIGATION | 0.03 | 1.0 | |
| HUTCHISON, JA NEAL; HUTCHISON, WINSTON | 45-4218 | Decreed | 7/1/1958 | IRRIGATION | 0.05 | 1.5 | |
| HYMAS, KIMBERLY; HYMAS, TORREY ERIC | 29-14454 | Decreed | 10/28/1953 | IRRIGATION | 0.05 | 6.4 | |
| HYMAS, KIMBERLY; HYMAS, TORREY ERIC | 29-14434 | Decreed | 6/23/1977 | IRRIGATION | 0.06 | 6.4 | |

Attachment A -Sorted by Owner
List of Ground Water Rights Junior to October 11, 1900
(highlighted rights have 15-days to join a ground water district)

| Owner | Water Right No. | Basis | Priority Date | Water Use List | Diversion Rate (cfs) | Total Acres | Enlargement |
|---|---|---|---|---|---|---|---|
| ID DEPT OF FISH & GAME | 29-13997 | Decreed | 1/21/1964 | DIVERSION TO STORAGE, RECREATION STORAGE | 0.12 | 0.0 | |
| ID DEPT OF FISH & GAME | 29-13998 | License | 2/10/2011 | RECREATION STORAGE | 0 | 0.0 | |
| ID DEPT OF PARKS & RECREATION | 36-17147 | Decreed | 8/7/1973 | IRRIGATION | 0.06 | 5.0 | |
| ID DEPT OF TRANSPORTATION | 37-20852 | Decreed | 9/20/1974 | IRRIGATION | 0.09 | 0.0 | |
| ID DEPT OF TRANSPORTATION | 22-7317 | Decreed | 1/31/1980 | COMMERCIAL, DOMESTIC | 0.04 | 0.0 | |
| ID DEPT OF TRANSPORTATION | 31-7372 | Decreed | 1/28/1982 | INDUSTRIAL | 0.05 | 0.0 | |
| ID FISH & GAME COMMISSION | 35-4271A | Decreed | 6/1/1945 | FISH PROPAGATION | 50 | 0.0 | |
| ID FISH & GAME COMMISSION | 35-8635A | Decreed | 12/17/1986 | FISH PROPAGATION | 0.72 | 0.0 | |
| ID FISH & GAME COMMISSION | 35-8679 | License | 12/26/1988 | COMMERCIAL | 1 | 0.0 | |
| IDAHO AG CREDIT FLCA; SCHWENDIMAN, VAL E | 22-13293 | License | 1/5/1992 | IRRIGATION | 7.11 | 528.0 | |
| IDAHO AGRI INVESTMENTS LLC | 45-14533 | Decreed | 9/6/1967 | COMMERCIAL, STOCKWATER | 3.01 | 0.0 | |
| IDAHO AGRI INVESTMENTS LLC | 45-7237 | License | 5/2/1975 | DOMESTIC, STOCKWATER | 0.08 | 0.0 | |
| IDAHO DAIRY HOLDINGS LLC | 45-14463 | Decreed | 6/17/1929 | COMMERCIAL, STOCKWATER | 0.3 | 0.0 | |
| IDAHO FALLS COUNTRY CLUB INC | 25-13372 | Decreed | 12/31/1961 | COMMERCIAL, IRRIGATION | 0.67 | 132.0 | |
| IDAHO POWER COMPANY | 29-8126 | Decreed | 1/26/1959 | INDUSTRIAL | 2.68 | 0.0 | |
| IDAHO POWER COMPANY | 45-7669 | License | 1/9/1990 | DOMESTIC | 0.06 | 0.0 | |
| IDAHO RAIL INVESTMENT LLC | 29-11027 | Decreed | 12/14/1917 | INDUSTRIAL, IRRIGATION | 0.11 | 1.4 | |
| IDAHO STATE UNIVERSITY | 29-7289 | Decreed | 9/22/1975 | HEATING | 1.12 | 0.0 | |
| IDAHO WATER CO LLC | 36-16909 | Decreed | 9/12/1973 | IRRIGATION | 0.06 | 485.0 | |
| IDAHO WATER CO LLC | 36-16911 | Decreed | 9/12/1973 | IRRIGATION | 0.1 | 485.0 | |
| IDAHO WATER COMPANY LLC | 29-14365 | Decreed | 12/24/1948 | IRRIGATION | 0.19 | 20.0 | |
| IDAHO WATER COMPANY LLC | 29-14366 | Decreed | 5/27/1974 | IRRIGATION | 0.1 | 20.0 | |
| INFANGER, DEBRA A; INFANGER, JOHN N | 37-23224 | License | 3/17/2020 | DOMESTIC | 0.15 | 0.0 | |
| ISAAK, LAMAR | 29-14319 | Decreed | 2/28/1977 | IRRIGATION | 0.56 | 38.0 | |
| J R SIMPLOT CO | 33-10092 | Decreed | 11/1/1961 | DOMESTIC, STOCKWATER | 0.15 | 0.0 | |
| J R SIMPLOT CO | 29-2515 | Decreed | 1/5/1966 | IRRIGATION | 2 | 196.0 | |
| J R SIMPLOT CO | 29-7036 | Decreed | 9/10/1969 | DOMESTIC, INDUSTRIAL | 0.03 | 0.0 | |
| J R SIMPLOT CO | 29-7089 | Decreed | 6/9/1972 | IRRIGATION | 1.08 | 196.0 | |
| JACK C BROWN LIVING TRUST; PATRICIA BROWN LIVING TRUST | 35-9072 | License | 12/7/1998 | DOMESTIC | 0.18 | 0.0 | |
| JACOB, JANET; JACOB, PAUL | 34-14814 | Decreed | 5/14/1977 | IRRIGATION | 0.21 | 10.7 | |
| JACOBS, GEORGE J | 25-7321 | License | 5/9/1983 | DOMESTIC, STOCKWATER | 0.08 | 0.0 | |
| JANSS FARMS | 37-7351 | Decreed | 4/12/1974 | STOCKWATER | 0.14 | 0.0 | |
| JARVIS, WADE DEE | 29-14360 | Decreed | 2/10/1987 | IRRIGATION | 0.02 | 1.5 | |
| JEFFERSON SCHOOL DISTRICT #251 | 35-8683 | License | 12/2/1988 | INDUSTRIAL | 0.02 | 0.0 | |
| JEFFERSON SCHOOL DISTRICT #251 | 25-7472 | License | 1/23/1989 | DOMESTIC | 0.07 | 0.0 | |
| JEFFRIES, DAVID A; JEFFRIES, SARA E | 37-23214 | Decreed | 9/20/1974 | IRRIGATION | 0.02 | 2.0 | |
| JENSEN, CHRIS L | 35-2092B | Decreed | 3/30/1948 | IRRIGATION | 0.01 | 1.0 | |
| JENSEN, CHRIS L | 35-7411B | Decreed | 4/3/1974 | IRRIGATION | 0.01 | 1.0 | |
| JENSEN, GARY; JENSEN, LARRY | 34-2409B | Decreed | 4/6/1961 | IRRIGATION | 2.2 | 172.0 | |
| JENSEN, GARY; JENSEN, LARRY | 34-12034B | Decreed | 6/20/1972 | IRRIGATION | 0.53 | 172.0 | Yes |
| JENSON, RONALD; JENSON, SHARON | 25-10156 | Decreed | 10/1/1959 | DOMESTIC, IRRIGATION, STOCKWATER | 0.09 | 1.5 | |
| JEROME CHEESE CO | 35-14253 | Decreed | 8/19/1952 | MITIGATION | 0.06 | 0.0 | |
| JEROME CHEESE CO | 36-16380 | Decreed | 9/12/1973 | MITIGATION | 0.11 | 0.0 | |
| JOHN LEZAMIZ FAMILY LTD PARTNERSHIP | 34-14808 | Decreed | 8/29/1960 | DIVERSION TO STORAGE, IRRIGATION | 0.27 | 13.5 | |
| JOHN LEZAMIZ FAMILY LTD PARTNERSHIP | 34-13890 | Decreed | 4/14/1961 | IRRIGATION | 2.31 | 248.1 | |

Attachment A -Sorted by Owner
List of Ground Water Rights Junior to October 11, 1900
(highlighted rights have 15-days to join a ground water district)

| Owner | Water Right No. | Basis | Priority Date | Water Use List | Diversion Rate (cfs) | Total Acres | Enlargement |
|---|---|---|---|---|---|---|---|
| JOHNSON, DON A; JOHNSON, LAURIE | 25-7493 | License | 3/8/1989 | DOMESTIC | 0.06 | 0.0 | |
| JOHNSON, E BUD | 25-4227 | Decreed | 10/31/1956 | DOMESTIC, IRRIGATION | 0.11 | 1.2 | |
| JOHNSON, MELISSA | 25-7455 | License | 10/21/1988 | DOMESTIC, IRRIGATION | 0.07 | 1.0 | |
| JOHNSON, RODNEY M; JOHNSON, SHERRY L | 36-17277 | Decreed | 11/28/1977 | IRRIGATION | 0.04 | 2.0 | |
| JOLLEY, BRYAN D; JOLLEY, TAMERA | 35-4227B | Decreed | 5/1/1959 | IRRIGATION | 0.02 | 1.0 | |
| JONES, CLYDE R; JONES, HELEN | 25-12037 | Decreed | 12/31/1948 | IRRIGATION | 0.108 | 5.4 | |
| JONES, HEATHER; JONES, JUSTIN | 29-14452 | Decreed | 10/28/1953 | IRRIGATION | 0.06 | 8.0 | |
| JONES, HEATHER; JONES, JUSTIN | 29-14432 | Decreed | 6/23/1977 | IRRIGATION | 0.07 | 8.0 | |
| JONES, JACOB; JONES, REBECCA | 29-14457 | Decreed | 10/28/1953 | IRRIGATION | 0.02 | 2.0 | |
| JONES, JACOB; JONES, REBECCA | 29-14437 | Decreed | 6/23/1977 | IRRIGATION | 0.02 | 2.0 | |
| JONES, ROSA GAY | 29-7913 | License | 4/3/1990 | DOMESTIC, IRRIGATION | 0.06 | 5.0 | |
| JORY, GRACE; JORY, GRIFFIN WHEELER | 29-14140 | Decreed | 9/25/1957 | DOMESTIC, IRRIGATION | 0.02 | 0.5 | |
| JOURNEYS END HOMEOWNERS ASSN | 35-13612 | License | 11/24/2003 | DOMESTIC | 0.4 | 0.0 | |
| JOURNEYS END HOMEOWNERS ASSN | 35-13611 | License | 1/13/2007 | COMMERCIAL, DOMESTIC | 0.11 | 0.0 | |
| JUNIPER HILLS COUNTRY CLUB INC | 29-13827 | Decreed | 1/29/1960 | IRRIGATION | 0.3 | 15.0 | |
| JUNIPER HILLS COUNTRY CLUB INC | 29-4433 | Decreed | 4/1/1960 | IRRIGATION | 2.27 | 113.3 | |
| JUNIPER VIEW LLC | 22-14339 | License | 4/10/2017 | IRRIGATION | 0.12 | 24.5 | |
| K & J HOLDING LLC | 31-10737 | Decreed | 12/12/1948 | COMMERCIAL, DOMESTIC, STOCKWATER | 0.04 | 0.0 | |
| KAREY LANE WELL ASSN | 35-7698 | Decreed | 8/11/1983 | DOMESTIC | 0.14 | 0.0 | |
| KAREY LANE WELL ASSN | 35-8943 | License | 5/3/1991 | DOMESTIC | 0.09 | 0.0 | |
| KENNY AND CHELSIE HILL LIVING TRUST | 29-14456 | Decreed | 10/28/1953 | IRRIGATION | 0.02 | 2.1 | |
| KENNY AND CHELSIE HILL LIVING TRUST | 29-14436 | Decreed | 6/23/1977 | IRRIGATION | 0.02 | 2.1 | |
| KEYBANK NATIONAL ASSOC | 25-7517 | License | 8/24/1989 | COMMERCIAL | 0.5 | 0.0 | |
| KINGHORN, KARL | 25-14338 | Decreed | 2/18/1958 | IRRIGATION | 1.37 | 47.9 | |
| KIRBY, DORIS F; KIRBY, ELWOOD | 35-7860 | License | 6/20/1979 | DOMESTIC | 0.08 | 0.0 | |
| KIRKHAM JR, DALE B; KIRKHAM, DALE B | 29-7941 | License | 3/31/1990 | COMMERCIAL | 0.08 | 0.0 | |
| KLOEPFER INC | 45-13665 | Decreed | 4/28/1951 | IRRIGATION | 0.42 | 24.0 | |
| KNIFE RIVER CORPORATION MOUNTAIN WEST | 25-14552 | Permit | 7/8/2024 | DIVERSION TO STORAGE, INDUSTRIAL FROM STORAGE, INDUSTRIAL STORAGE, INDUSTRIAL | 0.78 | 0.0 | |
| KNOWLES, CHARLOTTE LUANN | 45-14589 | Decreed | 9/27/1972 | IRRIGATION | 0.03 | 4.5 | |
| KOCH MATERIALS CO | 35-12087 | Decreed | 5/1/1962 | COMMERCIAL, FIRE PROTECTION, INDUSTRIAL | 0.11 | 0.0 | |
| KOCH, DENNIS W; KOCH, DIANA E | 45-13621 | Decreed | 7/14/1983 | IRRIGATION | 0.04 | 3.4 | |
| KOON, JACK E | 22-7751 | License | 9/18/1992 | DOMESTIC | 0.06 | 0.0 | |
| KOPP, GWENDOLYN | 25-7522 | License | 9/1/1989 | DOMESTIC | 0.04 | 0.0 | |
| KROGSTAD, RYAN | 25-11545 | Decreed | 4/1/1927 | DOMESTIC, IRRIGATION, STOCKWATER | 0.06 | 0.7 | |
| KRUCKEBERG, ALEISHA; KRUCKEBERG, MATTHEW | 35-14727 | Decreed | 12/31/1940 | IRRIGATION | 0.02 | 2.4 | |
| KRUCKEBERG, ALEISHA; KRUCKEBERG, MATTHEW | 35-14724 | Decreed | 3/5/1948 | IRRIGATION | 0.02 | 2.4 | |
| KRUCKEBERG, ALEISHA; KRUCKEBERG, MATTHEW | 35-14730 | Decreed | 9/28/1981 | IRRIGATION | 0.01 | 2.4 | |
| KUBIAK, VERNON ROBERT | 34-2366B | Decreed | 5/12/1960 | IRRIGATION | 0.09 | 7.0 | |
| KUGLER, DIANE K; KUGLER, JOHN B | 35-8359 | Permit | 11/28/1984 | IRRIGATION | 6 | 313.0 | |
| KULHANEK, DENNIS; KULHANEK, MAXINE | 36-8503 | License | 2/21/1990 | IRRIGATION | 0.04 | 2.0 | |
| KUNZLER, KAREN; KUNZLER, WILLIAM JUNIOR | 45-2375E | Decreed | 4/28/1951 | IRRIGATION | 0.03 | 1.5 | |
| KURPJUWEIT, ALBERT J; KURPJUWEIT, NINA | 29-12132 | Decreed | 5/1/1965 | DOMESTIC, STOCKWATER | 0.06 | 0.0 | |
| L & S LAND HOLDINGS LLC | 36-10098 | Decreed | 1/1/1935 | DOMESTIC, STOCKWATER | 0.05 | 0.0 | |
| L & S LAND HOLDINGS LLC | 36-17189 | Decreed | 11/26/1956 | COMMERCIAL, STOCKWATER | 0.13 | 0.0 | |

Attachment A -Sorted by Owner
List of Ground Water Rights Junior to October 11, 1900
(highlighted rights have 15-days to join a ground water district)

| Owner | Water Right No. | Basis | Priority Date | Water Use List | Diversion Rate (cfs) | Total Acres | Enlargement |
|---|---|---|---|---|---|---|---|
| L & S LAND HOLDINGS LLC | 36-17188 | Decreed | 1/23/1973 | COMMERCIAL, STOCKWATER | 0.09 | 0.0 | |
| L & S LAND HOLDINGS LLC | 36-17242 | Decreed | 1/23/1973 | COMMERCIAL, STOCKWATER | 0.08 | 0.0 | |
| L & S LAND HOLDINGS LLC | 36-17190 | Decreed | 10/27/1973 | COMMERCIAL, STOCKWATER | 0.08 | 0.0 | |
| L & S LAND HOLDINGS LLC | 36-17187 | License | 9/24/1979 | COMMERCIAL, STOCKWATER | 0.2 | 0.0 | |
| L2 LTD PARTNERSHIP; L3 LTD PARTNERSHIP | 32-4058 | Decreed | 7/1/1953 | DOMESTIC, STOCKWATER | 0.16 | 0.0 | |
| LACEY, AKILAH; LACEY, HOLLY | 29-14444 | Decreed | 10/28/1953 | IRRIGATION | 0.01 | 1.3 | |
| LACEY, AKILAH; LACEY, HOLLY | 29-14431 | Decreed | 6/23/1977 | IRRIGATION | 0.01 | 1.3 | |
| LAIRD, WILLIAM G | 36-15071 | Decreed | 12/31/1947 | COMMERCIAL, DOMESTIC | 0.11 | 0.0 | |
| LAMB WESTON INC | 35-14786 | Permit | 4/29/2022 | INDUSTRIAL | 15 | 0.0 | |
| LAMB, CORY W; LAMB, TERI G | 29-10645 | Decreed | 5/15/1960 | IRRIGATION | 0.03 | 1.0 | |
| LAMBERT, LYLE; LAMBERT, NADINE | 29-7640 | Decreed | 5/17/1982 | DOMESTIC, IRRIGATION, STOCKWATER | 0.04 | 1.0 | |
| LANDON, JESSICA; LANDON, PAUL | 25-14521 | License | 1/14/1983 | IRRIGATION | 0.11 | 10.0 | |
| LANDON, JULIE; LANDON, KELLY | 25-14475 | Decreed | 8/10/1966 | IRRIGATION | 0.04 | 2.0 | |
| LANE JR, DALLAS R; LANE, CRYSTAL L KANDERIS | 29-14450 | Decreed | 10/28/1953 | IRRIGATION | 0.02 | 2.8 | |
| LANE JR, DALLAS R; LANE, CRYSTAL L KANDERIS | 29-14430 | Decreed | 6/23/1977 | IRRIGATION | 0.03 | 2.8 | |
| LARSEN, BLAINE L; LARSEN, CONNIE L | 31-12200 | Decreed | 2/17/1969 | DOMESTIC | 0.04 | 0.0 | |
| LARSEN, HELEN | 35-8127 | License | 4/28/1983 | DOMESTIC, STOCKWATER | 0.08 | 0.0 | |
| LARSEN, JO ANN B | 25-7315 | Decreed | 4/12/1983 | COMMERCIAL, DOMESTIC, IRRIGATION | 0.19 | 1.0 | |
| LARSEN, PEGGY A; LARSEN, RICHARD J | 31-7129 | License | 7/30/1974 | DOMESTIC, STOCKWATER | 0.08 | 0.0 | |
| LARSON, BECKY J; LARSON, CHARLES W | 45-4160 | Decreed | 3/15/1962 | IRRIGATION | 1.7 | 173.0 | |
| LAZY EIGHT ESTATES DIVISION 2 HOMEOWNERS ASSN INC | 25-14189 | License | 10/26/2006 | DOMESTIC | 0.5 | 0.0 | |
| LAZY P FARMS; PAULS, DEBBRAH; PAULS, EMIL V; PAULS, RONALD | 37-8147 | License | 6/27/1983 | DOMESTIC, IRRIGATION, STOCKWATER | 0.04 | 1.8 | |
| LCSC ENTERPRISES LLC | 36-17359 | Decreed | 6/21/1955 | COMMERCIAL | 0.07 | 0.0 | |
| LEAVELL, ALONZO B | 37-11199 | Decreed | 4/1/1960 | DOMESTIC | 0.03 | 0.0 | |
| LEE, CAROLYN C; LEE, LARRY O | 31-7166A | Permit | 6/27/1975 | IRRIGATION | 3.2 | 160.0 | |
| LEHMAN, CLAUDIA; LEHMAN, MORRIS | 29-7333 | Decreed | 6/24/1976 | DOMESTIC, IRRIGATION | 0.16 | 4.0 | |
| LEMMON, JOYCE; LEMMON, MELVIN C | 34-10836 | Decreed | 6/1/1953 | IRRIGATION | 0.04 | 1.9 | |
| LES SCHWAB TIRE CENTERS OF IDAHO | 36-11803 | Decreed | 11/15/1958 | COMMERCIAL | 0.38 | 0.0 | |
| LEZAMIZ, ROBIN J; TABER, LYNDA LU LEZAMIZ | 37-10363 | Decreed | 9/1/1959 | COMMERCIAL | 0.11 | 0.0 | |
| LIGHTHOUSE PROPERTIES LLC | 25-7547 | License | 8/25/1989 | IRRIGATION | 0.15 | 15.0 | |
| LIMA, GUADALUPE | 36-17128 | Decreed | 9/20/1973 | IRRIGATION | 0.02 | 1.2 | |
| LINCOLN LAND CO LLC | 25-2119 | Decreed | 6/10/1955 | DOMESTIC | 5.56 | 0.0 | |
| LINTON, ROSE M; LINTON, WILLIAM D | 29-12031 | Decreed | 4/20/1937 | DOMESTIC, STOCKWATER | 0.04 | 0.0 | |
| LITTLE SKY FARMS LLLP | 37-2526A | Decreed | 11/28/1951 | IRRIGATION | 3.59 | 208.0 | |
| LOFT 745 LLC C/O JOSH FOSTER | 25-14545 | License | 5/15/2024 | COMMERCIAL | 0.04 | 0.0 | |
| LOJA LLC | 25-13579 | Decreed | 9/1/1945 | COMMERCIAL, DOMESTIC | 0.27 | 0.0 | |
| LOJA LLC | 25-7424 | License | 4/1/1988 | IRRIGATION | 0.09 | 3.0 | |
| LONE STAR WATER USERS COOP ASSN INC | 37-4344 | Decreed | 4/1/1940 | COMMERCIAL, DOMESTIC, STOCKWATER | 0.07 | 0.0 | |
| LONG, DAVID JESSE; LONG, SYLVIA M | 35-14908 | Decreed | 8/19/1977 | IRRIGATION | 0.11 | 6.5 | |
| LOOP, JACQUELINE | 25-14486 | License | 9/19/1989 | DOMESTIC, IRRIGATION | 0.06 | 0.7 | |
| LORD, DONALD; LORD, JUDY | 34-13723 | Decreed | 6/18/1948 | IRRIGATION | 0.21 | 16.0 | |
| LORD, DONALD; LORD, JUDY | 34-13719 | Decreed | 4/19/1960 | IRRIGATION | 0.1 | 16.0 | |
| LORDS, DARRELL M | 35-8778 | License | 5/31/1989 | IRRIGATION | 0.1 | 4.5 | |
| LOVELAND, ANN; LOVELAND, KEVIN | 29-14295 | Decreed | 10/26/1959 | IRRIGATION | 1.63 | 128.4 | |
| LOVELL, HOPE; LOVELL, JAMES R | 25-7598 | License | 9/25/1991 | IRRIGATION | 0.03 | 1.9 | |

Attachment A -Sorted by Owner
List of Ground Water Rights Junior to October 11, 1900
(highlighted rights have 15-days to join a ground water district)

| Owner | Water Right No. | Basis | Priority Date | Water Use List | Diversion Rate (cfs) | Total Acres | Enlargement |
|---|---|---|---|---|---|---|---|
| LYNCH, LESLIE R | 36-7154 | Decreed | 1/25/1971 | INDUSTRIAL | 0.02 | 0.0 | |
| M & N LAND LLC | 45-14568 | Decreed | 2/1/1954 | IRRIGATION | 0.44 | 101.0 | |
| M & N LAND LLC | 45-14567 | Decreed | 12/10/1956 | IRRIGATION | 0.92 | 101.0 | |
| MACY, CHANTELLE L; MACY, SEAN C | 27-12363 | Decreed | 10/21/1977 | DOMESTIC, IRRIGATION | 0.04 | 4.0 | |
| MADISON SCHOOL DISTRICT #321 | 22-14474 | Permit | 5/13/2022 | DOMESTIC | 0.26 | 0.0 | |
| MAEBE, RICHARD | 36-10527 | Decreed | 5/1/1948 | DOMESTIC, IRRIGATION | 0.08 | 2.6 | |
| MAGEE FAMILY TRUST | 34-2294 | Decreed | 6/24/1950 | IRRIGATION | 0.12 | 197.4 | |
| MAGEE FAMILY TRUST | 34-13762 | Decreed | 11/28/1952 | IRRIGATION | 0.99 | 197.4 | |
| MAGEE FAMILY TRUST | 34-2399 | Decreed | 2/24/1961 | IRRIGATION | 1.52 | 197.4 | |
| MAGEE FAMILY TRUST | 34-14343 | Decreed | 4/1/1987 | IRRIGATION | 0.12 | 197.4 | Yes |
| MAGIC VALLEY GROWERS LTD | 37-20612 | Decreed | 6/1/1956 | INDUSTRIAL | 0.1 | 0.0 | |
| MAGNIFY LAND CONSULTING LLC | 36-17208 | Decreed | 4/13/1976 | IRRIGATION | 0.2 | 10.0 | |
| MARLOWE, MARK; MARLOWE, MICHELLE | 25-14319 | Decreed | 8/10/1966 | IRRIGATION | 0.02 | 1.0 | |
| MARSHALL, BYRON GUY; MARSHALL, LORI ANN | 29-14138 | Decreed | 2/10/1987 | IRRIGATION | 0.11 | 7.0 | |
| MARSHALL, DON W | 25-7462 | License | 11/10/1988 | DOMESTIC, IRRIGATION | 0.07 | 1.0 | |
| MARTIAN, ERICA; MARTIAN, PETER | 35-7855 | Decreed | 5/1/1979 | COMMERCIAL, HEATING | 0.04 | 0.0 | |
| MARTIN, HAROLD D | 35-13621 | License | 12/27/1989 | DOMESTIC, IRRIGATION | 0.04 | 0.8 | |
| MATHESON, KATHLEEN; MATHESON, RICHARD F | 27-12362 | License | 5/31/1983 | COMMERCIAL, DOMESTIC, IRRIGATION | 0.17 | 11.8 | |
| MAXMILLION FARMS; SHRADER, MAXINE R | 35-8224 | Decreed | 6/30/1983 | DOMESTIC, IRRIGATION | 0.04 | 1.0 | |
| MC ALISTER, G P; MC ALISTER, JEN | 36-11921 | Decreed | 4/23/1947 | DOMESTIC | 0.14 | 0.0 | |
| MC CALL OIL & CHEMICAL | 25-7045 | Decreed | 2/25/1974 | DOMESTIC, INDUSTRIAL | 0.08 | 0.0 | |
| MC DANIEL, KELLY; MC DANIEL, KIM | 34-14240 | Decreed | 6/13/1968 | IRRIGATION | 0.05 | 3.0 | |
| MC DANIEL, WENDY M | 25-14299 | Decreed | 8/10/1966 | IRRIGATION | 0.03 | 1.5 | |
| MC DANIEL, ZEE M | 25-14330 | Decreed | 8/10/1966 | IRRIGATION | 0.8 | 39.7 | |
| MC DANIEL, ZEE M | 25-14332 | Decreed | 7/27/1972 | IRRIGATION | 0.4 | 26.9 | |
| MC GARRY, THERON R; MC GARRY, TIM R | 22-4150 | Decreed | 9/1/1948 | DOMESTIC, STOCKWATER | 0.23 | 0.0 | |
| MC HAN, CRYSTAL | 45-14515 | Decreed | 7/15/1974 | IRRIGATION | 0.02 | 1.5 | |
| MC KELVEY, JOHN Q; MC KELVEY, MARGARET E | 34-14861 | Decreed | 5/16/1977 | IRRIGATION | 0.06 | 3.5 | |
| MC KELVEY, JOHN Q; MC KELVEY, MARGARET E | 34-14863 | Decreed | 4/1/1987 | IRRIGATION | 0.01 | 3.5 | Yes |
| MC KINNEY, MONICA; MC KINNEY, WILLIAM | 37-23208 | Decreed | 9/20/1974 | IRRIGATION | 0.02 | 1.0 | |
| MC KINNEY, MONICA; MC KINNEY, WILLIAM | 37-23210 | Decreed | 9/20/1974 | IRRIGATION | 0.03 | 1.5 | |
| MC KINNEY, MONICA; MC KINNEY, WILLIAM | 37-23215 | Decreed | 9/20/1974 | IRRIGATION | 0.01 | 0.8 | |
| MCINTOSH, JOSHUA | 25-12184 | Decreed | 6/1/1950 | DOMESTIC, IRRIGATION, STOCKWATER | 0.09 | 1.9 | |
| MEMMOTT, JENNIFER; MEMMOTT, JOHN C | 25-7556 | License | 9/18/1989 | DOMESTIC, IRRIGATION | 0.08 | 1.2 | |
| MENAN PRODUCE INC | 25-12178 | Decreed | 11/1/1953 | DOMESTIC, INDUSTRIAL | 0.1 | 0.0 | |
| MERLIN HOLDINGS LLC | 25-14265 | Decreed | 8/10/1966 | IRRIGATION | 0.03 | 1.3 | |
| MERRILL, CINDY | 25-13580 | Decreed | 1/1/1963 | DOMESTIC, IRRIGATION | 0.14 | 5.0 | |
| MERRILL, KENT | 25-14364 | License | 2/28/1992 | IRRIGATION | 0.19 | 12.2 | |
| MEYER LAND COMPANY LLC | 25-11617 | Decreed | 12/31/1950 | COMMERCIAL | 0.166 | 0.0 | |
| MIKESELL, ELEANOR | 31-10268 | Decreed | 5/1/1957 | COMMERCIAL, DOMESTIC | 0.04 | 0.0 | |
| MIKKOLA, ARTHUR; MIKKOLA, MARK | 25-7389 | Decreed | 11/2/1983 | DOMESTIC, STOCKWATER | 0.06 | 0.0 | |
| MILES, MICHAEL D | 45-14587 | Decreed | 6/1/1939 | IRRIGATION | 0.02 | 1.8 | |
| MILLER, LYNETTE R; MILLER, MARVIN G | 25-4194 | Decreed | 11/1/1960 | IRRIGATION | 0.13 | 7.0 | |
| MILLERCOORS USA LLC | 45-7641 | License | 6/8/1989 | COMMERCIAL | 0.04 | 0.0 | |
| MILNER IRRIGATION DISTRICT | 45-4171 | Decreed | 1/1/1941 | COMMERCIAL, DOMESTIC | 0.06 | 0.0 | |

Attachment A -Sorted by Owner
List of Ground Water Rights Junior to October 11, 1900
(highlighted rights have 15-days to join a ground water district)

| Owner | Water Right No. | Basis | Priority Date | Water Use List | Diversion Rate (cfs) | Total Acres | Enlargement |
|---|---|---|---|---|---|---|---|
| MILNER IRRIGATION DISTRICT | 45-463 | Decreed | 7/12/1952 | IRRIGATION | 2.5 | 0.0 | |
| MINIDOKA IRRIGATION DISTRICT | 36-13480 | Decreed | 5/31/1962 | COMMERCIAL | 0.04 | 0.0 | |
| MINOR, JOSEPH W; MINOR, KATHLEEN D | 34-14737 | Decreed | 9/29/1966 | IRRIGATION | 0.01 | 0.5 | |
| MINOR, JOSEPH W; MINOR, KATHLEEN D | 34-14738 | Decreed | 5/20/1984 | IRRIGATION | 0.01 | 0.5 | Yes |
| MITCHELL, RALPH M | 45-7640 | License | 5/23/1989 | DOMESTIC, IRRIGATION | 0.07 | 1.5 | |
| MIX, GUY; MIX, MARGARET | 29-12076 | Decreed | 4/20/1937 | DOMESTIC | 0.04 | 0.0 | |
| MODEL WATER USERS ASSN INC | 35-7986 | Decreed | 6/1/1981 | DOMESTIC | 0.1 | 0.0 | |
| MONK, AUBRIE; MONK, STEVEN | 35-14753 | Decreed | 2/2/1952 | IRRIGATION | 0.06 | 6.0 | |
| MONK, AUBRIE; MONK, STEVEN | 35-14754 | Decreed | 4/23/1961 | IRRIGATION | 0.04 | 6.0 | |
| MONTAGUE, FANNYE FLORENCE; MONTAGUE, JACK MICHAEL | 29-7483 | Decreed | 2/10/1987 | DOMESTIC, IRRIGATION | 0.02 | 1.0 | |
| MONTIERTH, GARY; MONTIERTH, NETTIE | 34-13891 | Decreed | 4/14/1961 | IRRIGATION | 0.09 | 9.9 | |
| MOO VIEW COW PALACE | 45-13905 | Decreed | 11/16/1974 | COMMERCIAL, STOCKWATER | 0.3 | 0.0 | |
| MOORE, AARON R | 37-23132 | Decreed | 9/23/1977 | IRRIGATION | 0.1 | 5.0 | |
| MORE LAND PROPERTIES LLC | 35-14940 | Decreed | 10/1/1962 | IRRIGATION | 0.1 | 5.0 | |
| MORE LAND PROPERTIES LLC | 35-14941 | License | 8/4/1983 | IRRIGATION | 0.06 | 5.0 | |
| MORGAN, CHASE D; MORGAN, JENNY L | 29-14449 | Decreed | 10/28/1953 | IRRIGATION | 0.01 | 1.8 | |
| MORGAN, CHASE D; MORGAN, JENNY L | 29-14429 | Decreed | 6/23/1977 | IRRIGATION | 0.02 | 1.8 | |
| MORGAN, CODY G; MORGAN, KATHY | 36-17092 | Decreed | 3/11/1954 | COMMERCIAL, STOCKWATER | 0.04 | 0.0 | |
| MORGAN, CODY G; MORGAN, KATHY | 36-17091 | Decreed | 2/6/1961 | COMMERCIAL, STOCKWATER | 0.02 | 0.0 | |
| MORRISS, JUDITH L; MORRISS, VIRGIL R | 25-7483 | License | 12/22/1988 | DOMESTIC, IRRIGATION, STOCKWATER | 0.04 | 3.0 | |
| MOSS FARMS INC | 34-2379F | Decreed | 8/8/1960 | IRRIGATION | 2.11 | 112.0 | |
| MOSS, DENNIS K | 34-14525 | Decreed | 6/6/1961 | IRRIGATION | 0.64 | 32.0 | |
| MOUNT MC CALEB INC | 34-7512 | Decreed | 5/22/1989 | DOMESTIC | 0.04 | 0.0 | |
| MOUNTAIN RIVER SPORTSMANS RV PARK & CAMP | 25-14229 | License | 9/2/2008 | COMMERCIAL | 0.2 | 0.0 | |
| MOUNTAIN VIEW LAND LLC | 36-17319 | Decreed | 9/24/1976 | COMMERCIAL, STOCKWATER | 0.2 | 0.0 | |
| MOUNTAIN WEST BARK PRODUCTS INC | 22-7573 | License | 8/8/1988 | COMMERCIAL | 0.08 | 0.0 | |
| MOWREY, KRISTIE; MOWREY, RICK | 29-7009 | Decreed | 3/22/1968 | DOMESTIC, IRRIGATION, STOCKWATER | 0.11 | 4.5 | |
| MOYLE, KEVIN A; MOYLE, TAYLOR N | 36-17240 | License | 3/16/1989 | COMMERCIAL, DOMESTIC, STOCKWATER | 0.33 | 0.0 | |
| MULLINS, CODY; MULLINS, KRISTY TADDONIO | 45-14569 | Decreed | 6/1/1939 | IRRIGATION | 0.06 | 4.5 | |
| MURRI BUILDERS LLC | 25-14320 | Decreed | 8/10/1966 | IRRIGATION | 0.02 | 1.0 | |
| MURRI BUILDERS LLC | 25-14322 | Decreed | 7/27/1972 | IRRIGATION | 0.01 | 0.7 | |
| NATION, DUANE; NATION, LEAH | 34-13783 | Decreed | 4/2/1980 | IRRIGATION | 0.04 | 2.6 | |
| NAYLOR, AUDREY; NAYLOR, LEIGH | 25-7582 | License | 2/4/1991 | DOMESTIC, IRRIGATION | 0.09 | 3.0 | |
| NEIBAUR, RYAN | 25-7561 | License | 3/2/1990 | IRRIGATION | 0.27 | 24.0 | |
| NELSEN DAIRY | 36-8745 | License | 11/7/1995 | COMMERCIAL, STOCKWATER | 0.11 | 0.0 | |
| NELSON, ERIC B; NELSON, SUAZANNE Y | 25-7363 | License | 6/24/1983 | DOMESTIC | 0.04 | 0.0 | |
| NELSON, LAURENCE | 29-7868 | License | 9/11/1989 | DOMESTIC, IRRIGATION | 0.17 | 15.0 | |
| NEW PHASE INVESTMENTS LLC | 25-14186 | License | 9/18/2006 | COMMERCIAL | 0.05 | 0.0 | |
| NICHOLS LAND LLC; NICHOLS, ANGELA; NICHOLS, DEREK A; NICHOLS, PATRICK J | 34-13904 | Decreed | 12/17/1961 | IRRIGATION | 0.3 | 426.6 | |
| NICKELSON, DALENE C | 25-7193A | Decreed | 4/30/1980 | DOMESTIC, IRRIGATION, STOCKWATER | 0.02 | 2.9 | |
| NICKISCH, CRAIG W; NICKISCH, MARJORIE I | 29-10731 | Decreed | 3/23/1959 | IRRIGATION, STOCKWATER | 0.1 | 4.1 | |
| NIELSON, BENITA G; NIELSON, JACK W | 29-7885 | License | 12/27/1989 | IRRIGATION | 0.11 | 5.0 | |
| NO VIEW CALF RANCH LLC | 36-7460AD | Decreed | 3/25/1974 | COMMERCIAL, STOCKWATER | 0.06 | 0.0 | |
| NO VIEW CALF RANCH LLC | 36-8774 | License | 3/10/1998 | DOMESTIC, STOCKWATER | 0.13 | 0.0 | |
| NOEL, DE ANN B; NOEL, WRIGHT R | 22-7372 | License | 7/14/1981 | DOMESTIC, STOCKWATER | 0.07 | 0.0 | |

Attachment A -Sorted by Owner
List of Ground Water Rights Junior to October 11, 1900
(highlighted rights have 15-days to join a ground water district)

| Owner | Water Right No. | Basis | Priority Date | Water Use List | Diversion Rate (cfs) | Total Acres | Enlargement |
|---|---|---|---|---|---|---|---|
| NORMAN E NEF & SONS INC | 35-7962 | Permit | 6/1/1981 | IRRIGATION | 12.2 | 610.0 | |
| NORMAN E NEF & SONS INC | 35-7963 | Permit | 6/1/1981 | IRRIGATION | 6.4 | 320.0 | |
| NORTH FORTY FOUR LLC | 25-13026 | Decreed | 12/31/1957 | COMMERCIAL | 0.04 | 0.0 | |
| NORTH RIM FAIRWAYS OWNERS ASSN INC | 36-16406 | License | 2/24/2006 | DOMESTIC | 0.23 | 0.0 | |
| NORTHSIDE RANCH CO LLC | 36-2318B | Decreed | 2/28/1957 | STOCKWATER | 0.05 | 0.0 | |
| NORTHWEST FARM CREDIT SERVICES FLCA; ROTH INVESTMENTS LLC | 37-23157 | License | 9/20/1990 | COMMERCIAL | 0.5 | 0.0 | |
| NORTHWEST PIPELINE CORP | 29-2376 | Decreed | 7/6/1956 | COMMERCIAL, IRRIGATION | 0.08 | 4.1 | |
| NORTHWEST PIPELINE CORP | 45-2531 | Decreed | 7/6/1956 | DOMESTIC, INDUSTRIAL | 0.04 | 0.0 | |
| NUTTALL, ALIESHA DAWN; NUTTALL, JEFFREY DOUGLAS | 25-7275 | Decreed | 2/8/1982 | DOMESTIC, IRRIGATION, STOCKWATER | 0.03 | 1.0 | |
| OAKLEY VALLEY WATER CO | 45-4273 | Decreed | 2/12/1954 | MUNICIPAL | 0.45 | 0.0 | |
| OKELBERRY, TODD L | 36-17355 | Decreed | 2/6/1953 | IRRIGATION | 0.07 | 10.0 | |
| OKELBERRY, TODD L | 36-17356 | Decreed | 2/6/1953 | IRRIGATION | 0.06 | 10.0 | |
| OKELBERRY, TODD L | 36-17357 | Decreed | 5/29/1956 | IRRIGATION | 0.07 | 10.0 | |
| OKELBERRY, TODD L | 36-17358 | Decreed | 6/24/1960 | IRRIGATION | 0.01 | 10.0 | |
| OLSEN, GARY; OLSEN, PATRICIA | 25-12353 | Decreed | 10/7/1953 | COMMERCIAL, DOMESTIC | 0.16 | 0.0 | |
| ON TIME FINANCIAL LLC | 22-14478 | Permit | 7/14/2022 | COMMERCIAL, DOMESTIC | 0.21 | 0.0 | |
| OSTERHOUT, DANA; OSTERHOUT, GAYLEN; OSTERHOUT, LORRIE; OSTERHOUT, VIRGINIA M | 45-10587 | Decreed | 6/30/1958 | COMMERCIAL, DOMESTIC, IRRIGATION | 0.08 | 0.5 | |
| OSWALD, BRITTNEY; OSWALD, MATT | 29-14171 | Decreed | 2/3/1961 | IRRIGATION | 0.06 | 3.0 | |
| P U RANCH LTD C/O SCOTT SLOCUM | 34-12396 | Decreed | 10/15/1984 | STOCKWATER | 0.36 | 0.0 | Yes |
| PACIFICORP | 25-7403 | License | 6/14/1985 | WATER QUALITY IMPROVEMENT | 0.45 | 0.0 | |
| PACIFICORP | 25-14431 | License | 2/19/2016 | WATER QUALITY IMPROVEMENT | 0.47 | 0.0 | |
| PALACIO, WILLIAM M | 37-19847 | Decreed | 3/15/1952 | IRRIGATION | 0.44 | 22.0 | |
| PARKER, BRENT E; PARKER, KRISTINE | 25-7073E | Decreed | 8/1/1975 | IRRIGATION | 0.2 | 10.0 | |
| PARKINSON FARMS | 34-10393 | Decreed | 5/1/1976 | IRRIGATION | 0.26 | 306.0 | Yes |
| PATTCO LLLP | 45-7603 | License | 7/9/1986 | IRRIGATION | 1.26 | 447.0 | |
| PAUL, LILAH; PAUL, WALTER T | 45-2259 | Decreed | 5/24/1948 | IRRIGATION | 0.12 | 4.1 | |
| PAULS, DEBBRAH; PAULS, RONALD | 37-4390 | Decreed | 7/1/1916 | DOMESTIC, IRRIGATION, STOCKWATER | 0.04 | 1.2 | |
| PAULS, DEBBRAH; PAULS, RONALD | 37-4391 | Decreed | 7/1/1941 | DOMESTIC, IRRIGATION, STOCKWATER | 0.04 | 1.2 | |
| PEARSON, CHELSEA | 34-2323C | Decreed | 2/11/1955 | IRRIGATION | 0.04 | 2.0 | |
| PEARSON, JAY F; PEARSON, SUSAN | 34-2412A | Decreed | 4/13/1961 | IRRIGATION | 0.04 | 2.0 | |
| PEHRSON, BYRON; PEHRSON, LOY G | 34-10581 | Decreed | 5/1/1920 | DOMESTIC, STOCKWATER | 0.65 | 0.0 | |
| PEHRSON, JOSH | 34-2403 | Decreed | 3/31/1961 | IRRIGATION | 3.2 | 190.0 | |
| PERFORMIX NUTRITION SYSTEMS LLC | 36-17195 | Decreed | 12/24/1948 | COMMERCIAL | 0.09 | 0.0 | |
| PERFORMIX NUTRITION SYSTEMS LLC | 36-17196 | Decreed | 5/27/1974 | COMMERCIAL | 0.06 | 0.0 | |
| PETTET, TERRY | 34-4086 | Decreed | 6/9/1962 | DOMESTIC, IRRIGATION, STOCKWATER | 0.06 | 5.0 | |
| PHILLIPS BROTHERS FARM & LIVESTOCK | 25-14610 | Decreed | 10/15/1974 | INDUSTRIAL | 0.09 | 0.0 | |
| PHINNEY, DAVID; RICHARDS, DEBORA | 35-14870 | Decreed | 6/27/1983 | DOMESTIC, IRRIGATION | 0.02 | 0.5 | |
| PILKINTON, C R; PILKINTON, THOMAS R | 36-7650B | Decreed | 7/30/1976 | IRRIGATION | 0.08 | 4.0 | |
| PKD PROPERTIES LC; TLD PROPERTIES LLC | 45-10761 | Decreed | 6/24/1957 | COMMERCIAL, COOLING | 0.02 | 0.0 | |
| POCATELLO CHUBBUCK SCHOOL DISTRICT #25 | 29-11688 | Decreed | 8/10/1914 | DOMESTIC, IRRIGATION | 0.12 | 5.7 | |
| POCATELLO READY MIX INC | 27-10010 | Decreed | 6/20/1952 | INDUSTRIAL | 0.08 | 0.0 | |
| POLO CLUB ESTATES WATER ASSN | 25-7705 | License | 6/28/2000 | DOMESTIC, FIRE PROTECTION | 0.68 | 0.0 | |
| PONY ACRES WATER ASSN | 29-7625 | Decreed | 12/15/1981 | DOMESTIC, IRRIGATION | 0.16 | 2.0 | |
| PORT OF ENTRY TRAVEL CENTER LLC | 31-11787 | Decreed | 9/7/1971 | COMMERCIAL | 0.12 | 0.0 | |

Attachment A -Sorted by Owner
List of Ground Water Rights Junior to October 11, 1900
(highlighted rights have 15-days to join a ground water district)

| Owner | Water Right No. | Basis | Priority Date | Water Use List | Diversion Rate (cfs) | Total Acres | Enlargement |
|---|---|---|---|---|---|---|---|
| POVEY, ANDREW E | 36-16625 | Decreed | 11/11/1959 | MITIGATION | 0.11 | 0.0 | |
| POVEY, ANDREW E | 36-16627 | Decreed | 11/15/1970 | MITIGATION | 0.16 | 0.0 | |
| POVEY, ANDREW E | 36-16631 | Decreed | 5/26/1971 | MITIGATION | 0.01 | 0.0 | |
| POVEY, ANDREW E | 36-16629 | Decreed | 5/16/1980 | MITIGATION | 0.04 | 0.0 | |
| POWERS, ANDREW; POWERS, KARA | 25-14267 | Decreed | 8/10/1966 | IRRIGATION | 0.02 | 1.1 | |
| PRICE, MARJORIE | 22-14447 | Permit | 2/16/2022 | COMMERCIAL | 0.02 | 0.0 | |
| PRINCE, CARI L; PRINCE, JAMES J | 36-16101 | License | 5/9/1988 | DOMESTIC | 0.04 | 0.0 | |
| PROBART, LEWIS L | 29-7067 | Decreed | 8/3/1971 | DOMESTIC, IRRIGATION, STOCKWATER | 0.06 | 3.2 | |
| PUTNAM, JANET D; PUTNAM, LAWRENCE D | 27-12280 | License | 5/31/1989 | DOMESTIC, IRRIGATION | 0.04 | 1.0 | |
| R C WILLEY HOME FURNISHINGS | 35-14596 | Permit | 5/25/2018 | COMMERCIAL | 0.78 | 0.0 | |
| RABURN, JAYNEE N; RABURN, LENARD H | 29-7143B | Decreed | 7/2/1973 | DOMESTIC, IRRIGATION | 0.03 | 1.0 | |
| RANCH PROPERTIES LLC | 45-11969 | Decreed | 6/1/1939 | IRRIGATION | 0.84 | 63.5 | |
| RANCHO VIA WELL USERS ASSN | 25-7404 | License | 6/28/1985 | DOMESTIC, IRRIGATION | 0.31 | 6.0 | |
| RANDALL, JULIA; RANDALL, SCOTT | 25-10298 | Decreed | 12/31/1949 | DOMESTIC | 0.08 | 0.0 | |
| RANSOM, ELLEN; RANSOM, KARL | 25-14262 | Decreed | 8/10/1966 | IRRIGATION | 0.02 | 1.1 | |
| RANSTROM, GENE M | 45-13667 | Decreed | 4/28/1951 | IRRIGATION | 0.21 | 13.0 | |
| RASMUSSEN, JEFFREY R; RASMUSSEN, SHAWNA L | 45-14534 | Decreed | 1/19/1978 | IRRIGATION | 0.01 | 1.5 | |
| RASMUSSEN, JEFFREY R; RASMUSSEN, SHAWNA L | 45-14535 | License | 2/12/1996 | IRRIGATION | 0.02 | 1.5 | |
| RAYMOND, W CRAIG | 25-13401 | Decreed | 6/28/1954 | IRRIGATION, STOCKWATER | 0.09 | 3.5 | |
| REED, CHARLES LE ROY | 35-12258 | Decreed | 6/1/1955 | COMMERCIAL, DOMESTIC, STOCKWATER | 0.09 | 0.0 | |
| REES, CARL C; REES, PATRICIA | 29-7240 | Decreed | 11/29/1974 | DOMESTIC, IRRIGATION, STOCKWATER | 0.085 | 1.3 | |
| REYNOLDS, ALISA; REYNOLDS, NICOLAS | 34-14928 | Decreed | 9/30/1966 | IRRIGATION | 0.04 | 4.0 | |
| RHODEHOUSE, KEVIN | 35-2924 | Decreed | 7/21/1965 | INDUSTRIAL, STOCKWATER | 1.11 | 0.0 | |
| RHODEHOUSE, KEVIN | 35-8659 | License | 10/15/1987 | COMMERCIAL, STOCKWATER | 0.15 | 0.0 | |
| RICHARDS, DENICE | 27-7343 | Decreed | 3/2/1983 | DOMESTIC, IRRIGATION | 0.08 | 5.0 | |
| RICKS, CONNIE | 25-7183 | Decreed | 1/14/1980 | DOMESTIC, STOCKWATER | 0.06 | 0.0 | |
| RIDDLE, CATHERINE; RIDDLE, GLEN | 25-14317 | Decreed | 8/10/1966 | IRRIGATION | 0.02 | 1.0 | |
| RIGBY AIR VILLAGE LLC | 25-14182 | License | 3/24/2006 | COMMERCIAL | 0.2 | 0.0 | |
| RINDFLEISCH, JAMES A | 34-7511 | Permit | 6/12/1989 | IRRIGATION | 1.85 | 92.4 | |
| RINGEL, LORI; RINGEL, MERLYN R | 35-14629 | Decreed | 12/31/1940 | IRRIGATION | 0.05 | 4.7 | |
| RINGEL, LORI; RINGEL, MERLYN R | 35-14628 | Decreed | 3/5/1948 | IRRIGATION | 0.03 | 4.7 | |
| RINGEL, LORI; RINGEL, MERLYN R | 35-14630 | Decreed | 9/28/1981 | IRRIGATION | 0.01 | 4.7 | |
| RITCHIE, JOHN M | 35-13657 | Decreed | 3/13/1948 | IRRIGATION | 0.08 | 4.0 | |
| RITCHIE, JOHN M; RITCHIE, KAYE | 35-13997 | Decreed | 5/11/1949 | IRRIGATION | 0.55 | 48.4 | |
| RITCHIE, JOHN M; RITCHIE, KAYE | 35-13993 | Decreed | 7/13/1954 | IRRIGATION | 0.2 | 34.4 | |
| RITCHIE, JOHN M; RITCHIE, KAYE | 35-13999 | Decreed | 4/1/1966 | IRRIGATION | 0.15 | 48.4 | Yes |
| RITCHIE, JOHN M; RITCHIE, KAYE | 35-13995 | Decreed | 11/12/1975 | IRRIGATION | 0.42 | 34.4 | |
| RIVERBEND ESTATES | 29-8015 | License | 6/22/1990 | DOMESTIC | 0.25 | 0.0 | |
| RIVERSIDE DAIRY INC | 36-4235 | Decreed | 1/1/1954 | COMMERCIAL, DOMESTIC, STOCKWATER | 0.21 | 0.0 | |
| ROBCO LLC | 31-10665 | Decreed | 12/31/1925 | DOMESTIC | 0.1 | 0.0 | |
| ROBCO LLC | 31-12562 | Decreed | 12/27/1977 | IRRIGATION | 1.17 | 127.0 | |
| ROBCO LLC | 31-12563 | Decreed | 2/28/1979 | IRRIGATION | 1.36 | 127.0 | |
| ROBINSON BROS LAND LLC | 45-12909B | Decreed | 4/1/1961 | COMMERCIAL, STOCKWATER | 0.04 | 0.0 | |
| ROBINSON WATER ASSN INC | 25-4064 | Decreed | 6/1/1942 | DOMESTIC | 0.1 | 0.0 | |
| ROBINSON, LOGAN D; ROBINSON, RICKY | 29-4393 | Decreed | 3/1/1963 | DOMESTIC, IRRIGATION | 0.07 | 3.3 | |

Attachment A -Sorted by Owner
List of Ground Water Rights Junior to October 11, 1900
(highlighted rights have 15-days to join a ground water district)

| Owner | Water Right No. | Basis | Priority Date | Water Use List | Diversion Rate (cfs) | Total Acres | Enlargement |
|---|---|---|---|---|---|---|---|
| ROBINSON, PAXTON | 45-14566 | Decreed | 2/1/1954 | IRRIGATION | 0.14 | 33.0 | |
| ROBINSON, PAXTON | 45-14591 | Decreed | 2/1/1954 | IRRIGATION | 0.02 | 37.0 | |
| ROBINSON, PAXTON | 45-14565 | Decreed | 12/10/1956 | IRRIGATION | 0.3 | 33.0 | |
| ROBINSON, PAXTON | 45-14590 | Decreed | 12/10/1956 | IRRIGATION | 0.04 | 37.0 | |
| ROCKY HILLS ENTERPRISES LLC | 25-14600 | Permit | 6/5/2025 | DOMESTIC | 0.18 | 0.0 | |
| ROEDER, JAMES L; ROEDER, JOHN | 29-7177 | License | 3/4/1974 | DOMESTIC, STOCKWATER | 0.08 | 0.0 | |
| ROMRIELL, ELMER; ROMRIELL, LOUISE | 29-12074 | Decreed | 4/20/1937 | DOMESTIC | 0.04 | 0.0 | |
| ROSE, JUSTIN ALLEN; ROSE, KELSEY BEAL | 34-14932 | Decreed | 2/20/1961 | IRRIGATION | 0.04 | 2.0 | |
| ROSENBERG RANCH & FARMS LLC | 25-11823 | Decreed | 7/16/1927 | DOMESTIC, STOCKWATER | 0.74 | 0.0 | |
| ROSENKRANCE, LESTER K; ROSENKRANCE, LOWAYNE K | 34-4035F | Decreed | 8/1/1960 | IRRIGATION | 0.16 | 8.0 | |
| ROWLAN, BRIAN; ROWLAN, JESSICA | 25-14608 | Decreed | 11/3/1952 | MUNICIPAL | 0.05 | 0.0 | |
| ROWLAN, BRIAN; ROWLAN, JESSICA | 35-14923 | Decreed | 11/3/1952 | IRRIGATION | 1.36 | 128.1 | |
| ROWLAND, ROBERT | 29-13892 | Decreed | 10/28/1953 | IRRIGATION, STOCKWATER | 2.12 | 117.6 | |
| ROWLAND, ROBERT | 29-14443 | Decreed | 10/28/1953 | IRRIGATION | 0.01 | 0.9 | |
| ROWLAND, ROBERT | 29-14447 | Decreed | 10/28/1953 | IRRIGATION | 0.01 | 0.3 | |
| ROWLAND, ROBERT | 29-14455 | Decreed | 10/28/1953 | IRRIGATION | 0.03 | 3.4 | |
| RR WOMENS REAL ESTATE LLC | 36-17360 | Decreed | 1/21/1957 | IRRIGATION | 0.07 | 58.9 | |
| RUDDELL, DANIEL A; RUDDELL, VICKI L | 25-14318 | Decreed | 8/10/1966 | IRRIGATION | 0.02 | 1.2 | |
| RUDY, THOMAS A; TREVINO, KRISTIN; TREVINO, LUKE | 45-7278 | Decreed | 12/6/1976 | DOMESTIC | 0.24 | 0.0 | |
| RUFF, DOUGLAS L; RUFF, JENNIFER | 25-7382 | License | 6/29/1983 | IRRIGATION | 0.1 | 5.0 | |
| RUNHARD LLC | 22-7293 | Decreed | 5/24/1979 | COOLING, HEATING | 0.15 | 0.0 | |
| SAGE HOLLOW WATER USERS ASSOC | 29-2438A | Decreed | 2/3/1961 | IRRIGATION | 2.24 | 112.0 | |
| SAND BOX RV LLC | 21-13334 | Decreed | 2/24/1953 | COMMERCIAL | 0.03 | 0.0 | |
| SAND BOX RV LLC | 21-13335 | Decreed | 6/7/1957 | COMMERCIAL | 0.02 | 0.0 | |
| SAND BOX RV LLC | 21-13333 | Decreed | 8/4/1979 | COMMERCIAL | 0.03 | 0.0 | |
| SAND SPRINGS LP | 36-17052 | License | 7/15/2015 | DIVERSION TO STORAGE, WILDLIFE STORAGE | 2.43 | 0.0 | |
| SANT, CARMA; SANT, WILLIAM L | 29-11015 | Decreed | 3/1/1956 | COMMERCIAL, DOMESTIC, STOCKWATER | 0.08 | 0.0 | |
| SCC PROPERTIES LLC | 37-23469 | Decreed | 11/25/1962 | IRRIGATION | 0.38 | 19.0 | |
| SCENIC FALLS FEDERAL CREDIT UNION | 25-14276 | Decreed | 8/10/1966 | IRRIGATION | 0.03 | 1.3 | |
| SCHNEIDER, ARLYNN; SCHNEIDER, FRED | 35-11852 | Decreed | 4/1/1934 | COMMERCIAL, DOMESTIC | 0.08 | 0.0 | |
| SCHOLZ-ALVAREZ, INGRID K | 34-7253 | Decreed | 9/22/1980 | DOMESTIC, IRRIGATION | 0.15 | 15.0 | |
| SCHREINER FARMS IDAHO LLC | 35-2488 | Decreed | 1/10/1957 | IRRIGATION | 0.02 | 2.0 | |
| SCHREINER FARMS IDAHO LLC | 35-2922 | Decreed | 4/7/1958 | IRRIGATION | 0.01 | 2.0 | |
| SCHREINER FARMS IDAHO LLC | 35-8951 | License | 7/29/1991 | IRRIGATION | 0.88 | 44.0 | |
| SCHROEDER, MICHELLE; SCHROEDER, NATHAN | 29-4104 | Decreed | 7/28/1955 | IRRIGATION | 3 | 150.0 | |
| SCHULTZ, ROBYN | 29-14183 | Decreed | 2/3/1961 | IRRIGATION | 0.06 | 3.0 | |
| SCHWENDIMAN, DAVID; SCHWENDIMAN, DIANE P; SCHWENDIMAN, VAL E | 22-14746 | License | 3/25/1991 | IRRIGATION | 0.38 | 471.0 | |
| SCHWENDIMAN, DAVID; SCHWENDIMAN, DIANE P; SCHWENDIMAN, VAL E | 22-14747 | License | 3/25/1991 | IRRIGATION | 0.02 | 471.0 | |
| SCHWENDIMAN, DAVID; SCHWENDIMAN, DIANE P; SCHWENDIMAN, VAL E | 22-7703 | License | 3/25/1991 | IRRIGATION | 6.77 | 2050.5 | |
| SCHWENDIMAN, DAVID; SCHWENDIMAN, DIANE P; SCHWENDIMAN, VAL E | 22-7704 | License | 3/25/1991 | IRRIGATION | 7.3 | 608.0 | |
| SCHWENDIMAN, DAVID; SCHWENDIMAN, VAL E | 22-13292 | License | 1/5/1992 | IRRIGATION | 4.41 | 471.0 | |
| SCOTT, LAMOND; SCOTT, RUTH | 35-10855 | Decreed | 1/4/1954 | COMMERCIAL, DOMESTIC | 0.04 | 0.0 | |
| SCOTT, STANLEY K | 31-7512 | License | 11/30/1988 | DOMESTIC, STOCKWATER | 0.19 | 0.0 | |
| SCOTT, STANLEY K | 31-7514 | License | 11/30/1988 | DOMESTIC | 0.04 | 0.0 | |
| SEARLE BROTHERS LAND & LIVESTOCK LLC | 45-13986 | Decreed | 11/11/1959 | COMMERCIAL, STOCKWATER | 0.08 | 0.0 | |

Attachment A -Sorted by Owner
List of Ground Water Rights Junior to October 11, 1900
(highlighted rights have 15-days to join a ground water district)

| Owner | Water Right No. | Basis | Priority Date | Water Use List | Diversion Rate (cfs) | Total Acres | Enlargement |
|---|---|---|---|---|---|---|---|
| SEARLE BROTHERS LAND & LIVESTOCK LLC | 45-13987 | Decreed | 11/15/1970 | COMMERCIAL, STOCKWATER | 0.13 | 0.0 | |
| SEARLE BROTHERS LAND & LIVESTOCK LLC | 45-13989 | Decreed | 5/26/1971 | COMMERCIAL, STOCKWATER | 0.01 | 0.0 | Yes |
| SEARLE BROTHERS LAND & LIVESTOCK LLC | 45-13988 | Decreed | 5/16/1980 | COMMERCIAL, STOCKWATER | 0.03 | 0.0 | |
| SEATON, RICHARD | 29-12073 | Decreed | 4/20/1937 | DOMESTIC | 0.04 | 0.0 | |
| SECRIST, DREW; SECRIST, KAYLA | 35-14865 | Decreed | 9/8/1961 | IRRIGATION | 0.16 | 4.0 | |
| SERR, DALLAS | 36-2730 | Decreed | 7/30/1954 | IRRIGATION | 1 | 50.0 | |
| SHAW, SHELLEE | 37-23207 | Decreed | 9/20/1974 | IRRIGATION | 0.03 | 2.2 | |
| SHOSHONE BANNOCK AGRI BUSINESS CORPORTION | 29-13940 | Decreed | 10/3/1977 | IRRIGATION | 0.13 | 7.5 | |
| SHOSHONE BANNOCK TRIBES | 29-13779 | Decreed | 11/22/1919 | IRRIGATION, STOCKWATER | 0.58 | 29.2 | |
| SHOSHONE BANNOCK TRIBES | 27-7000 | Decreed | 7/27/1967 | MUNICIPAL | 0.5 | 0.0 | |
| SHOSHONE BANNOCK TRIBES | 29-7326 | Decreed | 4/28/1976 | IRRIGATION | 2.53 | 160.0 | |
| SHOSHONE BANNOCK TRIBES | 29-13941 | Decreed | 10/3/1977 | IRRIGATION | 0.18 | 10.5 | |
| SHURTLIFF, MERLENE; SHURTLIFF, RODNEY | 35-8855 | License | 9/7/1989 | DOMESTIC, STOCKWATER | 0.08 | 0.0 | |
| SIEVERS, GERALD J; SIEVERS, WANDA L | 45-2216A | Decreed | 1/5/1946 | IRRIGATION | 3 | 160.0 | |
| SIMPER, HAIZER ONEAL; SIMPER, JENSEN BRYN | 35-14901 | Decreed | 8/19/1977 | IRRIGATION | 0.11 | 6.0 | |
| SIX FLAGS INC | 34-13900 | Decreed | 10/25/1965 | IRRIGATION | 0.29 | 16.0 | |
| SLAGOWSKI, JOE; SLAGOWSKI, NICOLE | 31-12232 | Decreed | 12/31/1943 | STOCKWATER | 0.12 | 0.0 | |
| SMITH, DALE E | 34-2404 | Decreed | 3/1/1961 | IRRIGATION, STOCKWATER | 1.4 | 66.0 | |
| SMITH, NORBERT DARRELL | 29-7171 | Decreed | 2/4/1974 | DOMESTIC | 0.16 | 0.0 | |
| SMITH, RANDY L; SMITH, SALLY R | 29-8004 | License | 4/13/1990 | DOMESTIC, IRRIGATION | 0.04 | 3.0 | |
| SMITH, RICHARD F | 22-14612 | Decreed | 7/5/1973 | MUNICIPAL | 0.25 | 0.0 | |
| SMITH, STANLEY P | 25-14169 | Decreed | 12/10/1954 | IRRIGATION | 0.03 | 1.7 | |
| SNAKE RIVER BUSINESS PARK BLDG #1 LLC | 35-14787 | Permit | 8/19/2022 | COMMERCIAL | 0.2 | 0.0 | |
| SNELL, MARK | 29-7696 | License | 3/16/1983 | DOMESTIC, IRRIGATION | 0.08 | 2.0 | |
| SOHN, EDNA G; SOHN, HERBERT F; SOHNS INC | 35-8333 | Decreed | 12/12/1983 | COMMERCIAL, DOMESTIC | 0.08 | 0.0 | |
| SORENSEN, MITCHELL D | 34-2428 | Decreed | 4/1/1979 | IRRIGATION | 3.85 | 2478.0 | |
| SOUTH INTERCHANGE PROPERTIES LLC | 35-14700 | Decreed | 12/24/1948 | IRRIGATION | 0.13 | 23.8 | |
| SOUTH INTERCHANGE PROPERTIES LLC | 35-14701 | Decreed | 5/27/1974 | IRRIGATION | 0.07 | 23.8 | |
| SOUTH RIDGE LAND LLC | 45-14061 | Decreed | 12/3/1971 | COMMERCIAL, DOMESTIC, STOCKWATER | 1.01 | 0.0 | |
| SOUTH, BARRY; SOUTH, ELINOR | 35-14616 | Decreed | 12/31/1940 | IRRIGATION | 0.04 | 3.3 | |
| SOUTH, BARRY; SOUTH, ELINOR | 35-14614 | Decreed | 3/5/1948 | IRRIGATION | 0.02 | 3.3 | |
| SOUTH, BARRY; SOUTH, ELINOR | 35-14618 | Decreed | 9/28/1981 | IRRIGATION | 0.01 | 3.3 | |
| SOUTHFIELD LAND & LIVESTOCK LLC | 36-7295C | Decreed | 12/11/1973 | COMMERCIAL, STOCKWATER | 0.32 | 0.0 | |
| SPENCER, DAVID RANDY; SPENCER, MICHELLE | 31-11946 | Decreed | 6/22/1953 | COMMERCIAL, STOCKWATER | 0.12 | 0.0 | |
| SPENCER, DAVID RANDY; SPENCER, MICHELLE | 31-11942 | Decreed | 7/25/1955 | COMMERCIAL, STOCKWATER | 0.03 | 0.0 | |
| SPENCER, DAVID RANDY; SPENCER, MICHELLE | 31-11944 | Decreed | 7/26/1961 | COMMERCIAL, STOCKWATER | 0.02 | 0.0 | |
| STANDLEY LAND & INVESTMENTS LLC | 36-17148 | Decreed | 4/13/1976 | IRRIGATION | 0.15 | 7.7 | |
| STANGER, KARA; STANGER, SPENCER | 35-14726 | Decreed | 12/31/1940 | IRRIGATION | 0.06 | 5.2 | |
| STANGER, KARA; STANGER, SPENCER | 35-14723 | Decreed | 3/5/1948 | IRRIGATION | 0.04 | 5.2 | |
| STANGER, KARA; STANGER, SPENCER | 35-14729 | Decreed | 9/28/1981 | IRRIGATION | 0.01 | 5.2 | |
| STARMARC LLC | 36-12462 | Decreed | 12/31/1958 | COMMERCIAL | 0.07 | 0.0 | |
| STAVAST, CHATELAINE FMS; STAVAST, LANSON J | 34-14710 | Decreed | 11/28/1952 | IRRIGATION | 0.01 | 6.0 | |
| STAVAST, CHATELAINE FMS; STAVAST, LANSON J | 34-14708 | Decreed | 5/16/1977 | IRRIGATION | 0.11 | 6.0 | |
| STAVAST, CHATELAINE FMS; STAVAST, LANSON J | 34-14711 | Decreed | 4/1/1987 | IRRIGATION | 0.01 | 6.0 | Yes |
| STEELE LAND HOLDINGS LLC | 35-14927 | Decreed | 2/6/1963 | IRRIGATION | 0.21 | 12.0 | |

Attachment A -Sorted by Owner
List of Ground Water Rights Junior to October 11, 1900
(highlighted rights have 15-days to join a ground water district)

| Owner | Water Right No. | Basis | Priority Date | Water Use List | Diversion Rate (cfs) | Total Acres | Enlargement |
|---|---|---|---|---|---|---|---|
| SUMMIT TRUSTEES PLLC | 25-14310 | Decreed | 8/10/1966 | IRRIGATION | 0.02 | 0.9 | |
| SUNDOWN CORP INC | 35-10256 | Decreed | 5/1/1920 | COMMERCIAL, STOCKWATER | 0.07 | 0.0 | |
| SUNROC CORPORATION | 29-13891 | Decreed | 10/28/1953 | IRRIGATION, STOCKWATER | 0.9 | 48.0 | |
| SUNROC CORPORATION | 29-7754 | License | 6/17/1983 | COMMERCIAL | 0.81 | 0.0 | |
| TABER, DONALD E | 37-10161 | Decreed | 4/1/1955 | COMMERCIAL | 0.04 | 0.0 | |
| TABLE ROCK HOLDINGS | 35-13320 | License | 8/7/2001 | DOMESTIC | 0.1 | 0.0 | |
| TANNER, KATHY; TANNER, REYNOLD | 25-2139 | Decreed | 10/30/1961 | IRRIGATION | 1.54 | 38.0 | |
| TAYLOR, LOIS; TAYLOR, LYLE D | 25-7110 | Decreed | 5/9/1977 | IRRIGATION | 0.32 | 16.0 | |
| TAYLOR, RODNEY R; TAYLOR, STEPHANIE A | 37-2526B | Decreed | 11/28/1951 | IRRIGATION | 0.06 | 3.0 | |
| TERNUS, BRENDA; TERNUS, GARY A | 35-13858 | Decreed | 4/27/1964 | IRRIGATION | 0.32 | 8.0 | |
| TERRETON TRACTOR INC | 31-7346 | Decreed | 12/2/1980 | COMMERCIAL, DOMESTIC | 0.04 | 0.0 | |
| TEUSCHER, DENNIS | 29-7853 | License | 8/3/1988 | IRRIGATION | 0.09 | 3.0 | |
| THE LAVRADOR BOERSIG TRUST | 25-14617 | License | 3/2/1990 | IRRIGATION | 0.12 | 11.0 | |
| THE LOVELAND FAMILY TRUST | 27-11205 | Decreed | 1/31/1939 | DOMESTIC, STOCKWATER | 0.44 | 0.0 | |
| THE LOVELAND FAMILY TRUST | 27-7069 | Decreed | 12/3/1976 | IRRIGATION | 3.42 | 171.0 | |
| THOMAS, CATHERINE F; THOMAS, KEVIN E | 25-14303 | Decreed | 8/10/1966 | IRRIGATION | 0.02 | 0.9 | |
| THOMPSON, BETTY L; THOMPSON, LYNN | 29-7075A | Decreed | 2/4/1972 | IRRIGATION | 0.06 | 3.1 | |
| THOMPSON, HOWARD M | 25-7508 | License | 6/19/1989 | DOMESTIC, STOCKWATER | 0.11 | 0.0 | |
| THOMPSON, JAMES R | 22-7453 | License | 6/24/1983 | DOMESTIC | 0.04 | 0.0 | |
| THOMPSON, KRISTEN R | 34-14887 | Decreed | 5/16/1977 | IRRIGATION | 0.04 | 2.3 | |
| THOMPSON, KRISTEN R | 34-14889 | Decreed | 4/1/1987 | IRRIGATION | 0.01 | 2.3 | Yes |
| TOMLIN, STEPHEN | 29-13730 | License | 6/7/1983 | IRRIGATION | 0.01 | 0.5 | |
| TOWN & COUNTRY MOBILE HOME PARK LLC | 35-4258 | Decreed | 6/1/1962 | DOMESTIC | 0.22 | 0.0 | |
| TRACY, JACOB | 34-13761 | Decreed | 11/28/1952 | DIVERSION TO STORAGE, FISH PROPAGATION STORAGE, IRRIGATION, RECREATION STORAGE | 0.03 | 5.2 | |
| TRACY, JACOB | 34-7194 | Decreed | 5/16/1977 | IRRIGATION | 0.1 | 5.2 | |
| TRACY, JACOB | 34-14342 | Decreed | 4/1/1987 | IRRIGATION | 0.01 | 5.2 | Yes |
| TRAINOR, LISA; TRAINOR, MARK | 25-7392A | License | 12/16/1983 | IRRIGATION | 0.14 | 7.0 | |
| TURNER LAND & LIVESTOCK LLC | 45-4033 | Decreed | 8/1/1935 | IRRIGATION | 1.67 | 80.0 | |
| TURNER WELL ASSN | 29-7700 | License | 4/27/1983 | IRRIGATION | 0.4 | 19.9 | |
| UNION PACIFIC RAILROAD CO | 36-4204 | Decreed | 8/18/1903 | COMMERCIAL, DOMESTIC, MUNICIPAL | 0.33 | 0.0 | |
| UNION PACIFIC RAILROAD CO | 36-4201 | Decreed | 3/24/1913 | INDUSTRIAL, STOCKWATER | 0.22 | 0.0 | |
| UNION PACIFIC RAILROAD CO | 36-4205 | Decreed | 5/4/1918 | STOCKWATER | 0.06 | 0.0 | |
| UNION PACIFIC RAILROAD CO | 36-4202 | Decreed | 6/5/1925 | INDUSTRIAL | 0.04 | 0.0 | |
| UNION PACIFIC RAILROAD CO | 36-4203 | Decreed | 9/13/1957 | COMMERCIAL, DOMESTIC, MUNICIPAL | 0.22 | 0.0 | |
| UNITED ALLIANCE & FIDELITY CORP | 25-7387 | Decreed | 12/4/1983 | IRRIGATION | 0.1 | 5.0 | |
| US BUREAU OF INDIAN AFFAIRS | 29-12560 | Decreed | 8/23/1954 | IRRIGATION | 3.75 | 187.9 | |
| US BUREAU OF INDIAN AFFAIRS | 29-12565 | Decreed | 8/23/1954 | COOLING | 0.04 | 0.0 | |
| US BUREAU OF LAND MANAGEMENT | 34-2373B | Decreed | 7/5/1960 | IRRIGATION | 0.1 | 5.0 | |
| US BUREAU OF LAND MANAGEMENT | 35-7685 | Decreed | 3/22/1977 | IRRIGATION | 2.48 | 124.0 | |
| US BUREAU OF LAND MANAGEMENT | 35-7534B | Decreed | 8/4/1979 | IRRIGATION | 1.09 | 57.0 | |
| US BUREAU OF LAND MANAGEMENT | 36-16583 | Decreed | 3/15/1987 | IRRIGATION | 0.03 | 4.0 | Yes |
| US BUREAU OF LAND MANAGEMENT | 36-8726 | Permit | 4/28/1994 | STOCKWATER, WILDLIFE | 0.12 | 0.0 | |
| US BUREAU OF LAND MANAGEMENT | 21-13032 | License | 2/24/2006 | STOCKWATER, WILDLIFE | 0.02 | 0.0 | |
| US BUREAU OF LAND MANAGEMENT | 34-14459 | Permit | 8/26/2014 | STOCKWATER, WILDLIFE | 0.15 | 0.0 | |

Attachment A -Sorted by Owner
List of Ground Water Rights Junior to October 11, 1900
(highlighted rights have 15-days to join a ground water district)

| Owner | Water Right No. | Basis | Priority Date | Water Use List | Diversion Rate (cfs) | Total Acres | Enlargement |
|---|---|---|---|---|---|---|---|
| US BUREAU OF RECLAMATION | 25-7201 | Decreed | 8/11/1980 | DOMESTIC, IRRIGATION | 0.14 | 4.0 | |
| US DEPT OF ENERGY | 34-10901 | Decreed | 4/7/1950 | SEE REMARKS | 80 | 0.0 | |
| US DEPT OF ENERGY | 35-7098 | Decreed | 8/2/1969 | FISH PROPAGATION | 20 | 0.0 | |
| US DEPT OF ENERGY | 35-7097 | Decreed | 9/30/1969 | DOMESTIC, FISH PROPAGATION | 4 | 0.0 | |
| US DEPT OF INTERIOR | 21-7517 | License | 2/27/1992 | STOCKWATER, WILDLIFE | 0.07 | 0.0 | |
| US FISH & WILDLIFE SERVICE | 31-4066 | Decreed | 11/12/1936 | DOMESTIC, IRRIGATION | 0.06 | 1.0 | |
| US NATIONAL PARK SERVICE | 34-12383 | Decreed | 5/2/1924 | COMMERCIAL, DOMESTIC, IRRIGATION | 0 | 0.0 | |
| US NATIONAL PARK SERVICE | 34-12385 | Decreed | 7/23/1928 | COMMERCIAL, DOMESTIC, IRRIGATION | 0 | 0.0 | |
| USDA ARS SHEEP EXPERIMENT STATION | 31-11201 | Decreed | 10/30/1915 | ADMINISTRATIVE | 0.27 | 0.0 | |
| USDA ARS SHEEP EXPERIMENT STATION | 31-11200 | Decreed | 11/21/1916 | ADMINISTRATIVE | 0.231 | 0.0 | |
| V L NEIBAUR FARMS LLC | 25-14616 | License | 3/2/1990 | IRRIGATION | 3.61 | 325.5 | |
| VALLEY MOBILE HOME COURT | 25-12489 | Decreed | 3/31/1958 | DOMESTIC | 0.23 | 0.0 | |
| VALLEY SCHOOL DISTRICT #262 | 36-15190 | Decreed | 9/1/1954 | DOMESTIC, IRRIGATION | 0.15 | 0.2 | |
| VALLEY SCHOOL DISTRICT #262 | 36-16299 | License | 9/22/2004 | DOMESTIC, FIRE PROTECTION | 1.52 | 0.0 | |
| VALLEY VIEW HEIGHTS SUBDIVISION WATER CO | 25-7344 | Decreed | 7/29/1983 | DOMESTIC, STOCKWATER | 0.11 | 0.0 | |
| VALLEY VIEW HEIGHTS SUBDIVISION WATER CO | 25-13986 | License | 6/16/2003 | DOMESTIC | 0.08 | 0.0 | |
| VAN DYKE, VIRGINIA | 37-10019 | Decreed | 2/1/1961 | COMMERCIAL, STOCKWATER | 0.06 | 0.0 | |
| VAN OVER, MARY; VAN OVER, RAYMOND | 25-7650 | License | 12/29/1982 | DOMESTIC, IRRIGATION, STOCKWATER | 0.06 | 1.0 | |
| VEENSTRA, FRANK W | 36-17233 | Decreed | 1/31/1961 | STOCKWATER | 0.38 | 0.0 | |
| VERBREE LAND HOLDINGS LLC | 36-8609 | License | 10/21/1991 | DOMESTIC, IRRIGATION, STOCKWATER | 0.02 | 2.5 | |
| VERDEGAAL LIVING TRUST | 37-2676 | Decreed | 12/11/1961 | IRRIGATION | 1.85 | 450.4 | |
| VH PROPERTIES LLC | 25-14595 | Decreed | 10/9/1961 | COMMERCIAL, STOCKWATER | 0.84 | 0.0 | |
| WADDOUPS, LE ANNE; WADDOUPS, WADE | 34-2426A | Decreed | 12/7/1961 | IRRIGATION | 0.833 | 37.0 | |
| WADE, NANCY; WADE, RONALD | 25-7425 | License | 6/6/1988 | DOMESTIC, IRRIGATION | 0.05 | 1.0 | |
| WAGNER JR, EDWARD P; WAGNER, KRISTIE L | 35-8856 | Decreed | 8/11/1989 | DOMESTIC, STOCKWATER | 0.1 | 0.0 | |
| WAITMAN, DAVID B; WAITMAN, MARGARET | 29-11435 | Decreed | 4/20/1945 | IRRIGATION | 0.05 | 1.8 | |
| WALKER, ROLAND L | 25-11822 | Decreed | 5/15/1935 | DOMESTIC, STOCKWATER | 0.7 | 0.0 | |
| WALKER, ROLAND L | 25-11821 | Decreed | 6/19/1962 | DOMESTIC, STOCKWATER | 1.32 | 0.0 | |
| WALTERS PRODUCE INC | 22-12520 | Decreed | 12/31/1951 | COMMERCIAL | 0.23 | 0.0 | |
| WALTERS READY MIX INC | 22-11666 | Decreed | 6/1/1947 | INDUSTRIAL, RECREATION | 0.04 | 0.0 | |
| WALTERS, BRUCE A; WALTERS, MARCEY L | 25-7596 | License | 6/26/1991 | DOMESTIC, IRRIGATION | 0.15 | 10.0 | |
| WANSTROM, DAVID E; WANSTROM, NANCY W | 34-2435B | Decreed | 7/26/1961 | IRRIGATION | 0.08 | 4.5 | |
| WARD, ALLAN | 45-14476 | Decreed | 9/15/1971 | COMMERCIAL, IRRIGATION, STOCKWATER | 0.3 | 1.0 | |
| WARD, BRADLEY; WARD, BRITTANY | 35-14934 | Decreed | 2/24/1953 | IRRIGATION | 3.2 | 441.7 | |
| WARD, BRADLEY; WARD, BRITTANY | 35-14935 | Decreed | 6/7/1957 | IRRIGATION | 1.57 | 441.7 | |
| WARD, BRADLEY; WARD, BRITTANY | 35-14933 | Decreed | 8/4/1979 | IRRIGATION | 3.69 | 441.7 | |
| WARD, DANIEL G; WARD, KARLA | 45-14422 | Decreed | 12/11/1953 | COMMERCIAL, STOCKWATER | 0.06 | 0.0 | |
| WARD, DELORA; WARD, REED I | 25-14309 | Decreed | 8/10/1966 | IRRIGATION | 0.02 | 1.0 | |
| WARNER, KAREN; WARNER, VAN H | 25-14072 | Decreed | 10/31/1938 | IRRIGATION, STOCKWATER | 0.11 | 3.0 | |
| WASSERLEIN, WILLIAM | 45-14563 | Decreed | 6/1/1939 | IRRIGATION | 0.02 | 1.8 | |
| WAYNE PROPERTIES LLC | 25-14460 | Decreed | 2/19/1982 | IRRIGATION | 0.1 | 353.9 | |
| WAYNE PROPERTIES LLC | 25-14461 | Decreed | 2/19/1982 | IRRIGATION | 0.1 | 353.9 | |
| WAYNE PROPERTIES LLC | 25-14463 | Decreed | 2/19/1982 | IRRIGATION | 0.1 | 353.9 | |
| WAYNE PROPERTIES LLC | 25-14473 | Decreed | 2/19/1982 | IRRIGATION | 0.1 | 353.9 | |
| WAYNE PROPERTIES LLC | 25-14476 | Decreed | 2/19/1982 | IRRIGATION | 0.1 | 353.9 | |

Attachment A -Sorted by Owner
List of Ground Water Rights Junior to October 11, 1900
(highlighted rights have 15-days to join a ground water district)

| Owner | Water Right No. | Basis | Priority Date | Water Use List | Diversion Rate (cfs) | Total Acres | Enlargement |
|---|---|---|---|---|---|---|---|
| WAYNE PROPERTIES LLC | 25-14489 | Decreed | 2/19/1982 | IRRIGATION | 0.1 | 353.9 | |
| WAYNE PROPERTIES LLC | 25-14519 | Decreed | 2/19/1982 | IRRIGATION | 0.03 | 1.3 | |
| WAYNE PROPERTIES LLC | 25-14520 | Decreed | 2/19/1982 | IRRIGATION | 0.01 | 353.9 | |
| WAYNE PROPERTIES LLC | 25-14495 | License | 1/14/1983 | IRRIGATION | 0.07 | 285.4 | |
| WAYNE PROPERTIES LLC | 25-14503 | License | 1/14/1983 | IRRIGATION | 0.07 | 285.4 | |
| WELLS, DELOS H | 35-8220 | License | 8/4/1983 | DOMESTIC, IRRIGATION | 0.05 | 4.5 | |
| WELLS, DELOS H; WELLS, LUELLA | 35-10874 | Decreed | 10/1/1962 | DOMESTIC, IRRIGATION | 0.1 | 3.0 | |
| WENDLING, JACOB; WENDLING, JAIME | 29-14458 | Decreed | 10/28/1953 | IRRIGATION | 0.02 | 3.2 | |
| WENDLING, JACOB; WENDLING, JAIME | 29-14438 | Decreed | 6/23/1977 | IRRIGATION | 0.03 | 3.2 | |
| WESTERN AG PRODUCTS LLC | 45-10305 | Decreed | 6/15/1949 | DOMESTIC, INDUSTRIAL | 0.04 | 0.0 | |
| WHEATLEY, SCHAUNEE; WHEATLEY, SCOTT | 29-14461 | Decreed | 10/28/1953 | IRRIGATION | 0.02 | 2.0 | |
| WHEATLEY, SCHAUNEE; WHEATLEY, SCOTT | 29-14441 | Decreed | 6/23/1977 | IRRIGATION | 0.02 | 2.0 | |
| WHEELOCK, MICHAEL T; WHEELOCK, TINA J | 29-14448 | Decreed | 10/28/1953 | IRRIGATION | 0.02 | 2.1 | |
| WHEELOCK, MICHAEL T; WHEELOCK, TINA J | 29-14428 | Decreed | 6/23/1977 | IRRIGATION | 0.02 | 2.1 | |
| WHITEWATER WATER USERS ASSN | 29-2438B | Decreed | 2/3/1961 | IRRIGATION | 0.74 | 37.0 | |
| WHITEWATER WATER USERS ASSN | 29-7819 | Decreed | 9/20/1979 | DOMESTIC | 2 | 0.0 | |
| WILDE, CECIL; WILDE, NANCY JO | 25-11653 | Decreed | 5/1/1942 | IRRIGATION | 0.09 | 4.5 | |
| WILKINSON, LAUREL; WILKINSON, LORENZO H | 29-12077 | Decreed | 4/20/1937 | DOMESTIC | 0.04 | 0.0 | |
| WILLIAMS, CLAUDIA; WILLIAMS, JOHN | 25-7528 | License | 9/19/1989 | IRRIGATION | 0.04 | 1.3 | |
| WILLIAMS, LYNETTE D; WILLIAMS, ROBERT E | 35-12733 | Decreed | 4/1/1945 | DOMESTIC | 0.17 | 0.0 | |
| WILLIE, DANIEL L | 36-16113 | Decreed | 11/11/1959 | MITIGATION | 0.2 | 30.2 | |
| WILSON, HARLEM E; WILSON, SONDRA L | 29-13474 | Decreed | 10/26/1948 | COMMERCIAL | 0.04 | 0.0 | |
| WILSON, JOHN CHARLES | 29-7916 | License | 3/20/1990 | IRRIGATION | 0.09 | 4.5 | |
| WILSON, KINDEE | 29-7294 | Decreed | 11/4/1975 | DOMESTIC, IRRIGATION | 0.12 | 8.0 | |
| WOOD, HEIDI; WOOD, J ADAM | 29-8009 | License | 7/26/1990 | IRRIGATION, STOCKWATER | 0.04 | 1.5 | |
| WOODBURY, BRYCE; WOODBURY, STEPHANIE | 34-13878 | Decreed | 1/30/1961 | IRRIGATION | 0.01 | 1.0 | |
| WOODMAN, ERIC; WOODMAN, MICHELLE | 34-14237 | Decreed | 9/29/1966 | IRRIGATION | 0.04 | 2.2 | |
| WOODMAN, ERIC; WOODMAN, MICHELLE | 34-14239 | Decreed | 5/20/1984 | IRRIGATION | 0.01 | 2.2 | Yes |
| WOODVILLE WATER & SEWER DISTRICT | 35-11318 | Decreed | 5/1/1939 | COMMERCIAL, DOMESTIC | 0.35 | 0.0 | |
| WRIDE FARMS | 35-8949 | Permit | 8/26/1991 | IRRIGATION | 3 | 150.0 | |
| WRIGHT, LE ROY C; WRIGHT, MARILYN | 25-7256 | Decreed | 5/12/1981 | IRRIGATION | 0.05 | 0.7 | |
| YANCEY, CLEM R | 35-7955 | License | 3/10/1981 | DOMESTIC, STOCKWATER | 0.06 | 0.0 | |
| YOUNG & YOUNG LIVESTOCK LLC | 25-14494 | Permit | 8/3/2021 | DOMESTIC | 0.23 | 0.0 | |
| YOUNG, DE VONA; YOUNG, WILLIAM N | 25-7437 | License | 8/26/1988 | DOMESTIC, STOCKWATER | 0.07 | 0.0 | |
| YOUNG, JUDY D; YOUNG, KENNETH A | 25-7436 | License | 9/14/1988 | IRRIGATION | 0.03 | 1.5 | |
| ZIRKELBACH, NANCY; ZIRKELBACH, RICHARD | 25-7440 | License | 8/25/1988 | DOMESTIC, IRRIGATION | 0.04 | 1.2 | |
| ZWEIFEL PROPERTIES LLC | 32-10031 | Decreed | 5/1/1968 | DOMESTIC, STOCKWATER | 0.12 | 0.0 | |

# EXPLANATORY INFORMATION TO ACCOMPANY A FINAL ORDER

(To be used in connection with actions when a hearing was **not** held)

The accompanying document is a "**Final Order**" issued by the Idaho Department of Water Resources ("Department") pursuant to Idaho Code § 67-5246. The following statements describe the procedures and time limits for seeking reconsideration or other administrative relief as required by Idaho Code § 67-5248.

## PETITION FOR RECONSIDERATION

(*See* Idaho Code § 67-5246(4))

Any party may file a petition for reconsideration of this final order within fourteen (14) days of the service date of this order as shown on the certificate of service. **Note: the petition must be received by the Department within this fourteen (14) day period.** The presiding officer will act on a petition for reconsideration within twenty-one (21) days of its receipt, or the petition will be considered denied by operation of law.

## REQUEST FOR HEARING

(*See* Idaho Code § 42-1701A(3))

Unless the right to a hearing before the Director or the Water Resource Board is otherwise provided by statute, any person aggrieved by any final decision, determination, order, or action of the Director of the Department and who has not previously been afforded an opportunity for a hearing on the matter shall be entitled to a hearing before the Director to contest the action. The person shall file with the Director, within fifteen (15) days after receipt of written notice of the action issued by the Director, or receipt of actual notice, a written petition stating the grounds for contesting the action by the Director and requesting a hearing. **Note: The request must be received by the Department within this fifteen (15) day period.**

## CERTIFICATE OF SERVICE

(*See* IDAPA 37.01.01.053, 37.01.01.202)

All documents filed with the Department in connection with a petition for reconsideration or a request for hearing of this final order shall be served on all other parties to the proceeding in accordance with Rules 53 and 202 of the Department's Rules of Procedure.

# EXHIBIT H

**Declaration of Counsel in Support of the State of Idaho's Motion for Declaratory Judgment re Administration of Water Right 34-10901**

Tanner F. Crowther, ISB# 8715
Chief Counsel
Office of the Chief Counsel
U.S. Department of Energy – Idaho Operations Office
1955 Fremont Ave.
Idaho Falls, ID 83402
Mailstop 1209
Telephone: (208) 360-3478
Email: crowthtf@id.doe.gov

Attorney for U.S. Department of Energy

**BEFORE THE DEPARTMENT OF WATER RESOURCES**

**OF THE STATE OF IDAHO**

| | |
|---|---|
| IN THE MATTER OF DISTRIBUTION OF WATER TO VARIOUS WATER RIGHTS HELD BY OR FOR THE BENEFIT OF A&B IRRIGATION DISTRICT, AMERICAN FALLS RESERVOIR DISTRICT #2, BURLEY IRRIGATION DISTRICT, MILNER IRRIGATION DISTRICT, NORTH SIDE CANAL COMPANY, AND TWIN FALLS CANAL COMPANY | Docket No. CM-DC-2010-001<br><br>**U.S. DEPARTMENT OF ENERGY AMENDED PETITION FOR RECONSIDERATION AND REQUEST FOR HEARING** |

**UNITED STATES DEPARTMENT OF ENERGY'S SPECIAL APPEARANCE AND OPPOSITION TO THE IDAHO DEPARTMENT OF WATER RESOURCES FINAL ORDER CURTAILING GROUND WATER RIGHTS JUNIOR TO OCTOBER 11, 1900, DATED MAY 14, 2026.**

The United States Department of Energy (hereinafter "DOE"), by and through counsel, hereby makes this special appearance for the limited purpose of contesting IDWR's ability to exercise jurisdiction over DOE and seeking reconsideration pursuant to Idaho Code § 67-5246(4) and rule 740.02.b of the Department's rules of procedure in response to the Director's *Final Order Curtailing Ground Water Rights Junior to October 11, 1900,* dated May 14, 2026. This

petition requests that the Director withdraw those parts of the Final Order that seek to curtail DOE's federally reserved Water Right No. 34-10901. If the Director declines to amend the Final Order as requested, then DOE requests a hearing pursuant to Idaho Code § 67-5242 and/or § 42-1701A(3) and rule 740.02.c of the Department's rules of procedure.

## ARGUMENT

### I. IDWR Has No Authority to Curtail DOE's Adjudicated Water Rights.

The 1990 *Water Rights Agreement Between the State of Idaho and the United States, for the United States Department of Energy* (hereinafter the "DOE Agreement," attached hereto as Exhibit 1) is binding upon the State of Idaho and conclusive as to the nature and extent of Water Right No. 34-10901 held by DOE in the State of Idaho. The Agreement does not confer upon the Idaho Department of Water Resources (IDWR) any right to curtail or otherwise administer DOE's adjudicated water rights.

Under the McCarran Amendment, when properly joined as a party to a suit for the adjudication or administration of water rights, the United States is "subject to the judgments, orders, and decrees of the *court* having jurisdiction." 43 U.S.C. § 666 (emphasis added). In 1985, the Idaho legislature enacted Idaho Code § 42-1406A(1), which read, in part:

> Effective management in the public interest of the waters of the Snake River basin requires that a comprehensive determination of the nature, extent and priority of the rights of all users of surface and ground water from that system be determined. Therefore, the director of the department of water resources shall petition the district court to commence an adjudication within the terms of the McCarran amendment, 43 U.S.C. section 666, of the water rights of the Snake River basin either through initiation of a new proceeding or the enlargement of an ongoing adjudication proceeding.

Idaho Code § 42-1406A(1) (uncodified and amended by S.L. 1994, ch. 454, § 11, effective April 12, 1994.)

In 1986, Idaho's adjudication statutes were amended "to provide a statutory procedure for incorporating a negotiated agreement between a federal reserved water right claimant and the State of Idaho into an adjudication . . ." Ann Y. Vonde *et al.*, *Understanding The Snake River Basin Adjudication*, 52 IDAHO L. REV. 53, 59 (2016). Consistent with this authority, in 1990 DOE and the state entered into the DOE Agreement, which quantified "all existing water rights and claims to water rights of the United States under state and federal law for the use by the Department of Energy in the Snake River Basin in the State . . ." DOE Agreement at 5. Under that Agreement, DOE is entitled to use up to 35,000 acre-feet of water per calendar year and a maximum diversion rate not to exceed 80 cubic feet per second. The terms of that agreement were fully incorporated in the district court's Final Unified Decree, dated August 25, 2014, which is "conclusive as to the nature and extent of all rights of the United States to the use of the waters of the Snake River Basin water system within the State of Idaho with a priority date before November 19, 1987." *Final Unified Decree, In re SRBA, Case No. 39576* (5th Jud. Dist. Idaho Aug. 25, 2014), at 7. (Exhibit 2). IDWR has no authority to unilaterally interfere with DOE's properly adjudicated right.

While IDWR possesses general authority under Idaho law to administer adjudicated water rights within the Snake River Basin in accordance with the prior appropriation doctrine (*see* Idaho Code § 42-237a(g)), this general authority does not extend to DOE's adjudicated water rights because (i) IDWR's administrative process falls outside the limited waiver of sovereign immunity granted by the McCarran Amendment; and (ii) the United States did not consent to routine state curtailment or administration of its quantified rights.

***i. IDWR's administrative process falls outside the limited waiver of sovereign immunity granted by the McCarran Amendment.***

Through the McCarran Amendment, the United States consented only to "join the United States as a defendant in any suit … (2) for the administration of such rights." 43 U.S.C. § 666. "Any waiver of sovereign immunity is to be strictly construed in favor of the sovereign and must be expressed unequivocally." *Nielson v. United States, Bureau of Land Mgmt.*, 247 F. Supp. 3d 1152, 1158 (D. Idaho 2017).

The United States' consent to be sued under the McCarran Amendment applies only to "suits," a term that the Ninth Circuit indicated refers "not only traditional suits in equity but also hybrid adjudications[1] taking advantage of the expertise of nonjudicial officials." *United States v. Oregon, Water Resources Dep't*, 44 F.3d 758, 766 (9th Cir. 1994). However, IDWR's Order is not a "hybrid adjudication" as contemplated by the Ninth Circuit. Instead, it is a purely administrative action with no seamless or automatic integration with the court. Instead, it parallels a structure that the First Circuit found non-compliant with the McCarran Amendment in *United States v. Puerto Rico*. As the First Circuit explained:

> The statutory scheme considered in *Oregon* was a unitary scheme that contained two interconnecting tracks. Although it envisioned that an action would be commenced administratively by the agency . . .that action automatically would proceed to a judicial forum upon completion of the administrative process. In other words, the Oregon statute constructs a seamless proceeding, possessing both administrative and judicial components. These two components "are not independent or unrelated, but parts of a single statutory proceeding, the earlier stages of which are before the [agency] and the later stages before the court." *Pacific Live Stock Co. v. Or. Water Bd.*, 241 U.S. 440, 451, 60 L. Ed. 1084, 36 S. Ct. 637 (1915) (commenting upon Oregon's statutory scheme for the administration of water rights). In other words, the agency "merely paves the way for an adjudication by the court of all the rights involved." *Id.*

*United States v. Puerto Rico*, 287 F.3d 212, 219 (1st Cir. 2002) (emphasis added).

---

[1] References to adjudication cases are cited herein due to the lack of caselaw directly addressing administration of federal reserved water rights under the McCarran Amendment; however, the McCarran Amendment uses the same language concerning suits for adjudication and administration, indicating that the same principles can apply to administration matters.

The administrative process initiated by IDWR's delivery call and curtailment order under Idaho Code Title 42, Chapter 2 stands in stark contrast to the "seamless proceeding" described in *Oregon*. Like the Puerto Rican system, Idaho's administrative framework does not automatically flow into a judicial forum. The Director's Order is final agency action. It does not "pave the way for an adjudication by the court;" it is the administrative end of the road.

The only path to a court is for an aggrieved party to initiate an entirely separate action by filing a petition for judicial review under the Idaho Administrative Procedure Act (IDAPA). *See* I.C. §§ 42-1701A(4), 67-5270. This is the opposite of a unitary scheme. Moreover, the court's role in an IDAPA review is not to conduct a new trial or act as the primary adjudicator. Instead, its review is limited and deferential, confined to the agency record and focused on whether the agency's action was lawful and supported by substantial evidence. *See* I.C. § 67-5279. This is precisely the type of separate, non-integrated judicial oversight that the First Circuit found insufficient to qualify as a "suit" as the term is used in 43 U.S.C. § 666.

Because the delivery call process is purely administrative and not an integrated "suit," the McCarran Amendment's waiver of sovereign immunity does not apply. IDWR cannot compel the United States to participate in this non-judicial administrative framework to defend a right that has already been decreed in a proper McCarran suit—the Snake River Basin Adjudication.

*ii.* ***The United States did not consent to routine state curtailment or administration of its quantified rights—nor did the Court's Final Decree subject DOE to such actions.***

Article 6.1 of the DOE Agreement states:

> The parties are unable to agree upon whether the issue of administration is ripe or otherwise appropriate for decision in the SRBA, and if so, whether and to what extent the Director has authority to administer federal water rights. Accordingly, this Agreement does not address this issue except as expressly provided in article 6.2. Each party reserves the right to litigate the issue of administration, if and when the need arises.

DOE Agreement, art. 6.1.[2]

The Agreement further states: "Nothing in this Agreement shall be construed or interpreted: To limit the authority of the United States to manage its lands or water rights in accordance with the Constitution, statutes, regulations, and procedures of the United States." DOE Agreement, art. 9.7.7. Clearly, at the time the DOE Agreement was executed, the United States did not agree or consent to IDWR administering federal water rights. The Idaho Supreme Court has acknowledged federal rights to administration in other contexts. *See United States v. State*, 131 Idaho 468, 472, 959 P.2d 449, 453 (1998) ("We agree with the United States and the observation by the Colorado Supreme Court that the purpose of PWR 107 includes a federal reserved water right and that the United States *has the right to administer those water rights*." (emphasis added)).

The language of Article 6.1 demonstrates that the fundamental question of IDWR's authority to administer DOE's rights was never settled by the agreement. Because the parties could not agree, the issue was carved out from the settlement and was therefore never submitted to the SRBA court for adjudication. Consequently, IDWR cannot now act as if this authority was granted or decreed. By issuing a curtailment order, IDWR is attempting to unilaterally exercise a power that the United States explicitly refused to concede, and that the district court's Final Unified Decree never granted. The purpose of reserving the right to "litigate . . . if and when the need arises" was not to green-light future unilateral administrative action, but to require that the

[2] Article 6.2.2 of the DOE Agreement states that DOE "*voluntarily* agrees to provide the State with a comprehensive inventory of all wells . . . at or relating to activities at the INEL." DOE Agreement, art. 6.2.2 (emphasis added).

assertion of such authority be tested first in a proper judicial forum where the United States' sovereign immunity could be properly addressed.

DOE does not dispute that the United States was properly joined as a party to the SRBA action. Nor does DOE dispute the validity of the Final Unified Decree or the 1990 DOE Agreement. But nothing in those sources permits IDWR to curtail DOE's properly adjudicated rights or otherwise grants IDWR authority to administer DOE's adjudicated water rights. Likewise, nothing in the McCarran Amendment subjects the United States to such unilateral interference by a state agency. As stated by the Idaho Supreme Court quoting Senator McCarran: "the McCarran Amendment is 'not intended to be used for any other purpose than to allow the United States to be joined in a suit wherein it is necessary to adjudicate all of the rights of various owners on a given stream.'" *In re Snake River Basin Water Sys.*, 115 Idaho 1, 7 (1988). Moreover, even where the McCarran Amendment allows the federal government to be joined as a defendant in a suit, the Supremacy Clause of the United States Constitution still constrains the substantive application of state law where it would defeat the purpose of the federal reservation. *See Avondale Irrigation Dist. v. North Idaho Properties*, 99 Idaho 30, 40, *n15* (1978) ("[A]n Idaho statute may not be applied to a federal reserved water right if such application changes the nature and scope of that federal water right."); *see also In re General Adjudication of All Rights*, 195 Ariz. 411, 423 (1999) ("Holders of federal reserved rights enjoy greater protection from groundwater pumping than do holders of state law rights to the extent that greater protection may be necessary to maintain sufficient water to accomplish the purpose of a reservation.").

The district court's Final Unified Decree clarified that "in the case of any conflict between this Final Unified Decree and the partial consent decrees approving reserved water right settlements, the partial consent decrees approving the reserved water right settlements . . . shall

control." *Final Decree* at 10-11. Thus, for purposes of determining the parties' respective rights and obligations, the DOE Agreement is of paramount importance. While DOE is not aware of anything within the district court's Final Unified Decree purporting to grant IDWR the power to curtail or otherwise administer DOE's water right, any such language would yield to Article 6.1 of the DOE Agreement.

By explicitly leaving the issue of administration unresolved and preserving each party's right to litigate the Director's authority "if and when the need arises" (DOE Agreement, art. 6.1), the United States did not consent to routine state curtailment or administration of its quantified rights—nor did the Court's Final Decree subject DOE to such actions.

Accordingly, IDWR's ordinary post-adjudication administrative authority yields in this instance to the United States' sovereign immunity, as well as to the specific, bargained-for limitation contained in the DOE Agreement. IDWR appears to have previously recognized and applied these limitations, as reflected in its July 2025 curtailment orders, which curtailed groundwater rights junior to October 11, 1900, but did not include DOE's water right at the INL. *See Final Order Curtailing Ground Water Rights Junior to October 11, 1900* (July 25, 2025) (Exhibit 3). This final order was issued in accordance with the limitations bargained for in DOE's Agreement with the state as it curtailed water use junior to DOE's Water Right No. 34-10901 but did not assert curtailment authority over this right. In contrast, IDWR now asserts administrative authority over DOE's water rights in its May 14, 2026, curtailment order, without explanation for this departure from its prior approach or explanation as to why it drastically changed course.

The Director's *Final Order Curtailing Ground Water Rights Junior to October 11, 1900*, dated May 14, 2026, exceeds IDWR's authority as applied to DOE Water Right No. 34-10901

and is unenforceable against DOE. IDWR must amend the Final Order as requested by DOE to correct this error. DOE reserves its right to pursue all legal avenues to manage its water rights and seek legal relief from IDWR's unlawful order.

### II. IDWR's Attempt to Compel DOE to Participate in an Approved Mitigation Plan is Improper and Impractical.

IDWR's order states that curtailed users "may seek to participate in an approved mitigation plan through a ground water district." Order at 4. While use of the word "may" gives the illusion that this is simply an option to consider, this is a Hobson's choice for DOE: either participate in an approved mitigation plan or face immediate and unlawful curtailment of a federal reserved water right.

By conditioning the use of DOE's water right on participation in a third-party mitigation plan, IDWR is attempting to indirectly achieve what it cannot do directly: force a re-adjudication of priorities between the United States and private water users. This turns the McCarran Amendment on its head. The amendment allows the U.S. to be brought into a *comprehensive* public adjudication to settle all rights at once, or a suit for administration of such rights. This limited waiver of sovereign immunity was not perpetual consent to unilateral state administrative actions that seek to compel the United States to negotiate or settle with private parties outside of a comprehensive adjudicatory process. As the Ninth Circuit and Idaho Supreme Court have recognized:

> There can be little doubt as to the type of suit congress had in mind [when passing the McCarran Amendment]. It was not a private dispute between certain water users as to their conflicting rights to the use of waters of a stream system; rather, it was the quasi-public proceeding which in the law of western waters is known as a "general adjudication" of a stream system: one in which the rights of all claimants on a stream system, as between themselves, are ascertained and officially stated.

*Snake River Basin Water Sys.*, 115 Idaho at 7-8 (quoting *State of California v. Rank*, 293 F.2d 340, 347 (9th Cir.1961)).

Despite the clear limits Congress placed on this waiver of sovereign immunity, IDWR seeks to compel DOE to the negotiating table with private parties simply to enjoy a water right that was already "ascertained and officially stated" in the SRBA. Such action finds no basis in the McCarran Amendment or the final SRBA decree as applied to DOE.

Moreover, even if IDWR had the authority to unilaterally administer DOE's water rights—which it doesn't—its proposed solution that DOE "seek to participate in an approved mitigation plan through a ground water district" presents several problems for DOE. As an agency of the federal government, DOE may face challenges agreeing to the terms and conditions of existing mitigation plans. Federal law prevents DOE from agreeing to terms that would violate the Anti-Deficiency Act, that would constitute a tax, or that lack language indicating that all commitments of funds are subject to appropriations from Congress. The difficulty of joining existing agreements places DOE at a disadvantage relative to other water users, including those with water rights that are junior to DOE's.

These difficulties are compounded by IDWR's own inconsistent actions. In its *Final Order Curtailing Ground Water Rights Junior to October 11, 1900*, dated July 25, 2025, IDWR correctly accounted for the unique status of DOE's water rights and did not include them on the curtailment list. (Exhibit 3). Having established this correct legal application, IDWR's unexplained reversal in its May 14, 2026, order places DOE at a significant procedural disadvantage with no reasonable amount of time to address the complex issues associated with joining a mitigation plan.

This is fundamentally unfair to DOE, which has already demonstrated extraordinary water use mitigation through its own actions, achieving a reduction of approximately 96% relative to its consumptive use allotment and made significant recent investments in water conservation infrastructure.

**III. DOE Has Significantly Mitigated its Water Use Relative to its Federal Reserved Water Right Allocation.**

Even if DOE's water rights were subject to IDWR administration, DOE has sufficiently mitigated its use through responsible water usage practices and curtailment presents an unjustifiable departure from IDWR precedent.

DOE has a Federal Reserved Water Right 34-10901 (Right) for the Snake River Basin in the State of Idaho. *See* DOE Agreement at 7. The Right was adjudicated in 1990 and has a date of priority of 4/7/1950. *Id.* The purpose of use is the "primary purposes authorized by Congress" for DOE's Idaho National Laboratory (INL) Site, as well as water for fire suppression, diverted within the boundaries of the INL Site. *Id.* at 7-8. The Right is consumptive use not to exceed 35,000 acre-feet per calendar year and a maximum diversion rate not to exceed 80 cubic feet per second. *Id.* at 7. DOE reports to IDWR annually on water use and comprehensive well inventory in accordance with Article 6.2 of the Agreement.

DOE uses only a small fraction of its allocation. Annual total diversion measurements for the last fifteen years (2025 – 2010) have ranged from 6.38% to 7.95% of the allotted 35,000 acre-feet per year. The total volume of water diverted at the INL Site for 2025 was approximately 2,262 acre-feet or approximately 6.46% of the annual water right, and the maximum diversion rate was 4.19 cubic feet per second of the allotted 80 cubic feet per second. Not included in this reporting is the quantity of water recycled in accordance with permitted Idaho Department of

Environmental Quality (IDEQ) wastewater reuse facilities on the INL Site (Reuse Permits I-161-03, I-160-02, and M-130-07).

Approximately 43% of the water used at the INL is returned to the aquifer through these reuse permits. In reporting year 2025, approximately 974 acre-feet of total water diverted was returned to the aquifer. Given this, DOE consumptively used only 1,288 acre-feet of water in 2025 or approximately 3.68% of the annual consumptive water right. This water reuse is not required by the DOE Agreement, making it a significant voluntary mitigation of consumptive water use in all years.

DOE has made significant investments in water sustainability goals to reduce potable water-use intensity and to reduce non-potable freshwater consumption for industrial, landscaping, and agricultural purposes. In 2024, the INL completed a water assessment of the INL facilities. The nuclear reactor at the Advanced Test Reactor Complex (ATR) remains the major water user and was responsible for approximately 48% of the total water diverted at the INL Site. The ATR reactor uses water to flow through the heat exchanger for cooling the storage canal and for the reactor cooling tower evaporation and make-up. A key water mitigation accomplishment in 2024 was infrastructure improvements repairing leaking fixtures and equipment at the ATR Complex that will save substantial water annually. This example further demonstrates DOE's voluntary reduction in water use.

## IV. Existing Legal Agreements with the State of Idaho Require Continued Use of Water at the INL Site.

The state of Idaho and DOE are parties to agreements including the 1995 Idaho Settlement Agreement (ISA)[3] and Supplement Agreements, 1991 Federal Facility Agreement and Consent Order (FFA/CO), the 1992 Non-Consent Order, and the Idaho National Laboratory Site Treatment Plan (STP). These negotiated settlements and regulatory compliance agreements with the State of Idaho guide the management and response obligations (such as treatment, shipment, and cleanup) of wastes at the INL Site. These agreements do not contemplate IDWR curtailment of DOE's water rights. Curtailment of DOE's federal reserved water right would halt operations and excuse DOE performance under these agreements.

## V. Physical Safety and National Security Concerns Mandate Continuity of Water Use and Operations at the INL.

Established in 1949, INL is part of the DOE's complex of national laboratories. INL performs work in each of the strategic goal areas of the department: energy, national security, science, and environment, and is the nation's center for nuclear energy research and development. INL also performs work for the U.S. military, including the Naval Nuclear Propulsion Program. Water diverted on the INL Site is used for potable and non-potable purposes including most notably nuclear reactor cooling. Non-use of the DOE Federal Reserved Water Right at the Idaho National Laboratory Site would cause significant national security risk. Additionally, on January 20, 2025, in Executive Order 14156 the White House declared a National Energy Emergency. On May 23, 2025, the White House issued Executive Order (EO) 14301—Reforming Nuclear Reactor Testing at the Department of Energy. EO 14301 ordered

---

[3] The Naval Nuclear Propulsion Program (NNPP, also known as Naval Reactors) is also a party to the ISA in its Department of the Navy capacity. The May 14, 2026 curtailment order does not contemplate the NNPP's ISA commitments.

bringing advanced nuclear technologies into domestic production as soon as possible, and specifically named the Idaho National Laboratory for their principal responsibility for constructing and testing new reactor designs.

The single largest use of water at the INL is nuclear reactor cooling. Curtailment of the DOE Federal Reserved Water Right at the INL Site would cause significant physical safety and national security concerns. Even if IDWR were to properly join DOE to a suit to establish administration under the McCarran Amendment, application of state laws for administration would still be constrained under the Supremacy Clause by federal statutes governing safety and security procedures for federal facilities.

### *i. The Naval Nuclear Propulsion Program (NNPP)*

The NNPP, a joint DOE and Department of the Navy entity also known as Naval Reactors, powers maritime dominance for the U.S. Navy and the Nation. The NNPP organic statute, at 10 U.S.C. § 6102 and 50 U.S.C. § 2511, codifying Presidential Executive Order 12344, sets forth the total responsibility of the NNPP for all aspects of the Navy's nuclear propulsion, including research, design, construction, testing, operation, maintenance, and ultimate disposition of naval nuclear propulsion plants. The Program's responsibility includes all related facilities, radiological controls, environmental safety, and health matters, as well as selection, training, and assignment of personnel. This work is accomplished by a network of dedicated research laboratories, nuclear-capable shipyards, equipment contractors and suppliers, and training facilities.

The Naval Reactors Facility (NRF), located on the INL Site, plays a vital role in supporting the nation's ability to design, build, and operate the Navy's submarines and aircraft carriers. The

NNPP's primary activities at NRF include examining, processing and preparing the Navy's spent nuclear fuel for disposal in a permanent geologic repository and conducting detailed examination of irradiated fuel, materials and test specimens to support development of new naval reactor technologies. This is the only facility where the NNPP conducts these activities. The data derived from these examinations is also used to support the current fleet of 66 submarines and 11 aircraft carriers, providing crucial data to support maximum operational capabilities.

Curtailment of the DOE Federal Reserved Water Right at the INL Site would cause physical safety and significant national security concern, including:

- Naval Reactors is a major user of the ATR. A shut down of the ATR would prevent Naval Reactors from receiving irradiation testing data, and therefore has the potential to impact operational capabilities in the active fleet and delay deployment of new technologies that are critical to maintaining the U.S. Navy's warfighting advantage.
- Among other recapitalization projects underway at NRF, a new Spent Fuel Handling Facility is being constructed with concrete as a major building material, which requires water to produce. If NRF's water usage is curtailed, construction delays are likely. Delaying construction would delay the operational capability of this facility, which is needed to support U.S. Navy aircraft carrier refueling in the 2030s. It also will delay decommissioning of the current facility which became operational in 1957, prolonging the amount of time the NNPP continues to conduct operations in a spent fuel water pool that does not meet modern design standards.
- NRF maintains a sewage lagoon, and in accordance with Idaho Administrative Code, IDAPA 58.01.16, Department of Environmental Quality Wastewater Rules, water is necessary to meet the state requirement that pond depth does not drop below two (2) feet.

Curtailment would prevent NRF from maintaining the IDEQ-approved water level in the sewage lagoon, reduce or stop its sewage treatment function, and lead to odors that could be detected by site workers under some wind conditions.

- Personnel, with daily domestic water needs, are required on site at NRF to perform labor for spent nuclear fuel management and examination duties, and emergency response. Any disruption to the availability of potable water could delay execution of work that directly supports the naval nuclear fleet and shipyards. Extended loss of potable water for domestic uses for the 1500 people on site could create personnel safety (e.g., heat stress) and sanitation concerns.

**VI. Request for Hearing**

If the Director grants DOE's petition for reconsideration by withdrawing those parts of the Final Order that curtail DOE's lawful water use, then the Director need not grant DOE's request for a hearing. However, if the Director declines to withdraw those parts from the Final Order based upon this petition, then DOE requests a hearing pursuant to Idaho Code § 42-1701A(3). DOE is an aggrieved person under the statute and has not been afforded an opportunity for a hearing on the Director's final order and is entitled to an administrative hearing on the matter pursuant to Idaho law.

**VII. Request for Stay**

DOE requests a stay of enforcement of agency action pursuant to Idaho Code § 67-5274 and rule 780 of IDWR's rules of procedure, until such time as the matter is finally resolved.

**VIII. Conclusion**

For the reasons set forth above, DOE requests that the Director withdraw those parts of the final order that curtail DOE's lawful water use and issue an amended order to that effect. If the

Director withdraws those parts of the Final Order, they need not grant DOE's request for hearing. However, if the Director declines to grant DOE's petition for reconsideration as requested above, DOE respectfully requests a hearing to address the merits of the Director's decisions and the issues raised above.

DATED this 3rd day of June 2026.

TANNER CROWTHER

Digitally signed by TANNER CROWTHER
Date: 2026.06.03 13:14:32 -06'00'

TANNER F. CROWTHER
Chief Counsel
U.S. Department of Energy
Idaho Operations Office

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of June 2026, I caused a true and correct copy of the foregoing Petition for Reconsideration and Request for Hearing to be served upon the following individuals by the designated method:

| | |
|---|---|
| Idaho Department of Water Resources<br>Director Matthew Weaver<br>P.O. Box 83720<br>Boise, ID 83720-0098<br>file@idwr.idaho.gov | [x] By Electronic Mail |
| Travis L. Thompson<br>Abby R. Bitzenburg<br>PARSONS BEHLE & LATIMER<br>PO Box 63<br>Twin Falls, ID 83303-0063<br>tthompson@parsonsbehle.com<br>abitzenburg@parsonsbehle.com | [x] By Electronic Mail |
| Norman M. Semanko<br>Garrett M. Kitamura<br>PARSONS BEHLE & LATIMER<br>800 W. Main Street, Suite 1300<br>Boise, Idaho 83702<br>nsemanko@parsonsbehle.com<br>gkitamura@parsonsbehle.com | [x] By Electronic Mail |
| Thomas J. Budge<br>RACINE OLSON<br>PO Box 1391<br>Pocatello, ID 83204-1391<br>tj@racineolson.com | [x] By Electronic Mail |
| David W. Gehlert<br>Natural Resources Section<br>U.S. DOJ, Environment and Natural Resources Div.<br>999 18th St., South Terrace, Suite 370<br>Denver, CO 80202<br>david.gehlert@usdoj.gov | [x] By Electronic Mail |
| Matt Howard<br>US Bureau of Reclamation<br>1150 N Curtis Road<br>Boise, ID 83706-1234<br>mhoward@usbr.gov | [x] By Electronic Mail |

| | |
|---|---|
| Sarah A Klahn<br>Maximilian C. Bricker<br>Somach Simmons & Dunn<br>1155 Canyon Blvd, Ste. 110<br>Boulder, CO 80302<br>sklahn@somachlaw.com<br>mbricker@somachlaw.com | [x] By Electronic Mail |
| Rich Diehl<br>City of Pocatello<br>PO Box 4169<br>Pocatello, ID 83205<br>rdiehl@pocatello.us | [x] By Electronic Mail |
| Candice McHugh<br>Chris Bromley<br>MCHUGH BROMLEY, PLLC<br>PO Box 107<br>Boise, ID 83701<br>cmchugh@mchughbromley.com<br>cbromley@mchughbromley.com | [x] By Electronic Mail |
| Robert E. Williams<br>WILLIAMS, MESERVY, & LOTHSPEICH, LLP<br>PO Box 168<br>Jerome, ID 83338<br>rewilliams@wmlattys.com | [x] By Electronic Mail |
| Robert L. Harris<br>HOLDEN, KIDWELL, HAHN & CRAPO, PLLC<br>PO Box 50130<br>Idaho Falls, ID 83405<br>rharris@holdenlegal.com | [x] By Electronic Mail |
| Zachary H. Jones<br>City Attorney, City of Idaho Falls<br>PO Box 50220<br>Idaho Falls, ID 83405<br>zjones@idahofalls.gov | [x] By Electronic Mail |
| Skyler C. Johns<br>Nathan M. Olsen<br>Steven L. Taggart<br>OLSEN TAGGART PLLC<br>PO Box 3005<br>Idaho Falls, ID 83403<br>sjohns@olsentaggart.com<br>nolsen@olsentaggart.com<br>staggart@olsentaggart.com | [x] By Electronic Mail |
| Dylan Anderson<br>DYLAN ANDERSON LAW PLLC<br>PO Box 35<br>Rexburg, Idaho 83440<br>dylan@dylanandersonlaw.com | |

Anna M. Christensen

Digitally signed by Anna M. Christensen
Date: 2026.06.03 13:19:15 -06'00'

Anna M. Christensen
Paralegal Specialist
Department of Energy Idaho Operations

# EXHIBIT I

Declaration of Counsel in Support of the State of Idaho's Motion for Declaratory Judgment re Administration of Water Right 34-10901

**From:** Crowther, Tanner F
**To:** Baxter, Garrick
**Cc:** Joy Vega
**Subject:** DOE Water Right at the INL Update
**Date:** Tuesday, July 14, 2026 3:39:40 PM
**Attachments:** image001.png

**CAUTION: This email originated outside the State of Idaho network. Verify links and attachments BEFORE you click or open, even if you recognize and/or trust the sender. Contact your agency service desk with any concerns.**

Garrick,

The Department of Energy (DOE) has voluntarily elected to join the Big Lost River Ground Water District (BLRGWD) for purposes of mitigation only for the 2026 water year. This step was taken after discussion with Attorney General Labrador and Joy Vega on June 16, 2026. DOE has elected to voluntarily join the BLRGWD solely to preserve DOE's ability to fully exercise and enjoy its water right at the Idaho National Laboratory (INL) without any claim of curtailment or interruption.

In taking this action DOE expressly preserves all legal positions and defenses related to federal reserved water rights, sovereign immunity, federal preemption, and the limits of state administrative authority. No estoppel shall arise from DOE's voluntary participation in the BLRGWD for mitigation purposes.

Further, DOE has not withdrawn its petition for reconsideration and maintains its full ability to pursue any and all claims concerning the Idaho Department of Water Resources' authority to administer DOE's water right in any forum. This course of action was discussed with AG Labrador and Ms. Vega on June 16, 2026 including DOE's intent to retain all legal rights and ability to challenge IDWR curtailment authority in any forum.

Respectfully,

U.S. DEPARTMENT of ENERGY

Follow us on social media

**Tanner Crowther**
*Chief Counsel*

Office of the Chief Counsel
Idaho Operations Office
**MOBILE** 208.360.3478

Notice: This e-mail, including any attachments, may contain information that is legally

privileged, confidential, for official use only, or otherwise controlled, and is for the sole use of the intended recipient. Any unauthorized review, use, disclosure or distribution is prohibited. Do not distribute, forward, or release without the prior approval of the sender. If you are not the intended recipient, please notify the sender of the delivery error by replying to this message, and then delete it from your system.

# EXHIBIT J

**Declaration of Counsel in Support of the State of Idaho's Motion for Declaratory Judgment re Administration of Water Right 34-10901**

**BEFORE THE DEPARTMENT OF WATER RESOURCES**

**OF THE STATE OF IDAHO**

| IN THE MATTER OF DISTRIBUTION OF WATER TO VARIOUS WATER RIGHTS HELD BY OR FOR THE BENEFIT OF A&B IRRIGATION DISTRICT, AMERICAN FALLS RESERVOIR DISTRICT #2, BURLEY IRRIGATION DISTRICT, MILNER IRRIGATION DISTRICT, MINIDOKA IRRIGATION DISTRICT, NORTH SIDE CANAL COMPANY, AND TWIN FALLS CANAL COMPANY | Docket No. CM-DC-2010-001<br><br>**ORDER RESCINDING 2026 CURTAILMENT OF DOE WATER RIGHT NO. 34-10901; ORDER DENYING REQUEST FOR HEARING** |
|---|---|

The Director of the Idaho Department of Water Resources ("Department") finds, concludes, and orders as follows:

**FINDINGS OF FACT**

1. On May 14, 2026, the Director issued a *Final Order Curtailing Ground Water Rights Junior to October 11, 1900* ("*May Curtailment Order*") in the SWC delivery call proceeding, Docket No. CM-DC-2010-001. The *May Curtailment Order* required holders of ground water rights within the Eastern Snake Plain Aquifer area of common ground water supply ("ESPA ACGWS") bearing priority dates junior to October 11, 1900, and listed in Attachment A, to "curtail/refrain from diversion and use of ground water pursuant to those water rights unless notified by the Department that the order of curtailment has been modified or rescinded as to their water rights." *May Curtailment Order*, at 3.

2. Attachment A to the *May Curtailment Order* included Water Right No. 34-10901, held in the name of the United States of America, Department of Energy ("DOE"), with a priority date of April 7, 1950. *Id.* Attach. A, at 20.

3. On May 28, 2026, the DOE filed *U.S. Department of Energy Petition for Reconsideration and Request for Hearing* in response to the *May Curtailment Order*.

4. On June 3, 2026, the DOE filed *U.S. Department of Energy Motion to File Amended Petition for Reconsideration* along with *U.S. Department of Energy Amended Petition for Reconsideration and Request for Hearing*.

5. On July 14, 2026, the DOE notified the Department by email that it had joined the Big Lost River Ground Water District ("BLRGWD") for purposes of mitigation for the 2026 water year. Email from Tanner Crowther, Chief Counsel, Department of Energy, to Garrick Baxter, Lead Deputy Attorney General, Idaho Department of Water Resources (July 14, 2026, at 3:39 PM MDT) [hereinafter DOE Email] (on file with recipient). The Department independently confirmed that DOE joined the BLRGWD.

## CONCLUSIONS OF LAW

1. "[W]hen it is found that junior-priority ground water pumping is causing a senior right holder material injury, the Director must either: (1) curtail junior-priority ground water pumping to satisfy the senior's right, or (2) '[a]llow out-of-priority diversion of water by junior-priority ground water users pursuant to a mitigation plan that has been approved by the Director.'" *Rangen, Inc. v. Idaho Dep't of Water Res.*, 160 Idaho 251, 256, 371 P.3d 305, 310 (2016) (quoting IDAPA 37.03.11.040.01), *abrogated in part on other grounds by 3G AG LLC v. Idaho Dep't of Water Res.*, 170 Idaho 251, 509 P.3d 1180 (2022).

2. BLRGWD is one of the ground water districts that has joined and participates in the *2024 Stipulated Mitigation Plan*, which is an approved mitigation plan for the SWC delivery call proceeding. *See Order Approving First Addendum and Granting Related Relief*, No. CM-MP-2024-003 (May 7, 2026). The DOE has joined BLRGWD for the 2026 water year "to preserve DOE's ability to fully exercise and enjoy its water right at the Idaho National Laboratory (INL) without any claim of curtailment or interruption." DOE Email. Because the DOE has joined a ground water district that is protected by an approved mitigation plan, DOE Water Right No. 34-10901 is no longer subject to curtailment during the 2026 water year.

3. The DOE's request for reconsideration of the *May Curtailment Order* has been denied by operation of law pursuant to Idaho Code § 67-5246(4). The Director will take no further action on the DOE's request for reconsideration.

4. The DOE's request for a hearing on the *May Curtailment Order* should also be denied. The DOE's enrollment in the BLRGWD for purposes of mitigation during the 2026 water year "preserve[s] DOE's ability to fully exercise and enjoy" Water Right No. 34-10901 during the 2026 water year "without any claim of curtailment or interruption." DOE Email. Because DOE Water Right No. 34-10901 is no longer subject to curtailment during the 2026 water year, the DOE is not a "person aggrieved" by the *May Curtailment Order*. I.C. § 42-1701A(3). The DOE, therefore, is not entitled to a hearing on the *May Curtailment Order*. *Id.*

5. Moreover, in its filings, the DOE asserts that the Director lacks authority to administer Water Right No. 34-10901. The question of whether, and to what extent, the Director has the authority to administer Water Right No. 34-10901 was identified and specifically reserved by the Snake River Basin Adjudication ("SRBA") District Court. In 1990, the State of Idaho and the DOE entered into a settlement titled *Water Rights Agreement* ("*Agreement*"), which quantified all existing water rights and claims to water rights of the DOE at the Idaho National Laboratory.[1] The *Agreement* states that "[t]he parties are unable to agree upon whether the issue of administration is ripe or otherwise appropriate for decision in the SRBA, and if so, whether and to what extent the Director has authority to administer federal water rights." *Agreement*, at 8.[2] Accordingly, each party "reserve[d] the right to litigate the issue of administration, if and when the need arises." *Id.* In 2003, the SRBA Court entered a partial

---

[1] The *Agreement* is available at: http://www.srba.idaho.gov/Images/federal/Energy.pdf

[2] The page reference corresponds to the page number shown in the agreement itself, not the PDF page number.

decree defining the elements of Water Right No. 34-10901 consistent with the *Agreement*.[3] The "Other Provisions" section of the partial decree recognizes that Water Right No. 34-10901 "incorporates and is subject to the terms of the [*Agreement*]." *Id.* The partial decree was ultimately incorporated into the SRBA *Final Unified Decree* that the SRBA District Court issued in 2014. *Final Unified Decree* ¶ 2, at 10.[4] Because the SRBA District Court reserved the administration issue for future determination, the issues raised by the DOE are more appropriately raised before the SRBA District Court.

**ORDER**

Based upon and consistent with the foregoing, IT IS HEREBY ORDERED that the May 14, 2026 *Final Order Curtailing Ground Water Rights Junior to October 11, 1900* is RESCINDED IN PART to the extent that it orders curtailment of the U.S. Department of Energy's Water Right No. 34-10901. The order otherwise remains in effect.

IT IS FURTHER ORDERED that the U.S. Department of Energy's request for hearing on the May 14, 2026 *Final Order Curtailing Ground Water Rights Junior to October 11, 1900* is DENIED.

Dated this 24th day of July 2026.

MATHEW WEAVER
Director

[3] The partial decree is available at: http://www.srba.idaho.gov/Images/2011-09/3410901xx00016.TIF

[4] The *Final Unified Decree* can be found at http://www.srba.idaho.gov/Images/2014-08/0039576XX09020.pdf

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of July 2026, the above and foregoing was served by the method indicated below and addressed to the following:

| | |
|---|---|
| Tanner F. Crowther<br>Chief Counsel, Office of Chief Counsel<br>US Dept. of Energy – Idaho Operations Office<br>1955 Fremont Ave.<br>Idaho Falls, ID 83402<br>Mailstop 1209<br>crowthtf@id.doe.gov | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| John K. Simpson<br>IdaH20, PLLC<br>PO Box 152<br>Boise, ID 83701-0152<br>jks@idahowaters.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Travis L. Thompson<br>Abby R. Bitzenburg<br>PARSONS BEHLE & LATIMER<br>PO Box 63<br>Twin Falls, ID 83303-0063<br>tthompson@parsonsbehle.com<br>abitzenburg@parsonsbehle.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Norman M. Semanko<br>Garrett M. Kitamura<br>PARSONS BEHLE & LATIMER<br>800 W. Main Street, Suite 1300<br>Boise, Idaho 83702<br>nsemanko@parsonsbehle.com<br>gkitamura@parsonsbehle.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Thomas J. Budge<br>RACINE OLSON<br>PO Box 1391<br>Pocatello, ID 83204-1391<br>tj@racineolson.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| David W. Gehlert<br>Natural Resources Section<br>U.S. DOJ, Environment and Natural Resources Div.<br>999 18th St., South Terrace, Suite 370<br>Denver, CO 80202<br>david.gehlert@usdoj.gov | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Matt Howard<br>US Bureau of Reclamation<br>1150 N Curtis Road<br>Boise, ID 83706-1234<br>mhoward@usbr.gov | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Sarah A Klahn<br>Maximilian C. Bricker<br>Somach Simmons & Dunn<br>1155 Canyon Blvd, Ste. 110<br>Boulder, CO 80302<br>sklahn@somachlaw.com<br>mbricker@somachlaw.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |

| | |
|---|---|
| Rich Diehl<br>City of Pocatello<br>PO Box 4169<br>Pocatello, ID 83205<br>rdiehl@pocatello.us | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Candice McHugh<br>Chris Bromley<br>MCHUGH BROMLEY, PLLC<br>PO Box 107<br>Boise, ID 83701<br>cmchugh@mchughbromley.com<br>cbromley@mchughbromley.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Robert E. Williams<br>WILLIAMS, MESERVY, & LOTHSPEICH, LLP<br>PO Box 168<br>Jerome, ID 83338<br>rewilliams@wmlattys.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Robert L. Harris<br>HOLDEN, KIDWELL, HAHN & CRAPO, PLLC<br>PO Box 50130<br>Idaho Falls, ID 83405<br>rharris@holdenlegal.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Zachary H. Jones<br>City Attorney, City of Idaho Falls<br>PO Box 50220<br>Idaho Falls, ID 83405<br>zjones@idahofalls.gov | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Skyler C. Johns<br>Nathan M. Olsen<br>Steven L. Taggart<br>OLSEN TAGGART PLLC<br>PO Box 3005<br>Idaho Falls, ID 83403<br>sjohns@olsentaggart.com<br>nolsen@olsentaggart.com<br>staggart@olsentaggart.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Dylan Anderson<br>DYLAN ANDERSON LAW PLLC<br>PO Box 35<br>Rexburg, Idaho 83440<br>dylan@dylanandersonlaw.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |

***COURTESY COPIES VIA EMAIL TO:***

Craig Chandler
IDWR—Eastern Region
craig.chandler@idwr.idaho.gov

Corey Skinner
IDWR—Southern Region
corey.skinner@idwr.idaho.gov

William A. Parsons
PARSONS, LOVELAND, SHIRLEY & MILLER, LLP
wparsons@pmt.org
wparsons@magicvalley.law

Jerry R. Rigby
Michelle Mortimer
RIGBY, ANDRUS & RIGBY LAW, PLLC
jrigby@rex-law.com
mmortimer@rex-law.com

Andrew J. Waldera
SAWTOOTH LAW OFFICES, PLLC
andy@sawtoothlaw.com

Sarah Tschohl, Paralegal

# EXPLANATORY INFORMATION TO ACCOMPANY A FINAL ORDER

(To be used in connection with actions when a hearing was **not** held)

The accompanying document is a "**Final Order**" issued by the Idaho Department of Water Resources ("Department") pursuant to Idaho Code § 67-5246. The following statements describe the procedures and time limits for seeking reconsideration or other administrative relief as required by Idaho Code § 67-5248.

## PETITION FOR RECONSIDERATION

(*See* Idaho Code § 67-5246(4))

Any party may file a petition for reconsideration of this final order within fourteen (14) days of the service date of this order as shown on the certificate of service. **Note: the petition must be received by the Department within this fourteen (14) day period.** The presiding officer will act on a petition for reconsideration within twenty-one (21) days of its receipt, or the petition will be considered denied by operation of law.

## REQUEST FOR HEARING

(*See* Idaho Code § 42-1701A(3))

Unless the right to a hearing before the Director or the Water Resource Board is otherwise provided by statute, any person aggrieved by any final decision, determination, order, or action of the Director of the Department and who has not previously been afforded an opportunity for a hearing on the matter shall be entitled to a hearing before the Director to contest the action. The person shall file with the Director, within fifteen (15) days after receipt of written notice of the action issued by the Director, or receipt of actual notice, a written petition stating the grounds for contesting the action by the Director and requesting a hearing. **Note: The request must be received by the Department within this fifteen (15) day period.**

## CERTIFICATE OF SERVICE

(*See* IDAPA 37.01.01.053, 37.01.01.202)

All documents filed with the Department in connection with a petition for reconsideration or a request for hearing of this final order shall be served on all other parties to the proceeding in accordance with Rules 53 and 202 of the Department's Rules of Procedure.

# EXHIBIT K

**Declaration of Counsel in Support of the State of Idaho's Motion for Declaratory Judgment re Administration of Water Right 34-10901**

DISTRICT COURT
TWIN FALLS

'87 OCT 15 AM 9 03

BY__________
DEPUTY CLERK

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | |
|---|---|
| In Re the General Adjudication of Rights to the Use of Water from the Snake River Basin Water System | Case No. 39576 |
| The State of Idaho, *ex rel.* R. Keith Higginson in his official capacity as director of the Idaho Department of Water Resources,<br><br>Petitioner,<br><br>vs.<br><br>The United States; the State of Idaho; and all claimants to the use of water from the Snake River Basin Water System,<br><br>Defendants. | MEMORANDUM OPINION ON COMMENCEMENT OF ADJUDICATION |

I.C. Sec. 42-1406A (Supp. 1987)[1] requires the director of the Idaho Department of Water Resources (the

---

[1] I.C. Sec. 42-1406A (Supp. 1987) reads as follows:

Snake River basin adjudication -- Commencement.-- (1) Effective management in the public interest of the

(Footnote Continued)

refused to consent pursuant to the McCarran amendment, this court so finds nonetheless. As stated earlier, the McCarran amendment, cases interpreting it and the legislative history to it require that an adjudication be a general adjudication of all rights inter se of a river system or other source in order to obtain jurisdiction over the United States. The United States cannot lawfully be required to consent to the jurisdiction of this court unless every effort is made to include each and every party claiming a water right to the Snake River basin. The purpose of the McCarran amendment was to obtain jurisdiction over the federal government in order that states may manage their respective waters in an efficient and practical manner. Excluding the Boise, Payette, Weiser and Lemhi tributary sub-basins from the Snake River basin adjudication can only result in duplication and confusion. This court finds that inclusion of these sub-basins is necessary in order to obtain lawful jurisdiction over the United States. While this finding is not necessary to a determination of the issue presently before this court, it is nonetheless important.

II. CLASSES OF WATER USERS WITHIN THE SYSTEM AND THE BOUNDARIES OF ANY HYDROLOGIC SUB-BASINS WITHIN THE SYSTEM FOR WHICH PROCEEDINGS MAY ADVANCE SEPARATELY.

The commencement order must define the classes of water users within the system and the boundaries of any hydrologic sub-basins within the system for which