**BEFORE THE DEPARTMENT OF WATER RESOURCES**

**OF THE STATE OF IDAHO**

| IN THE MATTER OF DISTRIBUTION OF WATER TO VARIOUS WATER RIGHTS HELD BY OR FOR THE BENEFIT OF A&B IRRIGATION DISTRICT, AMERICAN FALLS RESERVOIR DISTRICT #2, BURLEY IRRIGATION DISTRICT, MILNER IRRIGATION DISTRICT, MINIDOKA IRRIGATION DISTRICT, NORTH SIDE CANAL COMPANY, AND TWIN FALLS CANAL COMPANY | Docket No. CM-DC-2010-001<br><br>**ORDER RESCINDING 2026 CURTAILMENT OF DOE WATER RIGHT NO. 34-10901; ORDER DENYING REQUEST FOR HEARING** |
|---|---|

The Director of the Idaho Department of Water Resources ("Department") finds, concludes, and orders as follows:

**FINDINGS OF FACT**

1. On May 14, 2026, the Director issued a *Final Order Curtailing Ground Water Rights Junior to October 11, 1900* ("*May Curtailment Order*") in the SWC delivery call proceeding, Docket No. CM-DC-2010-001. The *May Curtailment Order* required holders of ground water rights within the Eastern Snake Plain Aquifer area of common ground water supply ("ESPA ACGWS") bearing priority dates junior to October 11, 1900, and listed in Attachment A, to "curtail/refrain from diversion and use of ground water pursuant to those water rights unless notified by the Department that the order of curtailment has been modified or rescinded as to their water rights." *May Curtailment Order*, at 3.

2. Attachment A to the *May Curtailment Order* included Water Right No. 34-10901, held in the name of the United States of America, Department of Energy ("DOE"), with a priority date of April 7, 1950. *Id*. Attach. A, at 20.

3. On May 28, 2026, the DOE filed *U.S. Department of Energy Petition for Reconsideration and Request for Hearing* in response to the *May Curtailment Order*.

4. On June 3, 2026, the DOE filed *U.S. Department of Energy Motion to File Amended Petition for Reconsideration* along with *U.S. Department of Energy Amended Petition for Reconsideration and Request for Hearing*.

5. On July 14, 2026, the DOE notified the Department by email that it had joined the Big Lost River Ground Water District ("BLRGWD") for purposes of mitigation for the 2026 water year. Email from Tanner Crowther, Chief Counsel, Department of Energy, to Garrick Baxter, Lead Deputy Attorney General, Idaho Department of Water Resources (July 14, 2026, at 3:39 PM MDT) [hereinafter DOE Email] (on file with recipient). The Department independently confirmed that DOE joined the BLRGWD.

## CONCLUSIONS OF LAW

1. "[W]hen it is found that junior-priority ground water pumping is causing a senior right holder material injury, the Director must either: (1) curtail junior-priority ground water pumping to satisfy the senior's right, or (2) '[a]llow out-of-priority diversion of water by junior-priority ground water users pursuant to a mitigation plan that has been approved by the Director.'" *Rangen, Inc. v. Idaho Dep't of Water Res.*, 160 Idaho 251, 256, 371 P.3d 305, 310 (2016) (quoting IDAPA 37.03.11.040.01), *abrogated in part on other grounds by 3G AG LLC v. Idaho Dep't of Water Res.*, 170 Idaho 251, 509 P.3d 1180 (2022).

2. BLRGWD is one of the ground water districts that has joined and participates in the *2024 Stipulated Mitigation Plan*, which is an approved mitigation plan for the SWC delivery call proceeding. *See Order Approving First Addendum and Granting Related Relief*, No. CM-MP-2024-003 (May 7, 2026). The DOE has joined BLRGWD for the 2026 water year "to preserve DOE's ability to fully exercise and enjoy its water right at the Idaho National Laboratory (INL) without any claim of curtailment or interruption." DOE Email. Because the DOE has joined a ground water district that is protected by an approved mitigation plan, DOE Water Right No. 34-10901 is no longer subject to curtailment during the 2026 water year.

3. The DOE's request for reconsideration of the *May Curtailment Order* has been denied by operation of law pursuant to Idaho Code § 67-5246(4). The Director will take no further action on the DOE's request for reconsideration.

4. The DOE's request for a hearing on the *May Curtailment Order* should also be denied. The DOE's enrollment in the BLRGWD for purposes of mitigation during the 2026 water year "preserve[s] DOE's ability to fully exercise and enjoy" Water Right No. 34-10901 during the 2026 water year "without any claim of curtailment or interruption." DOE Email. Because DOE Water Right No. 34-10901 is no longer subject to curtailment during the 2026 water year, the DOE is not a "person aggrieved" by the *May Curtailment Order*. I.C. § 42-1701A(3). The DOE, therefore, is not entitled to a hearing on the *May Curtailment Order*. *Id.*

5. Moreover, in its filings, the DOE asserts that the Director lacks authority to administer Water Right No. 34-10901. The question of whether, and to what extent, the Director has the authority to administer Water Right No. 34-10901 was identified and specifically reserved by the Snake River Basin Adjudication ("SRBA") District Court. In 1990, the State of Idaho and the DOE entered into a settlement titled *Water Rights Agreement* ("*Agreement*"), which quantified all existing water rights and claims to water rights of the DOE at the Idaho National Laboratory.[1] The *Agreement* states that "[t]he parties are unable to agree upon whether the issue of administration is ripe or otherwise appropriate for decision in the SRBA, and if so, whether and to what extent the Director has authority to administer federal water rights." *Agreement*, at 8.[2] Accordingly, each party "reserve[d] the right to litigate the issue of administration, if and when the need arises." *Id*. In 2003, the SRBA Court entered a partial

[1] The *Agreement* is available at: http://www.srba.idaho.gov/Images/federal/Energy.pdf

[2] The page reference corresponds to the page number shown in the agreement itself, not the PDF page number.

decree defining the elements of Water Right No. 34-10901 consistent with the *Agreement*.[3] The "Other Provisions" section of the partial decree recognizes that Water Right No. 34-10901 "incorporates and is subject to the terms of the [*Agreement*]." *Id*. The partial decree was ultimately incorporated into the SRBA *Final Unified Decree* that the SRBA District Court issued in 2014. *Final Unified Decree* ¶ 2, at 10.[4] Because the SRBA District Court reserved the administration issue for future determination, the issues raised by the DOE are more appropriately raised before the SRBA District Court.

**ORDER**

Based upon and consistent with the foregoing, IT IS HEREBY ORDERED that the May 14, 2026 *Final Order Curtailing Ground Water Rights Junior to October 11, 1900* is RESCINDED IN PART to the extent that it orders curtailment of the U.S. Department of Energy's Water Right No. 34-10901. The order otherwise remains in effect.

IT IS FURTHER ORDERED that the U.S. Department of Energy's request for hearing on the May 14, 2026 *Final Order Curtailing Ground Water Rights Junior to October 11, 1900* is DENIED.

Dated this 24th day of July 2026.

MATHEW WEAVER
Director

[3] The partial decree is available at: http://www.srba.idaho.gov/Images/2011-09/3410901xx00016.TIF

[4] The *Final Unified Decree* can be found at http://www.srba.idaho.gov/Images/2014-08/0039576XX09020.pdf

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of July 2026, the above and foregoing was served by the method indicated below and addressed to the following:

| | |
|---|---|
| Tanner F. Crowther<br>Chief Counsel, Office of Chief Counsel<br>US Dept. of Energy – Idaho Operations Office<br>1955 Fremont Ave.<br>Idaho Falls, ID 83402<br>Mailstop 1209<br>crowthtf@id.doe.gov | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| John K. Simpson<br>IdaH20, PLLC<br>PO Box 152<br>Boise, ID 83701-0152<br>jks@idahowaters.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Travis L. Thompson<br>Abby R. Bitzenburg<br>PARSONS BEHLE & LATIMER<br>PO Box 63<br>Twin Falls, ID 83303-0063<br>tthompson@parsonsbehle.com<br>abitzenburg@parsonsbehle.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Norman M. Semanko<br>Garrett M. Kitamura<br>PARSONS BEHLE & LATIMER<br>800 W. Main Street, Suite 1300<br>Boise, Idaho 83702<br>nsemanko@parsonsbehle.com<br>gkitamura@parsonsbehle.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Thomas J. Budge<br>RACINE OLSON<br>PO Box 1391<br>Pocatello, ID 83204-1391<br>tj@racineolson.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| David W. Gehlert<br>Natural Resources Section<br>U.S. DOJ, Environment and Natural Resources Div.<br>999 18th St., South Terrace, Suite 370<br>Denver, CO 80202<br>david.gehlert@usdoj.gov | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Matt Howard<br>US Bureau of Reclamation<br>1150 N Curtis Road<br>Boise, ID 83706-1234<br>mhoward@usbr.gov | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Sarah A Klahn<br>Maximilian C. Bricker<br>Somach Simmons & Dunn<br>1155 Canyon Blvd, Ste. 110<br>Boulder, CO 80302<br>sklahn@somachlaw.com<br>mbricker@somachlaw.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |

| | |
|---|---|
| Rich Diehl<br>City of Pocatello<br>PO Box 4169<br>Pocatello, ID 83205<br>rdiehl@pocatello.us | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Candice McHugh<br>Chris Bromley<br>MCHUGH BROMLEY, PLLC<br>PO Box 107<br>Boise, ID 83701<br>cmchugh@mchughbromley.com<br>cbromley@mchughbromley.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Robert E. Williams<br>WILLIAMS, MESERVY, & LOTHSPEICH, LLP<br>PO Box 168<br>Jerome, ID 83338<br>rewilliams@wmlattys.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Robert L. Harris<br>HOLDEN, KIDWELL, HAHN & CRAPO, PLLC<br>PO Box 50130<br>Idaho Falls, ID 83405<br>rharris@holdenlegal.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Zachary H. Jones<br>City Attorney, City of Idaho Falls<br>PO Box 50220<br>Idaho Falls, ID 83405<br>zjones@idahofalls.gov | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Skyler C. Johns<br>Nathan M. Olsen<br>Steven L. Taggart<br>OLSEN TAGGART PLLC<br>PO Box 3005<br>Idaho Falls, ID 83403<br>sjohns@olsentaggart.com<br>nolsen@olsentaggart.com<br>staggart@olsentaggart.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |
| Dylan Anderson<br>DYLAN ANDERSON LAW PLLC<br>PO Box 35<br>Rexburg, Idaho 83440<br>dylan@dylanandersonlaw.com | ☒ U.S. Mail, postage prepaid<br>☒ Email |

***COURTESY COPIES VIA EMAIL TO:***

Craig Chandler
IDWR—Eastern Region
craig.chandler@idwr.idaho.gov

Corey Skinner
IDWR—Southern Region
corey.skinner@idwr.idaho.gov

William A. Parsons
PARSONS, LOVELAND, SHIRLEY & MILLER, LLP
wparsons@pmt.org
wparsons@magicvalley.law

Jerry R. Rigby
Michelle Mortimer
RIGBY, ANDRUS & RIGBY LAW, PLLC
jrigby@rex-law.com
mmortimer@rex-law.com

Andrew J. Waldera
SAWTOOTH LAW OFFICES, PLLC
andy@sawtoothlaw.com

Sarah Tschohl, Paralegal

# EXPLANATORY INFORMATION TO ACCOMPANY A FINAL ORDER

(To be used in connection with actions when a hearing was **not** held)

The accompanying document is a "**Final Order**" issued by the Idaho Department of Water Resources ("Department") pursuant to Idaho Code § 67-5246. The following statements describe the procedures and time limits for seeking reconsideration or other administrative relief as required by Idaho Code § 67-5248.

## PETITION FOR RECONSIDERATION

(*See* Idaho Code § 67-5246(4))

Any party may file a petition for reconsideration of this final order within fourteen (14) days of the service date of this order as shown on the certificate of service. **Note: the petition must be received by the Department within this fourteen (14) day period.** The presiding officer will act on a petition for reconsideration within twenty-one (21) days of its receipt, or the petition will be considered denied by operation of law.

## REQUEST FOR HEARING

(*See* Idaho Code § 42-1701A(3))

Unless the right to a hearing before the Director or the Water Resource Board is otherwise provided by statute, any person aggrieved by any final decision, determination, order, or action of the Director of the Department and who has not previously been afforded an opportunity for a hearing on the matter shall be entitled to a hearing before the Director to contest the action. The person shall file with the Director, within fifteen (15) days after receipt of written notice of the action issued by the Director, or receipt of actual notice, a written petition stating the grounds for contesting the action by the Director and requesting a hearing. **Note: The request must be received by the Department within this fifteen (15) day period.**

## CERTIFICATE OF SERVICE

(*See* IDAPA 37.01.01.053, 37.01.01.202)

All documents filed with the Department in connection with a petition for reconsideration or a request for hearing of this final order shall be served on all other parties to the proceeding in accordance with Rules 53 and 202 of the Department's Rules of Procedure.