RAÚL R. LABRADOR
ATTORNEY GENERAL

JOY M. VEGA, ISB No. 7887
Deputy Attorney General
Chief, Energy and Natural Resources Division

MICHAEL C. ORR, ISB No. 6720
Deputy Attorney General
Energy and Natural Resources Division
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8072
Email: joy.vega@ag.idaho.gov
michael.orr@ag.idaho.gov

*Attorneys for the State of Idaho*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

STATE OF IDAHO,
Plaintiff,

vs.

UNITED STATES OF AMERICA,
Defendant.

**Case No. 1:26-cv-00546-DCN**

**REPLY IN SUPPORT OF STATE OF IDAHO'S MOTION FOR DECLARATORY JUDGMENT [DKT. 1-1 AT 7]**[1]

[1] This Motion was removed from the Snake River Basin Adjudication ("SRBA"). Dkt. 1. The State of Idaho has moved to have this case remanded to the Twin Falls District Court for resolution in the SRBA. Dkts. 7-10. Citations to "Dkt." pages are the ECF page numbers.

The United States has a single objective in this case: to avoid answering for its "out of priority" groundwater pumping, which takes water from senior water right holders—Idaho communities, farmers, and ranchers. Dkt. 8 at 7; Dkt. 10 at 3, 4, 6, 8. The United States attempts to justify its unauthorized diversions with sovereign and intergovernmental immunity arguments that assault the language and purpose of the McCarran Amendment, by misrepresenting the Twin Falls District Court as a court of limited jurisdiction, and by claiming the State's *SRBA Motion* lies outside the scope of the SRBA. None of these arguments have merit.[2]

## I. The McCarran Amendment Subjects the United States' Decreed Water Rights to Administration Under Idaho Water Law.

The United States asserts that sovereign and intergovernmental immunity bar IDWR from administering the DOE Water Right according to its decreed priority. Dkt. 6 at 2, 8, 18-19. Neither doctrine applies here. The McCarran Amendment waived any argument that the U.S. is not subject to administration under Idaho law "by reason of its sovereignty," and made the United States "subject to the judgments, orders, and decrees" of the Twin Falls District Court "in the same manner and to the same extent as a private individual under like circumstances." 43 U.S.C. § 666(a). As such, the United States is subject to all provisions of the *Final Unified Decree*.

The *Final Unified Decree*, in turn, states that "[t]he decreed water rights shall be administered…in accordance with [this decree] and applicable federal, *state* and

[2] IDWR has *not* curtailed the DOE Water Right, Dkt. 10 at 10, and the State does not seek to "impede" INL operations. Dkt. 6 at 19. But DOE needs to mitigate for its "out of priority" pumping to avoid injury to senior water right holders. Dkt. 8 at 19.

tribal law[.]" Dkt. 1-5 at 13 (italics added). The applicable Idaho law includes I.C. § 42-1413(2), which states that "[u]pon entry of a final decree, the director shall administer the water rights by distributing water in accordance with the final decree and with title 42, Idaho Code." This answers the allegedly unanswered question of why the Director has authority to administer the DOE Water Right. Dkt. 6 at 19.[3]

The Supreme Court has recognized "the consistent thread of purposeful and continued deference to state water law by Congress." *California v. U.S.*, 438 U.S. 645, 653 (1978); *see U.S. v. New Mexico*, 438 U.S. 696, 701 (1978) (stating Congress "has almost invariably deferred to the state [water] law."); Dkt. 8 at 25 ("Congress, since the passage of the [1877] Desert Lands Act, *has repeatedly recognized the supremacy of State law* in respect to the acquisition of water") (italics added). The McCarran Amendment was intended to make the U.S. fully "amenable" to state water law, *California*, 438 U.S at 678, including state law procedures for administering decreed water rights. *See U.S v. Idaho*, 508 U.S. 1, 8 (1993) ("the McCarran Amendment submits the United States generally to state adjective law, as well as to state substantive law of water rights"); *accord Fed. Youth Ctr. v. Dist. Ct. In & For Jefferson Cnty.*, 575 P.2d 395, 400 (Colo. 1978).

The United States argues that a letter from Senator McCarran to Senator Magnuson means the McCarran Amendment's *only* purpose is to allow the U.S. to be

[3] The 1990 Agreement may have reserved DOE's right to *argue* the DOE Water Right is not subject to administration by IDWR but merely reserving that *argument* does not change the fact that, as a matter of law, the DOE Water Right is subject to administration under Idaho law "in the same manner and to the same extent as a private individual." 43 U.S.C. § 666.

joined in a lawsuit. Dkt. 6 at 15. But the letter only addressed Senator Magnuson's specific question of "whether S. 18 could be used for the purpose of delaying or blocking a multi-purpose development." Dkt. 8 at 27. It did not address the need for the United States to be fully "amenable" to state water law, which had been explained in the Senate Report to which the letter was appended. Dkt. 8 at 23-27.[4]

The *Final Unified Decree* "presupposes state law in its entirety as to both substance and procedure." *U.S. v. U.S. Bd. of Water Comm'rs*, 893 F.3d 578, 595 (9th Cir. 2018). The United States' sovereign and intergovernmental immunity arguments fail as they are contrary to the McCarran Amendment and the *Final Unified Decree*.

## II. The McCarran Amendment Subjects the United States to the Water Law of *Each* Western State.

The United States concedes it "is generally true" that the United States' decreed water rights are administered under state water law, Dkt. 6 at 20 & n.10, but argues *Idaho* water law "is not" constitutional. Dkt. 8 at 21. The United States provides no support for this contention beyond asserting that "Nevada law … materially differs from Idaho on this issue." Dkt. 6 at 20.

Differences between Nevada and Idaho water laws are irrelevant. Congress was fully aware that "laws among states differ," Dkt. 6 at 20, and intended the United States to be subject the "law of appropriation…as provided in *each* such State." Dkt. 8 at 25 (italics). "[T]here is no federal water law," *U.S. Bd. of Water Commrs*, 893 F.3d

[4] A copy of the Senate Report is in the Appendix to the State's memorandum in support of its motion to remand. Dkt. 8 at 21-31. Tellingly, the United States entirely ignores the Report, even though federal and state courts routinely rely upon it in cases such as this one.

578 at 595, and any suggestion here that the McCarran Amendment requires Idaho to adhere to Nevada water law—or any water law except Idaho's—is clearly wrong.

Like most Western States (including Nevada), Idaho uses a "two-step" system to adjudicate and administer water rights. Dkt. 8 at 14-15. A state court adjudicates the water rights, which determines how they will be administered. *Id.*; I.C. §§ 42-1401, 42-1401A(5). Executive or administrative officials handle day-to-day distribution of water, in accordance with the court's decree and subject to judicial review. I.C. §§ 42-1413(2); 42-1701A(4); *see* Nev. Rev. Stat. 533.220.[5]

This common system ensures water is distributed according to decreed priorities without undue delay, Dkt. 8 at 14; Dkt. 10 at 6-7, and avoids having courts exercise executive or administrative powers. *In re SRBA Case No. 39576*, 128 Idaho 246, 262, 912 P.2d 614, 630 (1995); *Jahn v. Sixth Jud. Dist. Ct. in & for Humboldt Cnty.*, 73 P.2d 499, 502 (1937). The United States cites no authority for its contention that Idaho's version of this system is unconstitutional. Dkt. 19 at 21. Its contention should be rejected.

### III. The McCarran Amendment Does Not Require That Decreed Water Rights Be Administered Through Separate "Suits."

The United States also argues that the McCarran Amendment's waiver of sovereign immunity for "administration" of decreed water rights is limited to comprehensive "suits" that join all water right holders on the system. Dkt. 6 at 2, 9-

[5] The US's contention that the Director administers water rights "independently," Dkt. 6 at 20, is wrong: the Director must administer water rights in accordance with the *Final Unified Decree* and Idaho water law, and orders are subject to judicial review. The Twin Falls District Court presides over such proceedings. Dkt. 9-3.

13, 16-17, 19-20. This argument fails because the SRBA *is* the requisite "suit."

The SRBA is an action under chapter 14, title 42 of the Idaho Code for the "adjudication" of all water rights arising "under state or *federal* law" in Idaho's Snake River basin, "*and for the administration of such rights.*" Dkt. 1-5 at 6; Dkt. 9-1 at 3; I.C. § 42-1401A(5) (italics added). The McCarran Amendment thus waived any argument that the United States "is not amenable" to Idaho water law "by reason of its sovereignty," and makes the United States fully "subject" to the *Final Unified Decree*. 43 U.S.C. § 666(a). The *Final Unified Decree* requires decreed water rights to be administered in accordance with Idaho water law, Dkt. 1-5 at 13, and under Idaho law the Director distributes water according to decreed priorities and the Idaho Code. I.C. § 42-1413(2); *see also* I.C. § 42-5224(3) (authorizing contracts between groundwater districts and the United States).

The United States provides no support for its unreasonable argument the McCarran Amendment nonetheless requires filing a *new* "suit" via a "complaint" that joins *all* water right holders on the previously-adjudicated system before the rights can be administered. Dkt. 6 at 2, 9-13, 16-17, 19-20. This theory is simply the United States' latest attempt to limit the McCarran Amendment by proposing a "technical" interpretation that is contrary to its language and purpose. *Idaho,* 508 U.S. at 7.[6]

A requirement to file a new lawsuit that joins all water right holders on a

[6] While waivers of sovereign immunity are generally construed in the US's favor, Dkt. 6 at 8, that rule has limited application here because "the McCarran Amendment is a virtually unique federal statute, and [a court] cannot in this context be guided by general propositions." *Arizona v. San Carlos Apache Tribe of Arizona*, 463 U.S. 545, 571 (1983).

previously-adjudicated river system every time a question of priority administration arises would be "unworkable". *In re SRBA Case No. 39576*, 128 Idaho at 262, 912 P.2d at 630. It would also be unnecessary. Once all water rights have been adjudicated, "[n]early any proceeding to administer water rights will by necessity consider only a fragment of a particular river system." *Fed. Youth Ctr.*, 575 P.2d at 401 n.5. Congress was clearly aware of all this when it enacted the McCarran Amendment. *See generally* Dkt. 8 at 22-28 (Senate Report explaining the McCarran Amendment). The United States' attempt to return water administration to the bygone era of administration-by-lawsuit would "result in a throw-back to the conditions that brought about the enactment of the statutory water laws" in the first place. Dkt. 8 at 26.

Finally, the *SRBA Motion* falls within the McCarran Amendment even under the United States' incorrect theory that administration can only take place through a "suit." In *U.S. v. Hennen*, 300 F. Supp. 256 (D. Nev. 1968), the court determined that a "motion" for administration filed in the adjudication court years after the water rights had been decreed constituted a "suit" for administration. *Id.* at 258-59, 261-65. The same reasoning applies here.

## IV. The *SRBA Motion* Presents a Justiciable Water Right Dispute That Can and Must Be Resolved in SRBA Proceedings.

Any argument that the Twin Falls District Court lacks jurisdiction misstates the record, the law, and SRBA procedures and should be disregarded.

### a. The State is a Party to the SRBA and Subcase 34-10901.

The record belies the argument that the State lacks standing because it was not a "party" to Subcase 34-10901. Dkt. 6 at 2, 10-11. A "subcase" is an SRBA

proceeding and the State is a named party to the SRBA. Dkt. 9-1 at 1; I.C. § 42-1401C. The State is also a party to Subcase 34-10901 because it is a party to the 1990 Agreement, which cleared the way to decree the DOE Water Right. Dkts. 1-2, 1-3, 1-4. As such, the Twin Falls District Court specifically recognized the State as a "party" when asking for comments in the 2003 hearing on whether the DOE Water Right should be decreed *nunc pro tunc*. Dkt. 9-8 at 4; Dkt. 8 at 16 & n.9.

**b. The Twin Falls District Court Has Jurisdiction in This Case.**

The U.S. incorrectly argues the Twin Falls District Court's jurisdiction over the DOE Water Right "terminated" when the *Partial Decree*, Dkt.1-1 at 44, was issued in Subcase 34-10901. Dkt. 6 at 2, 12. The Twin Falls District Court does not simply issue partial decrees in the SRBA. It also makes all determinations necessary "for the administration of such rights." Dkt. 1-5 at 6; I.C. § 42-1401A(5). The reserved "issue of administration" of the DOE Water Right is within the Twin Falls District Court's retained jurisdiction. Dkt. 1-5 at 13. Motions can be filed in a subcase after entry of a partial decree and issuance of the *Final Unified Decree*. Dkts. 8 at 16 n.8; 9-6; 9-7.

The United States' reliance on *Walker v. Big Lost River Irr. Dist.*, 124 Idaho 78, 856 P.2d 868 (1993), is also misplaced. Dkt. 6 at 12. That decision was issued eleven years before entry of the *Final Unified Decree* – without the benefit of knowing the court retained jurisdiction. Also, the decision did not hold that the Twin Falls District Court cannot retain jurisdiction over issues related to the water rights once decreed. Dkt. 1-5 at 13; *Walker*, 124 Idaho at 81, 856 P.2d at 871.

The record also belies the United States' characterization of the *SRBA Motion*

as a “new dispute” that raises “second-order” questions only “tangentially” related to the DOE Water Right. Dkt. 6 at 12, 13, 15-17. The *SRBA Motion* expressly addresses the “issue of administration” of the DOE Water Right that arose in the SRBA and was reserved in the SRBA. Dkt. 1-1 at 14-15, 21-27. It was the *United States* that raised this issue in IDWR’s *delivery call* proceeding. Dkt. 1-7 at 2-9. The United States previously conceded that “administration includes ‘delivery calls,’” and “[t]o administer the United States water rights under the SRBA means to enforce those rights in priority relative to other SRBA rights.” Dkt. 9-10 at 3-4. The United States’ new claim that this dispute is only tangentially related to administration of the DOE Water Right pursuant to the *Final Unified Decree* is contrary to the record and the United States’ previous representations to this Court. *Id.*

Further, in the SRBA, the Twin Falls District Court must make all determinations necessary for the administration of decreed water rights by the Director, including rights arising under federal law. Dkt. 1-5 at 6, I.C. §§ 42-1401(4), 42-1401A(5), 42-1413(2). The Twin Falls District Court never surrendered its jurisdiction over the reserved “issue of administration” to IDWR (or to any other court), and retains jurisdiction to resolve “any issues” falling outside IDWR’s purview. Dkt. 1-5 at 13. There is no merit in the claim that the *SRBA Motion* is not justiciable or falls outside the scope of the SRBA and the Twin Falls District Court’s jurisdiction.

**c. The Twin Falls District Court Has Jurisdiction to Resolve Any Constitutional Issues That Arise in SRBA Proceedings.**

The United States’ contention that the Twin Falls District Court’s jurisdiction “never extended” to constitutional questions, Dkt. 2, 14, is contrary to federal and

state law. State courts are "presume[d] to be courts of general jurisdiction until proven otherwise," *Gila River Indian Cmty. v. Schoubroek*, 145 F.4th 1058, 1070 (9th Cir. 2025), and "competent" to apply federal law. *McKesson v. Doe*, 592 U.S. 1, 5 (2020). As an Idaho district court, the Twin Falls District Court has "original jurisdiction in *all cases*." *Allen v. Campbell*, 169 Idaho 613, 618, 499 P.3d 1103, 1108 (2021) (italics in original); *see* IDAHO CONST. art. V, § 20 (same). The SRBA is no exception. *In re SRBA Case No. 39576*, 128 Idaho 246, 258-59, 912 P.2d 614, 626-27 (1995). This includes jurisdiction to consider constitutional questions, including "[p]assing on the constitutionality of statutory enactments" which "is a fundamental responsibility of the judiciary." *Id*. at 254, 912 P.2d at 622.

The Idaho Supreme Court made all this clear after the Twin Falls District Court *had* "review[ed] the constitutionality of legislation enacted subsequent to [the SRBA]." Dkt. 6 at 14; *In re SRBA Case No. 39576*, 128 Idaho at 252-53, 912 P.2d at 620-21. The court presiding over an Idaho general adjudication *must* address any questions of federal law arising in the course of adjudicating water rights and determining how they are to be administered. I.C. §§ 42-1401(4), 42-1401A(5), 42-1402, 42-1411A. The Twin Falls District Court is a court of general jurisdiction and can rule on constitutional issues in the SRBA.

**d. The Twin Falls District Court Has Jurisdiction Over Declaratory Judgment Proceedings.**

The United States argues it is an "open question" whether the Twin Falls District Court's jurisdiction "extends" to issuing a declaratory judgment on an issue not "directly related to adjudicating water rights." Dkt. 6 at 13. This is also incorrect

because the Twin Falls District Court has original jurisdiction in *all* cases, *including* the SRBA. Further, the SRBA is *not* limited to "adjudicating water rights." *Id.* It also encompasses "the administration of such rights." Dkt. 1-5 at 6, I.C. § 42-1401A(5).

The United States' reliance on *In re SRBA Case No. 39576*, 127 Idaho 688, 905 P.2d 89 (1995), is misplaced. That decision simply held that two canal companies "may not pursue *their* action for declaratory judgment" against IDWR within the SRBA because *IDWR* is not a party to SRBA. *Id.,* 127 Idaho at 689, 905 P.2d at 90 (italics added). This limited ruling does not imply an "open question" as to whether *any* declaratory judgment action may be heard in the SRBA. Dkt. 6 at 13.

**CONCLUSION**

The State reserves all its argument that the *SRBA Motion*, Dkt. 1-1 at 7, should be remanded for decision on the merits. Dkts. 7, 8. Should this Court retain the *SRBA Motion*, however, the State respectfully requests that this Court grant the Motion, in its entirety, for the reasons discussed above and in the State's memorandum in support of the *SRBA Motion*, which is incorporated herein by reference. Dkt. 1-1 at 10-36.

Respectfully submitted this 28th day of September, 2026.

/s/ Michael C. Orr

Joy M. Vega
Michael C. Orr
Deputy Attorneys General
Energy and Natural Resources Division
Office of the Attorney General
State of Idaho
*Attorneys for the State of Idaho*